UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Jane Doe, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Bank of America, N.A.

Defendant.

Case No.: 1:25-cv-08520

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JANE DOE'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

Plaintiff, Jane Doe, by her undersigned attorneys, respectfully submits this memorandum of law in support of her motion for leave to proceed anonymously.

**INTRODUCTION**

This lawsuit arises out of Defendant's facilitation of Jeffrey Epstein's sex-trafficking operation which culminated in the years-long sexual abuse of Jane Doe at the hands of Epstein. Releasing Jane Doe's name to the public will expose some of her darkest moments and tie those moments to her name in perpetuity. Using her real name in this litigation, therefore, would cause her significant harm and distress, and would inhibit her ability to heal. For these and similar reasons, other courts have allowed sexual assault and sex-trafficking victims, including victims of Epstein, to proceed anonymously in numerous cases. *See, e.g.*, *Doe 1 v. Deutsche Bank Aktiengesellschaft et al.*, No. 22 Civ. 10018 (S.D.N.Y. Dec. 5, 2022), Dkt. 28; *Doe 1 v. JP Morgan Chase & Co.*, No. 22 Civ. 10019 (S.D.N.Y Dec. 8, 2022), Dkt. 22; *Doe 1000 v. Indyke et al.*, No. 19 Civ. 10577 (S.D.N.Y. Jan. 24, 2020), Dkt. 23; *Doe 17 v. Indyke et al.*, No. 19 Civ. 9610

(S.D.N.Y. Nov. 8, 2019), Dkt. 30; *Doe v. Darren K. Indyke, et al.*, No. 19 Civ. 7771 (S.D.N.Y. Sept. 12, 2019), Dkt. 28; *Doe 43 v. Epstein et al.*, No. 17 Civ. 616 (S.D.N.Y. Apr. 5, 2017), Dkt. 28; *Doe No. 103 v. Epstein*, No. 10 Civ. 80309 (S.D. Fla. Mar. 9, 2010), Dkt. 5; *Doe v. Epstein*, No. 08 Civ. 80119 (S.D. Fla. Aug. 7, 2009), Dkt. 253; *Doe v. Epstein*, No. 08 Civ. 80893 (S.D. Fla. Oct. 6, 2008), Dkt. 15 at 2–3.

Epstein's sex-trafficking enterprise has become highly publicized. The egregiousness of his crimes, his escape from proportionate punishment—Epstein entered into a Non-Prosecution Agreement with the U.S. Attorney for the Southern District of Florida in 2008 and died in prison after the U.S. Attorney for the Southern District of New York indicted him for federal sex-trafficking crimes in July 2019—and the recent attention after his death in prison, the guilty verdict against his co-conspirator Ghislaine Maxwell, and his association with some of the wealthiest and most powerful people in the world, has made his case one of public fascination. The names of the victims who have come forward against Epstein thus far have been widely publicized and discussed by the media. Jane Doe should therefore be permitted to proceed anonymously in this litigation.

**ARGUMENT**

Although Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties," the Second Circuit has recognized that the use of a pseudonym is appropriate in certain circumstances. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). In determining whether to grant a motion for leave to proceed anonymously, "the [plaintiff's] interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The Second Circuit has "note[d] with approval" the following list of ten non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (cleaned up). Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. Taking those factors into account, Jane Doe's interest in anonymity substantially outweighs both the public interest in disclosure and potential prejudice to Defendant, if any, and she should be allowed to proceed as Jane Doe in this case.

## I. Plaintiff's Interest in Anonymity Favors Allowing Her to Proceed as Jane Doe.

The first three factors of the Second Circuit's test weigh heavily in favor of Jane Doe proceeding anonymously. The first factor is "whether the litigation involves matters that are highly sensitive and of a personal nature." *Id.* at 190 (cleaned up). "[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see also Doe v. Kimmel*, 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024). Jane Doe's allegations of sexual assault and abuse could not be more sensitive. She alleges that Jeffrey Epstein sexually trafficked, abused, and exploited her for years in a humiliating and

degrading manner. *See* Compl. ¶¶ 43–68. Those were some of the most sensitive, degrading, and painful moments of Jane Doe's life, warranting anonymity in this case. If necessary, Plaintiff is also prepared to submit an expert declaration demonstrating her need to proceed anonymously.

The second factor, "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously," *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up), also weighs in favor of Jane Doe proceeding anonymously. The identification of Jane Doe in this matter would create a serious risk of retaliation. Epstein's vast wealth and far-reaching connections make it clear that retaliation could be employed against individuals pursuing claims against individuals affiliated with him. In addition to exposing Plaintiff to physical or psychological harm, retaliation could also silence potential witnesses from coming forward. The second factor therefore weighs in favor of allowing Jane Doe to proceed anonymously.

The third factor, "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," *id.* at 190 (internal quotation marks and citation omitted), also weighs in favor of anonymity. Exposing Jane Doe's identity would cause her precisely the injuries for which she is seeking redress in this case: extreme emotional distress, psychological trauma, pain and suffering. *See e.g.* Compl. ¶¶ 155, 171, 207, 222. Further, unlike most sexual assault cases, Epstein's crimes and victims have been the subject of an extraordinary amount of media attention, and many of his victims have been heavily scrutinized by the public. There is no reason to believe that Jane Doe would be subject to any less scrutiny than the women who have already spoken out against Epstein if she were to proceed under her real name. Such scrutiny would have both personal and professional consequences for Jane Doe. Her relationships would suffer. And as for her career, Jane Doe has significant concern that the public scrutiny could cause

her professional harm. This weighs further in favor of anonymity. *See Doe v. Cruz*, 2024 WL 1465928, at *2 (S.D.N.Y. Apr. 4, 2024) (granting motion to proceed anonymously where, in addition to mental and emotional harm, the plaintiff would suffer "professional and reputational harm").

