UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jane Doe, individually and on behalf of all similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>Bank of America, N.A.,<br><br>      Defendant. | Case No. 25-cv-8520 (JSR) |
| Jane Doe, individually and on behalf of all similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>The Bank of New York Mellon Corp.,<br><br>      Defendant. | Case No. 25-cv-8525 (JSR) |

**BANK OF AMERICA, N.A.'s REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

December 8, 2025

Bethany K. Biesenthal
Paula S. Quist
Shea F. Spreyer
Carol T. Li
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
(312) 782-3939

Charlotte H. Taylor
JONES DAY
51 Louisiana Ave, N.W.
Washington, DC 20001
(202) 879-3939

Amanda L. Dollinger
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939

*Counsel for Bank of America, N.A.*

## TABLE OF CONTENTS

Page

I. The Opposition's reliance on material outside the Complaint is improper. ...................... 1

    A. This Court's review is limited to the four corners of the Complaint. .................... 1

    B. The Opposition's reliance on these materials is misleading and insufficient. ........................................................................................................ 2

II. The TVPRA claims should be dismissed............................................................................. 3

    A. Counts II and III have been abandoned. ............................................................... 3

    B. A participation claim cannot survive under any standard..................................... 4

    C. The obstruction claim is unsupported. .................................................................. 8

III. The negligence claims likewise fail. .................................................................................... 9

    A. No tolling principle applies.................................................................................... 9

    B. Plaintiff has failed to plead duty and causation. .................................................. 10

CONCLUSION.............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abhyankar v. JPMorgan Chase, N.A.*,
   2020 WL 4001661 (S.D.N.Y. July 15, 2020) ................................................................10

*Aegis Ins. Servs. v. 7 World Trade Co.*,
   737 F.3d 166 (2d Cir. 2013) ..........................................................................................10

*Bensky v. Indyke*,
   743 F. Supp. 3d 586 (S.D.N.Y. 2024) .............................................................................4

*C.S. v. Wyndham Hotels & Resorts, Inc.*,
   538 F. Supp. 3d 1284 (M.D. Fla. 2021) ..........................................................................6

*City of Almaty v. Sater*,
   503 F. Supp. 3d 51 (S.D.N.Y. 2020) ...............................................................................9

*Conforti v. Sunbelt Rentals, Inc.*,
   201 F. Supp. 3d 278 (E.D.N.Y. 2016) .............................................................................1

*Ditullio v. Boehm*,
   662 F.3d 1091 (9th Cir. 2011) ........................................................................................5

*Doe #1 v. Red Roof Inns, Inc.*,
   21 F.4th 714 (11th Cir. 2021) .....................................................................................6, 7

*Doe 1 v. Deutsche Bank*,
   671 F. Supp. 3d 387 (S.D.N.Y. 2023) ........................................................... 2, 6, 7, 8, 10

*Doe v. G6 Hosp., LLC*,
   2025 WL 1167550 (W.D. Wash. Apr. 22, 2025) .............................................................9

*Does 1-6 v. Reddit, Inc.*,
   51 F.4th 1137 (9th Cir. 2022) .........................................................................................6

*EEOC v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014) ............................................................................................9

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) .............................................................................6

## TABLE OF AUTHORITIES

Page(s)

*Hsueh v. Bank of New York*,
  2006 WL 2778858 (S.D.N.Y. Sept. 26, 2006) (Rakoff, J.) ........................................................1

*Hu v. City of N.Y.*,
  927 F.3d 81 (2d Cir. 2019) ........................................................................................................1

*J.L. v. Best W. Int'l, Inc.*,
  521 F. Supp. 3d 1048 (D. Colo. 2021) ......................................................................................6

*Johnson v. Levy*,
  2012 WL 3580236 (E.D.N.Y. Aug. 17, 2012) ..........................................................................2

*Kolstad v. Am. Dental Ass'n*,
  527 U.S. 526 (1999) ..................................................................................................................5

*Levin v. Sarah Lawrence Coll.*,
  747 F. Supp. 3d 645 (S.D.N.Y. 2024), *aff'd*, 579 F. App'x 7 (2d Cir. 2014) ...........................9

*Lively v. WAFRA Invest. Adv. Grp.*,
  6 F.4th 293 (2d Cir. 2021) ........................................................................................................4