**II. Defendant Will Not Suffer Any Prejudice if Plaintiff Proceeds as Jane Doe.**

The sixth factor of the Second Circuit's test for deciding whether to grant a motion for leave to appear anonymously is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. "Specifically, courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003).

Jane Doe proceeding anonymously in this matter will have little effect on Defendant's reputation. Epstein's crimes have been widely publicized, as has his modus operandi of recruiting and sexually abusing young, vulnerable women by offering to pay them for massages turned into unwelcome sexual encounters.

With respect to difficulties in conducting discovery to investigate Jane Doe's claims, Jane Doe is willing to cooperate with Defendant to ensure that it could effectively conduct discovery and defend against Jane Doe's claims. There would therefore be little to no prejudice to Defendant if Jane Doe were to remain anonymous.

Jane Doe has also remained anonymous since Epstein abused her, which favors anonymity under the Second Circuit's seventh factor: "whether the [plaintiff's] identity has thus far been kept

confidential." *See Sealed Plaintiff*, 537 F.3d at 190. Until filing this Complaint, she has never spoken out against Epstein. Nor are the details in the Complaint unique enough to make her identity discernible to the public or Epstein's cohorts; unfortunately, countless victims have stories that are extremely similar to hers. This is therefore not a case in which a plaintiff attempts to gain an advantage by making accusations to the media, but then shields her name in court. *Compare Doe v. Black*, 2023 WL 5334642, at *2 (S.D.N.Y. Aug. 18, 2023) (granting motion for leave to proceed anonymously when "Plaintiff has not spoken publicly about the incidents that underly the cause of action in the Complaint"), and *Doe v. Bedford Cent. Sch. Dist.*, 2019 WL 493819, at *1 (S.D.N.Y. Feb. 8, 2019) (granting motion for leave to proceed anonymously when "the Court is persuaded plaintiffs have not discussed their claims publicly or in the media"), with *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying motion for leave to proceed anonymously where the plaintiff was accusing a high profile person of sexual assault and "the press [had] known [the plaintiff's] name for some time").

## III. The Public Has Little to No Interest in Disclosure of Plaintiff's Name.

The eighth and ninth factors of the Second Circuit's test for deciding whether to grant a motion for leave to appear anonymously ask the court to weigh the public's interest in disclosure of the plaintiff's identity. *See Sealed Plaintiff*, 537 F.3d at 190. Those factors weigh in favor of allowing Jane Doe to proceed anonymously here. Epstein had many victims. A memorandum published on July 6, 2025 by the Federal Bureau of Investigation suggests that "Epstein harmed over one thousand victims." *See United States v. Epstein*, 1:19-cr-00490-RMB, Dkt. 63 at 4 (citing DOJ & FBI Memo. at 1). Although the public has an interest in Epstein's life and crimes generally, the identity of Jane Doe is of no particular importance to the public. Jane Doe is not a public figure, and she had never spoken out against Epstein or his co-conspirators before filing this

lawsuit. The public's interest in this case is therefore not in Jane Doe's identity, but rather in the crimes Epstein committed against Jane Doe and countless other victims.

In fact, the public interest would be better served by protecting Jane Doe's identity. "[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195; *see also* N.Y. Civ. Rights Law § 50-b (McKinney 2019) (shielding sex-abuse victims from identification in, among other things, any "police report, court file, or other document"). Coming forward with allegations of sexual assault is already extremely difficult for many survivors. *See* Cameron Kimble, *Sexual Assault Remains Dramatically Underreported*, Brennan Center for Justice (Oct. 4, 2018), https://www.brennancenter.org/our-work/analysis-opinion/sexual-assault-remains-dramatically-underreported ("Sexual assault survivors struggle with a wide range of emotions that make coming forward difficult: fear of revictimization, distortion of allegations, and generally not being believed."). Keeping Jane Doe's name from the public will ensure that media scrutiny of her story will not deter other Epstein victims from sharing their own experiences.

## IV. There Are No Adequate Alternatives for Protecting Jane Doe's Confidentiality.

The final factor is whether there are alternative mechanisms for protecting the plaintiff's identity. *Sealed Plaintiff*, 537 F.3d at 190. In this case, anything less than full protection of Jane Doe's identity would exacerbate the harms that Jane Doe has already suffered due to the conduct described in the Complaint. There is no adequate alternative mechanism for protecting her confidentiality. Jane Doe should therefore be granted leave to proceed anonymously in this case. *See Doe v. DNA Diagnostics Ctr. LLC*, 2025 BL 217056, at *10 (S.D.N.Y. June 18, 2025) (granting leave to proceed pseudonymously where "there is no clear alternative that addresses Plaintiff's concerns without allowing her to proceed under a pseudonym").

## CONCLUSION

For the foregoing reasons, Jane Doe respectfully requests that the Court grant her motion to proceed anonymously.

Dated: October 15, 2025

Respectfully submitted,

*/s/ David Boies*

David Boies
Boies Schiller Flexner LLP
55 Hudson Yards, 20th Floor
New York, NY
(212) 446-2300
dboies@bsfllp.com

Sigrid S. McCawley
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
(954) 356-0011
smccawley@bsfllp.com

Bradley J. Edwards
Brittany N. Henderson
Edwards Henderson
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
(954) 524-2820
brad@cvlf.com
brittany@cvlf.com