*Marcy C. v. MGM Resorts Int'l*,
  2025 WL 3187434 (D. Nev. Nov. 13, 2025) .............................................................................8

*Nat'l R.R. Passenger Corp. v. Morgan*,
  536 U.S. 101 (2002) ................................................................................................................10

*O'Brien v. Nat'l Prop. Analysts Partners*,
  719 F. Supp. 222 (S.D.N.Y. 1989) ...........................................................................................2

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
  2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014) ..........................................................................3

*S.Y. v. Naples Hotel Co.*,
  476 F. Supp. 3d 1251 (M.D. Fla. 2020) ....................................................................................6

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
  547 F.3d 406 (2d Cir. 2008) ......................................................................................................2

## TABLE OF AUTHORITIES

**Page(s)**

**STATUTES**

18 U.S.C. § 1591 ............................................................................................... 1, 4, 5, 6, 8

18 U.S.C. § 1595 ............................................................................................................ 4, 5

**RULES**

Fed. R. Civ. P. 6 ................................................................................................................ 2

Fed. R. Civ. P. 12 .............................................................................................................. 1

**OTHER AUTHORITIES**

U.S. S. Comm. on Finance, Memorandum to Sen. Wyden (Nov. 19, 2025),
    https://tinyurl.com/58y6rnez ....................................................................................... 3

Plaintiff's Opposition to Bank of America's Motion to Dismiss is badly confused. On the facts, it cites more materials *outside* the Complaint than allegations *within* it, impermissibly expanding the Rule 12(b)(6) inquiry. Worse, the Opposition misrepresents the extra-complaint materials upon which it relies. And it nowhere explains how the boilerplate allegations in the Complaint state plausible claims under the TVPRA and state-law negligence. On the law, the Opposition abandons two of the TVPRA claims (direct criminal perpetrator and aiding-and-abetting) and ignores the distinction between a criminal participant claim under § 1591(a)(2) and a civil participant claim under § 1595(a). The Opposition misconstrues applicable TVPRA and negligence caselaw. And it invents a tolling principle untethered to any applicable authority.

The last lines of the Opposition are telling: "Any deficiencies in Plaintiff's Doe's allegations could be cured in an amended complaint." But Plaintiff missed the deadline to amend her pleading; she cannot do so now through briefing. This Court should dismiss the Complaint.

## I. The Opposition's reliance on material outside the Complaint is improper.

### A. This Court's review is limited to the four corners of the Complaint.

"[I]n deciding a motion to dismiss, the Court must limit its analysis to the four corners of the complaint." *Hsueh v. Bank of New York*, 2006 WL 2778858, at *2 (S.D.N.Y. Sept. 26, 2006) (Rakoff, J.) (internal quotation marks omitted). Relying on outside materials—unless incorporated by reference in the complaint or a matter of which the court may take judicial notice—is improper. *Hu v. City of N.Y.*, 927 F.3d 81, 88 (2d Cir. 2019). Discovery materials offered "for the sole purpose of withstanding the Defendants' motion to dismiss" are no exception. *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 290 (E.D.N.Y. 2016).

Here, the Opposition relies on news articles, the Bank's discovery responses, and testimony in another case to bolster Plaintiff's claims. But the authorities the Opposition cites (at 3 n.3) confirm that under Rule 12(b)(6), courts may only "take judicial notice of the *fact* that press

1

coverage … contained certain information" if they do so "*without regard for the truth of their contents.*" *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (emphasis added). Courts also cannot, on a 12(b)(6) motion, "consider [] deposition transcripts [or discovery responses] for the truth of the matter asserted … [or] accept the statements in the deposition transcripts [or discovery responses] over the facts asserted in the complaint." *Johnson v. Levy*, 2012 WL 3580236, at *8 (E.D.N.Y. Aug. 17, 2012).

If Plaintiff wished to amend her Complaint, she was free to do so as of right before the Court's November 26 deadline, Dkt. 28, or with leave after that deadline upon showing "excusable neglect" and "good cause," Fed. R. Civ. P. 6(b)(1)(B). But she cannot amend the Complaint in an "opposition to a motion to dismiss." *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). The Court should not consider any extra-complaint material.

### B. The Opposition's reliance on these materials is misleading and insufficient.

As Bank of America established (Mot. 11-20, 23-25), no claim lies where the defendant provided routine services that allegedly facilitated sex trafficking. None of the Opposition's improperly cited materials indicate the tailored support for a sex trafficking venture that this Court found sufficient in *Doe 1 v. Deutsche Bank*, 671 F. Supp. 3d 387, 397-408 (S.D.N.Y. 2023).

*First*, the Opposition ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████.

2

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

*Third*, the Opposition points to accounts held by Ghislaine Maxwell and cites (at 5, 9) a U.S. Senate memorandum—which cites an expert report from another case—detailing payments from Epstein to Maxwell.  U.S. S. Comm. on Finance, Memorandum to Sen. Wyden at 2, 17-18 (Nov. 19, 2025), https://tinyurl.com/58y6rnez (citing June 16, 2023 expert report of forensic accountant).  Even if the Court follows this daisy chain of improper sources, none alleges payments via *Bank of America*. *See id.*  And ████████████████████████████████████ ████████████████████████████████ the Opposition says (at 5, 13) Maxwell's link to Epstein's trafficking was first publicly reported ████████████████████████████

At any rate, in the actual Complaint: there is no claim Bank of America provided special services to Epstein (or any associate); no specific allegations as to how Maxwell's, Black's, or Doe's account was used to further a sex-trafficking venture; no allegations Bank of America customers were wiring funds to any then-known Epstein conspirators; and no allegations Bank of America provided unusual sums of cash to Epstein or his associates or helped them structure cash withdrawals to avoid detection.  That is insufficient to state a TVPRA or negligence claim.

**II.     The TVPRA claims should be dismissed.**

To try to salvage the TVPRA claims, the Opposition misstates the legal standards.

**A.     Counts II and III have been abandoned.**

First off, Plaintiff has abandoned two of her claims.  On a motion to dismiss, "a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."  *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014).  The Opposition admits (at 16 n.14) that the "TVPA [direct] perpetrator

3

liability and aiding-and-abetting" claims are deficient. Nevertheless, the Opposition argues (at 16 n.14) that they "should survive because the Complaint plausibly alleges at least one form of liability." That is wrong; a plaintiff cannot save a deficient count in a complaint by gesturing at a *separate* count; she must plausibly plead all "[t]he essential elements" of each "claim." *Lively v. WAFRA Invest. Adv. Grp.*, 6 F.4th 293, 303 (2d Cir. 2021). Counts II and III should be dismissed.[1]

### B.    A participation claim cannot survive under any standard.

As Bank of America has explained (at 1, 6-7), 18 U.S.C. § 1595 provides a civil cause of action for a "victim of a violation of this chapter" against both a "perpetrator" of sex trafficking and "whoever knowingly benefits … from participation in a venture which that person knew or should have known has engaged in an act in violation of [§ 1591(a)]." A § 1595 "perpetrator" claim can be brought against a party who criminally violates *either* § 1591(a)(1), by directly trafficking a person, *or* § 1591(a)(2), by "benefiting … from participation in a venture" that has engaged in sex trafficking. The Opposition admits Plaintiff cannot state a § 1591(a)(1) claim against Bank of America. *Supra* 3-4. So the only possible "perpetrator" claim under § 1595 is through § 1591(a)(2), for criminal participation in a sex-trafficking venture. To be sure, § 1595 *also* establishes civil liability for participation in a sex-trafficking venture. But criminal and civil "participation" claims have different standards and different penalties.

**1.** Section 1591(a)(2)—i.e., the criminal "participation" provision—imposes criminal penalties (including up to life imprisonment) on "whoever knowingly benefits, financially" from "participation in a venture." "Participation in a venture" is expressly defined in § 1591(e)(4) as "knowingly assisting, supporting, or facilitating" a criminal "violation of subsection (a)(1)"— which in turn means "knowingly" "harboring" (or the like) a person and causing her to engage in

---

[1] The Opposition relies on *Bensky v. Indyke*, 743 F. Supp. 3d 586 (S.D.N.Y. 2024). To the extent *Bensky* held that a deficient TVPRA claim can be saved by a separate, sufficient one, that is wrong.

4

commercial sex acts while "knowing, or … in reckless disregard of the fact" that "force," "fraud," or "coercion" will be used.  On the other hand, a participant claim under § 1595(a) requires that a defendant (1) "participat[e]" in a "venture," (2) "which that person knew or should have known has engaged in an act in violation of this chapter," and (3) "knowingly benefit, or attempt or conspire to benefit, financially or by receiving anything of value from [its] participation." § 1595(a).  While the provisions share some common phrases, they are not identical.

As the statute's text makes clear, the two provisions have different mens rea requirements for awareness of sex trafficking: "knowing" or "reckless disregard" in § 1591(a)(2) vs. "knew or should have known" in § 1595(a).  They also have arguably different standards for participation in a venture: "knowingly assisting" criminal trafficking in § 1591(a) vs. taking part in a common undertaking involving risk and potential profit in § 1595(a).  Mot. 7-9, 11-12.  These distinctions matter.  For example, assuming punitive damages can be available under § 1595 (*but see Ditullio v. Boehm*, 662 F.3d 1091, 1103-06 (9th Cir. 2011) (Callahan, J., dissenting)), they would require a showing that the defendant *actually knew* or *recklessly disregarded* the plaintiff's trafficking under § 1591(a)(2).  *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 539 (1999).  They would be unavailable for a § 1595(a) "participant claim" where the defendant can be liable if it merely "should have known" its venture trafficked the plaintiff.

**2.**  As Bank of America explained (at 7-11), the Complaint does not plausibly plead that Bank of America violated § 1591(a)(2) because it (a) merely alleges that the Bank provided ordinary banking services for purposes unrelated to sex trafficking, *see, e.g.*, Compl. ¶¶ 59-64 (payments for "rent, payroll, … taxes, [and] immigration purposes"), *id.* ¶ 82 (payment for "tax and estate planning advice"); (b) does not allege Bank of America knowingly assisted Epstein in recruiting, enticing, soliciting, or harboring Plaintiff (or any individual) or otherwise knew he

5

would use force, fraud, or coercion to cause Plaintiff (or any victim) to engage in commercial sex; and (c) does not allege Bank of America knew it received any alleged benefits *because* it was providing banking services that facilitated Epstein's sex trafficking.

The Opposition has no real response. It points (at 8 n.10) to cases about *§ 1595(a)* participation liability and this Court's decision in *Deutsche Bank*, 671 F. Supp. 3d 387. But those do not address the standards under *§ 1591(a)(2)*.[2] The Complaint's conclusory allegations fall well short of § 1591(a)(2) criminal participation. *Supra* 5-6.

**3.** While the standard for civil participation under § 1595(a) is distinct, Plaintiff still does not meet it. As Bank of America explained (at 14-18), at best, the Complaint alleges Bank of America provided ordinary financial services to customers the Bank had no reason to know were connected to Epstein, without receiving any special benefit. That is not enough.

*No participation*. "[P]articipation in a venture" under § 1595(a) requires taking "part in a common undertaking or enterprise involving risk and potential profit." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021). The Opposition admits (at 8) that mere passive facilitation does not meet this test. That means the Complaint fails.

To start, despite Plaintiff's access to her own account statements, neither the Complaint nor the Opposition (at 8-9) detail any transfers from Epstein's accounts to Plaintiff's account tied

---

[2] *See C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1296 (M.D. Fla. 2021) (analyzing whether the "allegations are insufficient to state a claim under [§] 1595(a)"); *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1062 (D. Colo. 2021) ("refus[ing] to apply the definition of 'venture' under the criminal provision of the TVPRA to a civil claim" under § 1595(a)); *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1256 (M.D. Fla. 2020) (same). Likewise, while this Court expressed doubt that a "causal relationship" is required for a knowing benefit, the statute is best read to require one, at a minimum, for § 1591(a)(2) perpetrator liability. *Deutsche Bank*, 671 F. Supp. 3d at 408; *see Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) ("knowingly benefitting from participation in [a § 1591(a)(2)] venture requires actual knowledge and a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit") (citing *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019)).

6

to sex trafficking (as distinct from rent and tax payments and immigration assistance, Compl. ¶¶ 54, 57-66), nor do they explain how any suspicious activity in Plaintiff's account would have alerted Bank of America *to sex trafficking*, Compl. ¶¶ 64-65.  That is not enough.

Next, the Opposition misrepresents the Complaint's allegations.  The Complaint does not allege how the Bank was involved in payments between, or provided special services to, Epstein and his co-conspirators (*contra* Opp. at 9).  Indeed, the Opposition's recitation of the allegations (at 10) in *Deutsche Bank* demonstrate precisely what is lacking here.  There, this Court held that the plaintiff plausibly pleaded participation where a bank allegedly "concealed its delivery of hundreds of thousands of dollars in cash to Epstein and his associates" by willfully failing to file SARs; "structured" 97 cash withdrawals by Epstein's co-conspirators; and knowingly allowed Epstein to use accounts "to send dozens of wires, directly and indirectly, including at least 18 wires [for] $10,000 or more to then known co-conspirators" for sex trafficking.  671 F. Supp. 3d at 406.

The Complaint contains no similar allegations.  The Opposition's remaining attempts to distinguish this case from *Mueller*, *Red Roof Inns*, *Apple*, and *Noble* (where the plaintiffs alleged mere business transactions with traffickers) and to analogize this case to *Ricchio* and *Salesforce* (where the plaintiffs alleged unlawful enterprises involving shared risks and profits with traffickers) fail because the Opposition simply restates allegations that are inadequate, *see* Mot. 12-15.

*No knowledge*.  Bank of America explained (at 16) that § 1595(a)'s "knew or should have known" language is best read to require a defendant's "actual or constructive knowledge that the venture … violated the TVPRA as to the plaintiff."  *Red Roof Inns*, 21 F.4th at 725.  But if this Court disagrees, there are still no allegations that the Bank knew or should have known about "the particular sex-trafficking venture" it allegedly joined.  *Deutsche Bank*, 671 F. Supp. 3d at 406.

The Opposition focuses (at 12-13) on Bank of America's purported knowledge of Epstein's

7

crimes and of Plaintiff's, Black's, and Maxwell's affiliations with Epstein. Even accepting the extra-complaint materials, however (*but see supra* 1-3), Maxwell's ties to Epstein were not publicly known until 2015—███████████████████████████████████████, *supra* 3. The Opposition cites no public reporting on Black's affiliation with Epstein during the relevant time. Further, there is no explanation (at 13) of how the Bank should have known transfers from *Plaintiff's own account* to 301/66 Owners Corp. were used for trafficking. "[T]he TVPRA … does not require a company providing generally available services to investigate its customers to ensure they are not indirectly connected to trafficking." *Mueller*, 777 F. Supp. 3d at 339.

*No benefit*. The "knowingly benefits … from" element, as Bank of America explained (at 18), is best understood to require receipt of a benefit that the defendant knows to be tied to its participation in an unlawful venture. But at the least, Bank of America must still "knowingly benefit[]" "*from*" sex trafficking. *Marcy C. v. MGM Resorts Int'l*, 2025 WL 3187434, at *4 (D. Nev. Nov. 13, 2025) (emphasis added). The Opposition's argument that Bank of America retained Epstein, Maxwell, and Black as clients because it was "more financially valuable" does not mean that Bank of America received a benefit "from" trafficking. It did not.

C. **The obstruction claim is unsupported.**

Bank of America maintains (at 21) that obstruction claims under the TVPRA may only be brought by the government. But even if a civil plaintiff can bring a TVPRA obstruction claim, Plaintiff has failed to plausibly plead one. The Opposition claims (at 15) that "Bank of America knew or should have known of several criminal investigations being pursued in both the Southern District of Florida and this District against Epstein." But the Florida investigation pre-dated 2008, when § 1591(d) was added to the TVPRA without retroactive effect, and Plaintiff does not allege Bank of America knew of the New York investigation before it became public in 2019. Compl. ¶¶ 31, 38-39. Moreover, unlike in *Deutsche Bank*, 671 F. Supp. 3d at 398, 409, there are no

8

allegations that Bank of America employees monitored news reports about Epstein or about what payments should have triggered suspicious activity reports related to his sex-trafficking venture.

### III. The negligence claims likewise fail.

#### A. No tolling principle applies.

The Opposition does not dispute that Plaintiff's negligence claims are facially time-barred. Rather, it contends (at 16-17) dismissal would be "premature" "unless it appears beyond doubt that [Doe] can prove no set of facts supporting tolling." But the "no-set-of-facts" standard no longer applies. *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). Under current precedent, if "the claims are prima facie time-barred, the burden is on plaintiff to plausibly allege" facts to support tolling. *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 659 (S.D.N.Y. 2024) (cleaned up), *aff'd*, 579 F. App'x 7 (2d Cir. 2014). Plaintiff has not done so. Mot. 22-23.

In the alternative, Plaintiff argues (at 18) for equitable estoppel. But the alleged basis (at 18) for this theory—that the Bank "affirmatively concealed its role in Epstein's sex-trafficking operation by failing to timely file required SARs"—overlaps precisely with the merits of the claims. And "[f]or equitable estoppel to apply, 'a plaintiff may not rely on the same act that forms the basis for the claim.'" *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 66 (S.D.N.Y. 2020). Nor does the Opposition (at 18) successfully distinguish Bank of America's cases. While it claims the cases involve "passive concealment," the Opposition (at 18) also relies on "passive conduct."

Finally, the Opposition suggests (at 20) that equitable estoppel can apply because "Epstein and his co-conspirators actively misled her when she questioned irregularities with her account." But equitable estoppel must be predicated on "*the defendant's* affirmative wrongdoing," not the wrongdoing of a third party like Epstein. *Sater*, 503 F. Supp. 3d at 66 (emphasis added).[3]

---

[3] The Opposition gestures (at 20 n.18) at the continuing tort doctrine. Even if that doctrine could apply (it does not, *see Doe v. G6 Hosp., LLC*, 2025 WL 1167550, at *5 (W.D. Wash. Apr. 22,

9

### B. Plaintiff has failed to plead duty and causation.

On the merits, Plaintiff has failed to establish Bank of America owed her a duty to prevent harm by Epstein or that it proximately caused her injuries. Both are fatal shortcomings.

*Duty*. As Bank of America noted (at 24), New York does not impose "an extracontractual duty" on behalf of a bank "to its depositors." *Abhyankar v. JPMorgan Chase, N.A.*, 2020 WL 4001661, at *5 (S.D.N.Y. July 15, 2020). The Opposition gestures at putative class members who may not be Bank of America customers, but does not provide any concrete facts about them. And even if Bank of America owed a duty of care to Plaintiff, she must still allege that the Bank "provide[d] nonroutine services" that "set in motion" forces that would foreseeably harm her. *Deutsche Bank*, 671 F. Supp. 3d at 414. For the reasons already explained (*supra* 5-8 & Mot. 7-18), processing payments for Plaintiff did not plausibly lead to her trafficking.

*Causation*. As the Opposition admits (at 24-25), providing "ordinary banking services" does not establish proximate cause, which "serves to limit, for legal or policy reason, the responsibility of an actor for the consequences of his conduct." *Aegis Ins. Servs. v. 7 World Trade Co.*, 737 F.3d 166, 178 (2d Cir. 2013) (cleaned up). The Opposition argues (at 23) that the Bank was the "but-for cause" of Plaintiff's injuries and it was "highly foreseeable that Bank of America's participation in a sex-trafficking venture would result in injuries," but this mere assertion is not enough. While the Opposition reiterates (at 24) that Bank of America offered "non-routine banking" services, it still never explains what they were.

### CONCLUSION

For the foregoing reasons and the reasons discussed in Bank of America's opening brief, this Court should dismiss the Complaint.

---

2025)), Plaintiff's allegations about various account transactions are "[d]iscrete acts" and thus not subject to the doctrine. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

                                                            Respectfully submitted,

Dated: December 8, 2025

                                                            */s/ Charlotte H. Taylor*

| | |
|---|---|
| Bethany K. Biesenthal | Charlotte H. Taylor |
| Paula S. Quist | JONES DAY |
| Shea F. Spreyer | 51 Louisiana Ave, N.W. |
| Carol T. Li | Washington, D.C. 20001 |
| JONES DAY | (202) 879-3939 |
| 110 North Wacker Drive | ctaylor@jonesday.com |
| Suite 4800 | |
| Chicago, IL 60606 | Amanda L. Dollinger |
| (312) 782-3939 | JONES DAY |
| | 250 Vesey Street |
| | New York, NY 10281 |
| | (212) 326-3939 |

                    *Counsel for Bank of America, N.A.*

## CERTIFICATE OF COMPLIANCE

I, Charlotte H. Taylor, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that the foregoing Memorandum of Law was prepared using Microsoft Word and complies with Rule 2(e) of this Court's Individual Rules and Local Civil Rule 7.1(c).


        */s/ Charlotte H. Taylor*
        Charlotte H. Taylor