UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
JANE DOE, individually and on behalf of all        :
others similarly situated,                          :        Case No. 25-cv-08520-JSR
                                                    :
              Plaintiff,                            :
                                                    :
       v.                                           :
                                                    :
Bank of America, N.A.,                              :
                                                    :
              Defendant.                            :
                                                    X
------------------------------------------------------- 
```

### DEFENDANT BANK OF AMERICA, N.A.'s
### ANSWER TO AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT
### AND STATEMENT OF AFFIRMATIVE DEFENSES

Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel, answers the Amended Complaint filed by Plaintiff Jane Doe ("Plaintiff"). BANA denies each and every allegation in the Amended Complaint, except as specifically herein admitted, qualified, or otherwise answered. Any allegation admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any allegation. To the extent any allegation has been neither admitted nor denied, it is hereby expressly denied. BANA further denies any and all allegations in the headings and subheadings of the Amended Complaint,[1] including the preliminary statement of the Amended Complaint. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer. BANA answers the allegations in the like-numbered paragraphs of the Amended Complaint as follows.

---

[1] BANA has included the headings from the Amended Complaint solely for the convenience of the Court and the parties reviewing the pleadings.

## PRELIMINARY STATEMENT

1.      BANA denies the allegations in the second sentence of paragraph 1.  BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 and, therefore, denies the same.

2.      BANA states that the first sentence of paragraph 2 purports to quote a "Congressional Report" and a July 31, 2025 article in The Independent, cited in footnote one, and an unspecified "document in the Treasury Department's Epstein Files."  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, BANA denies the allegations in paragraph 2.

3.      BANA denies the allegations in paragraph 3.

4.      BANA denies the allegations in the first, second, fourth, fifth, and sixth sentences of paragraph 4.  BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 4 and, therefore, denies the same.

5.      The allegations in paragraph 5 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 5.

6.      BANA states that paragraph 6 purports to quote a letter cited in footnote 2.  BANA respectfully refers the Court to that letter for a complete and accurate recitation of its contents.  BANA admits that it did not produce information in response to the letter referenced in footnote 2.  Except as specifically admitted, BANA denies the allegations in paragraph 6.

a      BANA denies the allegations in subparagraph 6(a).

b      BANA denies the allegations in subparagraph 6(b).

c      BANA denies the allegations in subparagraph 6(c).

d The allegations in subparagraph 6(d) are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in subparagraph 6(d).

e The allegations in subparagraph 6(e) are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in subparagraph 6(e).

f The allegations in subparagraph 6(f) are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in subparagraph 6(f).

g The allegations in subparagraph 6(g) are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in subparagraph 6(g).

h BANA states that MC2 Models Management LLC had a DDA account with BANA during the relevant time period and that Jean Luc Brunel was an authorized signatory of the account.  BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in the first sentence of subparagraph 6(h) and, therefore, denies the same.  BANA denies the remaining allegations in subparagraph 6(h).

i The allegations in subparagraph 6(i) are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in subparagraph 6(i).

j     The allegations in subparagraph 6(j) are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in subparagraph 6(j).

**JURISDICTION, VENUE, AND TIMELINESS**

7.     The allegations in paragraph 7 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that this Court has subject-matter jurisdiction over Plaintiff's federal claims.  BANA further admits that Jane Doe purports to bring this action on behalf of "the other Class Members" under the federal TVPA statute.  BANA denies that Jane Doe is an adequate class representative.  As to the allegations related to Plaintiff's state law claims, no response is required as the Court dismissed those claims in its January 29, 2026 Order.  BANA denies the remaining allegations in paragraph 7.

8.     The allegations in paragraph 8 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in of paragraph 8.

9.     The allegations in paragraph 9 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 10.

11.     BANA denies the allegations in paragraph 11.

12.     BANA denies the allegations in paragraph 12.

13.     BANA denies the allegations in paragraph 13.

14.     Paragraph 14 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

15.     BANA denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 16, and denies the allegations in footnote 3, referred to in paragraph 16.

## PARTIES

17.     BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 17 and, therefore, denies the same.

18.     BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 18 and, therefore, denies the same.

19.     Paragraph 19 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

20.     The allegations in paragraph 20 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 21.

22.     BANA admits that it is a federally chartered financial institution based in Charlotte, North Carolina, and that it operates in this District.  Except as specifically admitted, BANA denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 23.

## THE TRAFFICKING VICTIMS' PROTECTION ACT

24.     The allegations in paragraph 24 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that the Trafficking Victims Protection

Act speaks for itself and denies the allegations in paragraph 24 to the extent they are inconsistent with the same.

25.     The allegations in paragraph 25 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states the statutes cited in paragraph 25 speak for themselves and denies the allegations in paragraph 25 to the extent they are inconsistent with the same.

25(1).  The allegations in subparagraph 25(1) are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that the Trafficking Victims Protection Act and the specific statutes cited in paragraph 25(1) speak for themselves and denies the allegations in subparagraph 25(1) to the extent they are inconsistent with the same.

## FACTUAL ALLEGATIONS

26.     The allegations in paragraph 26 and subparagraphs 26(a)-(c) are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 26 and subparagraphs 26(a)-(c) and, therefore, denies the same.

27.     The allegations in paragraph 27 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 27 and, therefore, denies the same.

28.     The allegations in paragraph 28 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 28 and, therefore, denies the same.

29.    The allegations in paragraph 29 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 29 and, therefore, denies the same.

30.    The allegations in paragraph 30 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 30 and, therefore, denies the same.

31.    The allegations in paragraph 31 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 31 and, therefore, denies the same.

32.    BANA admits that it was publicly reported that Epstein was arrested in 2006 in Florida.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 32 and, therefore, denies the same.

33.    BANA admits that it was publicly reported that in June 2008 Epstein pleaded guilty to two prostitution offenses, was sentenced to 18 months' imprisonment, 12 months' home confinement, and lifetime sex offender status.  BANA admits that it was publicly reported that in 2007, Epstein entered into a non-prosecution agreement with the U.S. Attorney's Office for the Southern District of Florida.  Except as specifically admitted, BANA states that it lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 33 and, therefore, denies the same.

34.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 34 and, therefore, denies the same.

35.    The allegations in paragraph 35 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 35 and, therefore, denies the same.

36.    The allegations in paragraph 36 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 36 and, therefore, denies the same.

37.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 37 and, therefore, denies the same.

38.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 38 and, therefore, denies the same.

39.    BANA admits that Jeffrey Epstein was charged in a sealed indictment with sex trafficking conspiracy and sex-trafficking in the case *United States v. Jeffrey Epstein*, Case No. 1:19-cr-490 (S.D.N.Y.).  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 39 and, therefore, denies the same.

40.    BANA admits that it was reported publicly that Epstein was arrested on July 6, 2019 at Teterboro Airport in New Jersey. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 40 and, therefore, denies the same.

41.    BANA admits that it was publicly reported that on August 10, 2019, Epstein was pronounced dead while being held at Metropolitan Correctional Center. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 41 and, therefore, denies the same.

42.    BANA admits that the U.S. Attorney's Office for the Southern District of New York issued a press release on July 2, 2020 reporting that Ghislaine Maxwell was arrested on that day and charged with enticing a minor to travel to engage in criminal sexual activity, transporting a minor with the intent to engage in criminal sexual activity, conspiracy to commit both of those offenses, and perjury in connection with a sworn deposition.  BANA admits that the second sentence of paragraph 42 purports to characterize the "charges" filed in *United States v. Maxwell*, Case No. 1:20-cr-00330 (S.D.N.Y.).  BANA respectfully refers the Court to the indictment against Maxwell for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 42 and, therefore, denies the same.

43.    BANA admits that the U.S. Attorney's Office for the Southern District of New York issued a press release on June 28, 2022 reporting that Ghislaine Maxwell was sentenced to 240 months in prison after she was found guilty on December 29, 2021 of conspiracy to entice minors to travel to engage in illegal sex acts, conspiracy to transport minors to participate in illegal sex acts, transporting a minor to participate in illegal sex acts, sex trafficking conspiracy, and sex

trafficking of a minor. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 43 and, therefore, denies the same.

44. BANA admits that the allegations in paragraph 44 purport to characterize and summarize the contents of a "Consent Order." BANA respectfully refers the Court to the "Consent Order" for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 44 and, therefore, denies the same.

45. Paragraph 45 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

46. BANA admits that the allegations in paragraph 46 purport to characterize and quote the contents of a letter, cited in footnote 4. BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 46 and, therefore, denies the same.

47. BANA admits that the allegations in paragraph 47 purport to characterize and quote the contents of a letter, cited in footnote 4. BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 47 and, therefore, denies the same.

48. Paragraph 48 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

49.     Paragraph 49 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

50.     Paragraph 50 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

51.     Paragraph 51 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

52.     Paragraph 52 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

53.     BANA denies the allegations in paragraph 53.

54.     BANA admits that the allegations in paragraph 54 purport to characterize the contents of an October 28, 2002 article in New York Magazine.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 and, therefore, denies the same.

55.     BANA admits that the allegations in paragraph 55 purport to characterize the contents of a March 1, 2003 article in Vanity Fair.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 55 and, therefore, denies the same.

56.     BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 56 and, therefore, denies the same.

57.    BANA admits that it was publicly reported that Epstein was arrested on July 23, 2006.

58.    BANA admits that the allegations in paragraph 58 purport to characterize the contents of "police reports," and an article in The Smoking Gun, cited in footnote 16. BANA respectfully refers the Court to these documents for a complete and accurate recitation of their contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 58 and, therefore, denies the same.

59.    BANA admits that the allegations in paragraph 59 purport to characterize the contents of police reports, news articles, and public documents. BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents. Except as specifically admitted, BANA denies the allegations in paragraph 59.

60.    BANA admits that the allegations in paragraph 60 purport to characterize and summarize the contents of an article in the New York Post, cited in footnote 18. BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 60 and, therefore, denies the same.

61.    BANA admits that it was publicly reported that, in 2007, Epstein entered into a Non-Prosecution Agreement with the United States Attorney's Office for the Southern District of Florida. BANA lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 61 and, therefore, denies the same.

62.     BANA admits that the allegations in paragraph 62 purport to characterize and quote the contents of two articles that were published in the New York Post's Page Six, cited in footnote 19, and a "2020 Consent Order," cited in footnote 20.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 62 and, therefore, denies the same.

63.     BANA admits that the allegations in paragraph 63 purport to characterize and quote the contents of an article published in the New York Post's Page Six, cited in footnote 21.  BANA respectfully refers the Court to the article for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 62 and, therefore, denies the same.

64.     BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 64 that "Epstein's primary financial supporter, Les Wexner, abandoned him and terminated his support" of Epstein by 2007 and, therefore, denies the same.  BANA denies the remaining allegations of paragraph 64.

65.     BANA admits that it was publicly reported that, in 2008, Epstein pled guilty to solicitation of prostitution and procuring a minor for prostitution in state court in Florida, and that Epstein was required to publicly register as a sex offender.  Except as specifically admitted, BANA denies the allegations in paragraph 65.

66.     BANA admits that the allegations in paragraph 66 purport to characterize the contents of document(s) associated with "US Attorney's Office in Southern District of Florida Case No 08-80736."  BANA respectfully refers the Court to those documents for a complete and

accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 66 and, therefore, denies the same.

67.    BANA admits that allegations in paragraph 67 purport to characterize the contents of an article published in The Palm Beach Post, cited in footnote 23.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 67 and, therefore, denies the same.

68.    BANA admits that the allegations in paragraph 68 purport to characterize the contents of an article published in The Palm Beach Post, cited in footnote 24.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first and second sentence of paragraph 68.  BANA denies the remaining allegations in paragraph 68.

69.    BANA denies the allegations in paragraph 69.

70.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 70 and, therefore, denies the same.

71.    BANA admits that it was publicly reported that multiple lawsuits were filed against Epstein.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 71 and, therefore, denies the same.

72.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 72 and, therefore, denies the same.

73.     BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 73 and, therefore, denies the same.

74.     BANA admits that the allegations in paragraph 74 purport to characterize the contents of the Complaint in *Jane Doe 102 v. Jeffrey Epstein*, Case No. 09-cv-80656 (S.D. Fla. May 1, 2009), an article from The Palm Beach Daily News, and an article from The Guardian, cited in footnote 25.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 74 and, therefore, denies the same.

75.     BANA admits that the allegations in paragraph 75 purport to characterize the contents of articles, cited in footnote 26. BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 75 and, therefore, denies the same.

76.     BANA admits that the allegations in paragraph 76 purport to characterize the contents of an article from The Daily Beast, cited in footnote 27.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its content.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 76 and, therefore, denies the same.

77.     BANA admits that the allegations in paragraph 77 purport to characterize the contents of an article from the Daily Beast.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA

states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 77 and, therefore, denies the same.

78.     BANA admits that the allegations in paragraph 78 purport to characterize the contents of news articles published in The Daily Beast, cited in footnotes 29 and 30.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 78 and, therefore, denies the same.

79.     BANA admits that the allegations in paragraph 79 purport to characterize and quote the contents of a news article published in The Daily Beast, cited in footnotes 31 and 32. BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 79 and, therefore, denies the same.

80.     BANA admits that the allegations in paragraph 80 purport to characterize and quote the contents of an article published in The Daily Beast, cited in footnote 33.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 80 and, therefore, denies the same.

81.     BANA admits that the allegations in paragraph 81 purport to characterize and quote the contents of an article published in the Palm Beach Daily News, cited in footnote 34.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to

form a belief as to the truth or falsity of the allegations in paragraph 81 and, therefore, denies the same.

82.    BANA admits that the allegations in paragraph 82 purport to characterize the contents of an article published in the New York Post, cited in footnote 35.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 82 and, therefore, denies the same.

83.    BANA admits that the allegations in paragraph 83 purport to characterize the contents of news articles published in The Daily Mail, cited in footnote 36.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 83 and, therefore, denies the same.

84.    BANA admits that the allegations in paragraph 84 purport to characterize and quote the contents of an article published in the Baltic News Service, cited in footnote 37.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 84 and, therefore, denies the same.

85.    The allegations in the second sentence of paragraph 85 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that the Patriot Act speaks for itself and denies the allegations in paragraph 85 to the extent they are inconsistent with the same. ███████████████████████████████████████

███████████████████    Except as specifically admitted, BANA states that it lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations in the first, third, and fourth sentences of paragraph 85 and, therefore, denies the same.

86.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations concerning Epstein's "accounts [that] were onboarded at Deutsche Bank" in the first sentence of paragraph 86 and, therefore, denies the same.  BANA denies the allegations concerning Paul Morris in the first sentence of paragraph 86.  BANA admits that Paul Morris joined Merrill Lynch, Pierce, Fenner & Smith Incorporated, a separate entity from BANA that is not named as a defendant in this lawsuit, in 2016.  BANA admits that Paul Morris communicated with Epstein using an email address with the domain "ml.com" at certain times after Morris was hired by Merrill Lynch, Pierce, Fenner & Smith Incorporated in August 2016. Except as specifically admitted, BANA denies the allegations in paragraph 86.

87.    BANA admits that the allegations in paragraph 87 purport to characterize the contents of news articles published in the Guardian, Page Six, and Politico, cited in footnote 38. BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 87 and, therefore, denies the same.

88.    BANA admits that the allegations in the first sentence of paragraph 88 purport to characterize and quote the contents of the book, *TrafficKing*.  BANA respectfully refers the Court to this book for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA denies the allegations in paragraph 88.

89.    BANA admits that the allegations in the first and second sentences of paragraph 89 purport to characterize and quote the contents of the book *Filthy Rich*.  BANA respectfully refers

the Court to that book for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first and second sentences in paragraph 89 and, therefore, denies the same. BANA denies the allegations in the third sentence of paragraph 89.

90.    BANA admits that the allegations in the first and second sentences of paragraph 90 purport to characterize and quote the complaint in *Jane Doe 43 v. Epstein et al.*, Case No. 17-cv-00616-JGK (S.D.N.Y.), and the third sentence of paragraph 90 purports to characterize the contents of an article published in The Daily Mail, cited in footnote 39. BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first, second, and third sentences of paragraph 90 and, therefore, denies the same. BANA denies the allegations in the fourth sentence of paragraph 90.

91.    BANA admits that the allegations in the first sentence of paragraph 91 purport to characterize the contents of articles published in the Miami Herald, cited in footnote 40. BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents. BANA admits that one or more employees of Bank of America, N.A. or Merrill Lynch, Pierce, Fenner & Smith Incorporated, a separate entity from BANA that is not named as a defendant in this lawsuit, communicated with Epstein and Kahn at various times prior to Epstein's arrest. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 91 and, therefore, denies the same.

92.    BANA denies the allegations in paragraph 92.

93.    BANA admits that Jeffrey Epstein was indicted and arrested in 2019 by the United States Attorney's Office for the Southern District of New York for engaging in sex trafficking conspiracy and sex trafficking.  *See* Sealed Indictment at 1, 11, *United States v. Jeffrey Epstein*, 19-cr-490 (S.D.N.Y. 2019).  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 93 and, therefore, denies the same.

94.    BANA admits that it was publicly reported that on December 29, 2021, Ghislaine Maxwell was convicted of conspiracy to entice minors to travel to engage in illegal sex acts, conspiracy to transport minors to participate in illegal sex acts, transporting a minor to participate in illegal sex acts, sex trafficking conspiracy, and sex trafficking of a minor.  BANA further admits that Ghislaine Maxwell opened one or more accounts at BANA that were closed years before her arrest and conviction.  Except where specifically admitted, BANA denies the allegations in paragraph 94.

95.    The allegations in paragraph 95 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 95.

96.    ███████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████  Except as specifically admitted, BANA denies the allegations in paragraph 96.

97. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████ Except as specifically admitted, BANA denies the

allegations in paragraph 97.

98. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████ Except as specifically admitted, BANA denies the allegations in paragraph 98.

99.     The allegations in paragraph 99 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 99.

100.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 100 and, therefore, denies the same.

101.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 101 and, therefore, denies the same.

102.    BANA admits that the allegations in the first sentence of paragraph 102 purport to characterize the contents of unspecified news articles and public documents. ██████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████ Except as specifically

admitted, BANA denies the allegations in paragraph 102.

103.    BANA states that it lacks sufficient information or knowledge to form a belief as

to the truth or falsity of the allegations in paragraph 103 and, therefore, denies the same.

a    BANA states that it lacks sufficient information or knowledge to form a
belief as to the truth or falsity of the allegations in subparagraph 103(a) and,
therefore, denies the same.

b    BANA states that it lacks sufficient information or knowledge to form a
belief as to the truth or falsity of the allegations in subparagraph 103(b) and,
therefore, denies the same.

c    BANA states that it lacks sufficient information or knowledge to form a
belief as to the truth or falsity of the allegations in subparagraph 103(c) and,
therefore, denies the same.

d    BANA states that it lacks sufficient information or knowledge to form a
belief as to the truth or falsity of the allegations in subparagraph 103(d) and,
therefore, denies the same.

e    BANA states that it lacks sufficient information or knowledge to form a
belief as to the truth or falsity of the allegations in subparagraph 103(e) and,
therefore, denies the same.

104.    ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████

105.    ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████ Except as specifically admitted, BANA denies the allegations in paragraph 105.

106.    BANA admits that the allegations in the first sentence of paragraph 106 purport to characterize the contents of a federal district court case, *Financial Trust Co., Inc. v. CITIBANK NA*, 268 F. Supp. 2d 561 (D.V.I. 2003).  BANA respectfully refers the Court to that case for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 106 and, therefore, denies the same.

107.    BANA admits that the allegations in the first sentence of paragraph 107 purport to characterize and quote the contents of an article published in Bloomberg, cited in footnote 42.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 107 and, therefore, denies the same.

108.    BANA admits that the allegations in paragraph 108 purport to characterize and quote the contents of an article published in the New York Times, cited in footnote 43.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to

form a belief as to the truth or falsity of the allegations in paragraph 108 and, therefore, denies the same.

109.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 109 and, therefore, denies the same.

110.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 110 and, therefore, denies the same.

111.    The allegations in paragraph 111 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 111.

112.    BANA denies the allegations in paragraph 112.

113.    BANA denies the allegations in paragraph 113.

114.    BANA admits that as of 2012, one or more employees of U.S. Trust were informed that Jeffrey Epstein was advising Leon Black's Family Office entity regarding estate and financial planning.  Except as specifically admitted, BANA denies the allegations in paragraph 114.

115.    ███████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████  Except as specifically admitted, BANA denies the allegations in paragraph 115.

116.    BANA admits that paragraph 116 includes a photograph of a document addressed to Leon Black, Debra Black, and Melanie Spinella.  BANA respectfully refers the Court to that document for a complete and accurate recitation of their contents. Except as specifically admitted, BANA denies the allegations in paragraph 116.

117.    BANA admits that as of 2012, one or more employees of U.S. Trust were informed that Jeffrey Epstein was advising Leon Black's Family Office entity regarding estate and financial planning.  Except as specifically admitted, BANA denies the allegations in paragraph 117.

118.    BANA admits that the allegations in paragraph 118 purport to characterize and quote the contents of news articles published in Vanity Fair and Gawker, cited in footnotes 44 and 45.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 118 and, therefore, denies the same.

119.    BANA denies the allegations in paragraph 119.

120.    BANA denies the allegations in paragraph 120.

121.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 121 and, therefore, denies the same.

122.    BANA admits that the allegations in paragraph 122 purport to characterize the contents of news articles published in Vanity Fair, cited in footnotes 46 and 47.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 122 and, therefore, denies the same.

123.    BANA admits that the allegations in paragraph 123 purport to characterize the contents of an article published in The Daily Beast, cited in footnotes 48 and 49.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or

knowledge to form a belief as to the truth or falsity of the allegations in paragraph 123 and, therefore, denies the same.

124.    BANA admits that the allegations in paragraph 124 purport to characterize the contents of articles published by the Daily Beast, cited in footnotes 50 and 51.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 124 and, therefore, denies the same.

125.    BANA admits that the allegations in paragraph 125 purport to characterize the contents of an article published in the Guardian, cited in footnote 52.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 125 and, therefore, denies the same.

126.    BANA admits that the allegations in paragraph 126 purport to characterize and quote the contents of news articles from The Guardian cited in footnotes 53 and 54.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 126 and, therefore, denies the same.

127.    BANA admits that the allegations in paragraph 127 purport to characterize the contents of an article from The Guardian, cited in footnote 55.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 127 and, therefore, denies the same.

128.    BANA admits that the allegations in paragraph 128 purport to characterize allegations made in *Giuffre v. Maxwell*, Case No. 15-cv-7433 (S.D.N.Y.).  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 128 and, therefore, denies the same.

129.    BANA denies the allegations in paragraph 129.

130.    BANA denies the allegations in paragraph 130.

131.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 131 and, therefore, denies the same.

132.    BANA denies the allegations in paragraph 132.

133.    BANA admits that the allegations in paragraph 133 purport to characterize the contents of a 60 Minutes program, cited in footnote 56.  BANA respectfully refers the Court to that program for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 133 and, therefore, denies the same.

134.    BANA admits that the allegations in paragraph 134 purport to characterize and quote the contents of a book *Model: The Ugly Business of Beautiful Women.*  BANA respectfully refers the Court to that book for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 134 and, therefore, denies the same.

135.    BANA admits that the allegations in paragraph 135 purport to characterize the contents of the book *Bad and Beautiful: Inside the Dazzling and Deadly World of Supermodels*.  BANA respectfully refers the Court to that book for a complete and accurate recitation of its

contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 135 and, therefore, denies the same.

136.    BANA admits that the allegations in paragraph 136 purport to characterize the contents of  "message pads in Epstein's garbage."  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 136 and, therefore, denies the same.

137.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 137 and, therefore, denies the same.

138.    BANA admits that the allegations in paragraph 138 purport to characterize and quote the contents of a *Page Six* article, cited in footnote 58.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 138 and, therefore, denies the same.

139.    BANA admits that the allegations in paragraph 139 purport to characterize the contents of news articles in The Daily Beast, cited in footnotes 59 and 60.  BANA respectfully refers the Court to those articles for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 139 and, therefore, denies the same.

140.    BANA admits that the allegations in paragraph 140 purport to characterize and quote the contents of an article from Jezebel, cited in footnotes 61 and 62.  BANA respectfully refers the Court to that article for a complete and accurate recitation of its contents.  Except as

specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 140 and, therefore, denies the same.

141.    BANA admits that the allegations in paragraph 141 purport to characterize the contents of an article published in The Palm Beach Daily News, cited in footnote 63.  BANA respectfully refers the Court to the article for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 141 and, therefore, denies the same.

142.    BANA admits that the allegations in paragraph 142 purport to characterize and quote the contents of an article published in The Daily Beast, cited in footnotes 64 and 65.  BANA respectfully refers the Court to the article for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 142 and, therefore, denies the same.

143.    BANA admits that it was publicly reported that Jean-Luc Brunel was charged with rape of minors and sexual harassment in France.  Except as specifically admitted, BANA denies the allegations in paragraph 143.

144.    BANA admits that the allegations in paragraph 144 purport to characterize the contents of Virginia Giuffre's "posthumous memoir" and a letter from Rep. Robert Garcia, cited in footnote 66.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 144 and, therefore, denies the same.

145.    BANA admits that the allegations in paragraph 145 purport to characterize the contents of an article published by NBC News, cited in footnote 67.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 145 and, therefore, denies the same.

146.    BANA denies the allegations in paragraph 146.

147.    BANA denies the allegations in paragraph 147.

148.    BANA denies the allegations in paragraph 148.

149.    BANA denies the allegations in paragraph 149.

150.    BANA denies the allegations in paragraph 150.

151.    BANA denies the allegations in paragraph 151.

152.    BANA admits that the allegations in paragraph 152 purport to characterize the contents of a document pasted below paragraph 152.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  BANA denies the allegation that Paul Morris "knew of Epstein's crimes and the risks of banking with him."  Except as specifically admitted or denied, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 152 and, therefore, denies the same.

153.    BANA admits that the allegations in paragraph 153 purport to characterize the contents of a document pasted below paragraph 153.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted,

BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 153 and, therefore, denies the same.

154.    The allegations in paragraph 154 are conclusions of law and thus no response is required. To the extent a response is required, BANA denies the allegations in paragraph 154.

155.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 155 and, therefore, denies the same.

156.    BANA admits that the allegations in paragraph 156 purport to characterize the contents of an article in The New York Times, cited in footnote 68. BANA respectfully refers the Court to that article for a complete and accurate recitation of their contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 156 and, therefore, denies the same.

157.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 157 and, therefore, denies the same.

158.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 158 and, therefore, denies the same.

159.    BANA admits that the allegations in paragraph 159 purport to characterize and quote the contents of a "memorandum." BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 159 and, therefore, denies the same.

160.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 160 and, therefore, denies the same.

161.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 161 and, therefore, denies the same.

162.    BANA denies the allegations in paragraph 162.

163.    BANA denies the allegations in paragraph 163.

164.    BANA admits that the charts pasted in paragraph 164 are accurate.  Except as specifically admitted, BANA denies the allegations in paragraph 164.

165.    BANA denies the allegations in paragraph 165.

166.    BANA denies the allegations in paragraph 166.

167.    BANA denies the allegations in the first sentence of paragraph 167.  BANA admits that Paul Morris communicated with Epstein or his assistant on occasion between September 2016 and October 2017,  but otherwise denies the allegations in the second sentence of paragraph 167.  Except as specifically admitted or denied, BANA denies the allegations in paragraph 167.

168.    BANA denies the allegations in the first and third sentence of paragraph 168.  BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 168 and, therefore, denies the same.

169.    The allegations in paragraph 169 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 169.

170.    The allegations in paragraph 170 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that the USA Patriot Act speaks for itself and denies the allegations in paragraph 170 to the extent they are inconsistent with the same.

171.    The allegations in paragraph 171 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that the Bank Secrecy Act ("BSA") speaks for itself.  BANA further admits that requirements for regulated financial institutions under

New York law are set forth in N.Y. Comp. Codes R. & Regs. tit. 3, § 504.3 and N.Y. Comp. Codes R. & Regs. tit. 3, § 116.2, which speak for themselves. BANA denies the allegations in paragraph 171 to the extent they are inconsistent with the same.

172.    The allegations in paragraph 172 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that the Bank Secrecy Act speaks for itself and denies the allegations in paragraph 172 to the extent they are inconsistent with the same.

173.    The allegations in paragraph 173 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that the Bank Secrecy Act and implementing regulations speak for themselves and denies the allegations in paragraph 173 to the extent they are inconsistent with the same.

174.    The allegations in paragraph 174 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that that requirements for regulated financial institutions' AML programs are provided in the BSA and its implementing regulations, 31 C.F.R. § 1020.210 and 12 C.F.R. 21.11. BANA further states that the BSA and its implementing regulations speak for themselves and denies the allegations in paragraph 174 to the extent they are inconsistent with the same.

175.    The allegations in paragraph 175 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 175.

176.    The allegations in paragraph 176 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer

("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 176.

177. The allegations in paragraph 177 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 177.

178. The allegations in paragraph 178 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 178.

179. The allegations in paragraph 179 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that requirements for regulated financial institutions' AML programs are provided in the BSA and its implementing regulations, 31 C.F.R. § 1020.210 and 12 C.F.R. § 21.11, which speak for themselves, and denies the allegations in paragraph 179 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 179.

180. The allegations in paragraph 180 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 180 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 180.

181.     The allegations in paragraph 181 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations.  BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 181 to the extent they are inconsistent with the same.  Except as specifically admitted or denied, BANA denies the allegations in paragraph 181.

182.     The allegations in paragraph 182 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations.  BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 182 to the extent they are inconsistent with the same.  Except as specifically admitted or denied, BANA denies the allegations in paragraph 182.

183.     The allegations in paragraph 183 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations.  BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 183 to the extent they are inconsistent with the same.  Except as specifically admitted or denied, BANA denies the allegations in paragraph 183.

184.     The allegations in paragraph 184 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that it has Know Your Customer

("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 184.

185.    The allegations in paragraph 185 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations.  BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 185 to the extent they are inconsistent with the same.  Except as specifically admitted or denied, BANA denies the allegations in paragraph 185.

186.    BANA admits that the allegations in paragraph 186 cite four publications concerning human trafficking. BANA further admits that it participated in the United States Bank Alliance's development of a "toolkit" concerning human trafficking.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 186 and, therefore, denies the same.

187.    The allegations in paragraph 187 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations.  BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 187 to the extent they are inconsistent with the same.  Except as specifically admitted or denied, BANA denies the allegations in paragraph 187.

188.    BANA admits that the allegations in paragraph 188 purport to characterize the contents and quote publicly available documents, cited in footnote 77.  BANA respectfully refers

the Court to that document for a complete and accurate recitation of their contents. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 188 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 188.

189.    The allegations in paragraph 189 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 189 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 189.

190.    The allegations in paragraph 190 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 190 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 190.

191.    The allegations in paragraph 191 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy

Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 191 to the extent they are inconsistent with the same. BANA further BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 191.

192.    BANA denies the allegations in the sixth sentence of paragraph 192. The remaining allegations in paragraph 192 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 192 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 192.

193.    The allegations in paragraph 193 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations in paragraph 193.

194.    The allegations in paragraph 194 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it is required to file Suspicious Activity Reports as set forth in, and consistent with its obligations pursuant to, the Bank Secrecy Act and its implementing regulations. BANA states that the Bank Secrecy Act and its implementing regulations speak for themselves and denies the allegations in paragraph 194 to the extent they are inconsistent with the same. Except as specifically admitted or denied, BANA denies the allegations in paragraph 194.

195.    BANA denies the allegations in paragraph 195.

196.    The allegations in paragraph 196 are conclusions of law and thus no response is required. To the extent a response is required, BANA denies the allegations in paragraph 196.

197.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 197 and, therefore, denies the same.

198.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 198 and, therefore, denies the same.

199.    The allegations in paragraph 199 are conclusions of law and thus no response is required. To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 199 and, therefore, denies the same.

200.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 200 and, therefore, denies the same.

201.    The allegations in paragraph 201 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 201 and, therefore, denies the same.

202.    The allegations in paragraph 202 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 202 and, therefore, denies the same.

203.    The allegations in paragraph 203 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or

knowledge to form a belief as to the truth or falsity of the allegations in paragraph 203 and, therefore, denies the same.

204.    The allegations in paragraph 204 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 204 and, therefore, denies the same.

205.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 205 and, therefore, denies the same.

206.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 206 and, therefore, denies the same.

207.    The allegations in paragraph 207 are conclusions of law and thus no response is required.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 207 and, therefore, denies the same.

208.    Paragraph 208 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

209.    BANA admits that Jane Doe provided her date of birth to BANA.  Except as specifically admitted, BANA denies the allegations in paragraph 209.

210.    BANA admits that Jane Doe held a checking account at Bank of America that was opened in 2013.  Except as specifically admitted, BANA denies the allegations in paragraph 210.

211.    BANA admits that Jane Doe received a wire of $14,073.00 into her account ending in 0903 from an account in the name of Jeffrey E. Epstein at JP Morgan on May 15, 2013.  Except

as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 211 and, therefore, denies the same.

212.    The allegations in paragraph 212 are conclusions of law to which no response is required.  To the extent a response is required, BANA refers to its response to paragraph 211 and otherwise denies the allegations.

213.    BANA admits that Jane Doe's BANA account received a $12,000 wire in July 2013 from a JPMorgan account in Epstein's name.  Except as specifically admitted, BANA denies the allegations in paragraph 213.

214.    BANA denies the allegations in paragraph 214.

215.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 215 and, therefore, denies the same.

216.    Paragraph 216 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

217.    BANA admits that Jane Doe's BANA account received a transfer of $14,000 from a Deutsche Bank account in the name of "Jeffrey Epstei" in January 2014.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 217 and, therefore, denies the same.

218.    BANA admits that Jane Doe's BANA account received a transfer of $25,000 from a Deutsche Bank account in the name of "Jeffrey Epstei" on or about June 23, 2014.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 218 and, therefore, denies the same.

219.    BANA admits that Jane Doe's BANA account received a transfer of $25,000 from a Deutsche Bank account in the name of "Jeffrey Epstei" on or about November 4, 2014.  Except

as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 219 and, therefore, denies the same.

220.    The allegations in paragraph 220 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 220.

221.    BANA admits that Jane Doe's BANA account received a transfer of $8,424.92 from an account in the name of "Jeffrey Epstei" in December 2015.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 221 and, therefore, denies the same.

222.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 222 and, therefore, denies the same.

223.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 223 and, therefore, denies the same.

224.    BANA admits that Jane Doe's BANA account received transfers from an account in the name of "Jeffrey Epstei" in October to December 2016 and in 2017.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 224 and, therefore, denies the same.

225.    BANA denies the allegations in paragraph 225.

226.    BANA denies the allegations in the first sentence of paragraph 226.  BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 226 and, therefore, denies the same.

227.    ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

228. ███████████████████████████████████████

███████████████████████████████████████

229. ███████████████████████████████████████

230.   BANA denies the allegations in paragraph 230.

231.   BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 231 and, therefore, denies the same.

232.   BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 232 and, therefore, denies the same.

233.   BANA admits that the allegations in paragraph 233 purports to characterize a publicly available document, cited in footnote 82, and the Debt Bondage Repair Act.  BANA respectfully refers the Court to the language of those documents for a complete and accurate

recitation of their contents. Except as specifically admitted, BANA denies the remaining allegations in paragraph 233.

234.    Paragraph 234 has been withdrawn pursuant to the Parties' Stipulation so-ordered on February 9, 2026.

235.    BANA denies the allegations in paragraph 235.

236.    BANA denies the allegations in paragraph 236.

237.    BANA denies the allegations in paragraph 237.

238.    BANA denies the allegations in paragraph 238.

239.    BANA denies the allegations in paragraph 239.

240.    BANA admits that Leon Black is the co-founder of Apollo Global Management and that he is a billionaire. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 240 and, therefore, denies the same.

241.    BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements. Except as specifically admitted, BANA denies the allegations of paragraph 241.

242.    BANA denies the allegations in the second sentence of paragraph 242. BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 242 and, therefore, denies the same.

243.    BANA admits that the allegations in the first, second, and third sentences of paragraph 243 purport to characterize the contents of news articles in Vanity Fair, Gawker and New York Magazine, cited in footnotes 83 and 84. BANA respectfully refers the Court to those

documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA denies the allegations in paragraph 243.

244.    BANA admits that as of 2012, one or more employees of U.S. Trust were informed that Jeffrey Epstein was advising Leon Black's Family Office entity regarding estate and financial planning and had limited communications with Epstein regarding his services to Black.  Except as specifically admitted, BANA denies the allegations in paragraph 244.

245.    BANA denies the allegations in paragraph 245.

246.    BANA admits that, as of 2012, one or more employees of U.S. Trust were informed that Jeffrey Epstein was advising Leon Black's Family Office entity regarding estate and financial planning.  Except as specifically admitted, BANA denies the allegations in paragraph 246.

247.    BANA denies the allegations in paragraph 247.

248.    BANA admits that the allegations in paragraph 248 purport to characterize the contents of letters, cited in footnote 85.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 248 and, therefore, denies the same.

249.    BANA admits that the allegations in paragraph 249 purport to characterize the contents of a letter, cited in footnote 86.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 249 and, therefore, denies the same.

250.    BANA admits that the allegations in paragraph 250 purport to characterize the contents of a letter cited therein.  BANA respectfully refers the Court to those documents for a

complete and accurate recitation of their contents.  Except as specifically admitted, BANA denies the allegations in paragraph 250.

251.    BANA admits that the allegations in paragraph 251 purport to characterize the contents of a letter, cited in footnote 87.  BANA respectfully refers the Court to those documents for a complete and accurate recitation of their contents.  Except as specifically admitted, BANA denies the allegations in paragraph 251.

252.    BANA denies the allegations in the first and second sentence of paragraph 252. BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 252 and, therefore, denies the same.

253.    BANA denies the allegations in paragraph 253.

254.    BANA denies the allegations in paragraph 254.

255.    BANA denies the allegations in paragraph 255.

256.    BANA denies the allegations in paragraphs 256.

257.    ███████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████

258.    ███████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████

259.    BANA denies the allegations in paragraph 259.

260.    BANA denies the allegations in paragraph 260.

261.    ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

262.    ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

263.    ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

264.    ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

265. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

266. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████

267. ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

268. 

269.

270.

271.

272.    BANA denies the allegations in paragraph 272.

273.    The allegations in paragraph 273 are conclusions of law and thus no response is required. To the extent a response is required, BANA denies the allegations in paragraph 273.

274.    █████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

275.    █████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

a        BANA denies the allegations in subparagraph 275(a).

b        BANA denies the allegations in subparagraph 275(b).

c        BANA denies the allegations in subparagraph 275(c).

276.    BANA denies the allegations in paragraph 276.

277.    █████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

278.    BANA denies the allegations in paragraph 278.

279.    BANA denies the allegations in paragraph 279.

280.    █████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

281.    The allegations in paragraph 281 are conclusions of law and thus no response is required. To the extent a response is required, BANA denies the allegations in paragraph 281.

282.    BANA denies the allegations in paragraph 282.

283.    BANA denies the allegations in paragraph 283.

284.    BANA denies the allegations in paragraph 284.

285.    BANA denies the allegations in paragraph 285.

286.    BANA denies the allegations in paragraph 286.

287.    BANA denies the allegations in paragraph 287.

288.    ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████ Except as specifically admitted, BANA denies the allegations in paragraph 288.

289.    BANA denies the allegations in paragraph 289.

290.    BANA denies the allegations in paragraph 290.

291.    ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

292.    BANA denies the allegations in paragraph 292.

293.    BANA denies the allegations in paragraph 293.

294.    BANA denies the allegations in paragraph 294.

295.    BANA denies the allegations in paragraph 295.

296.    ██████████████████████████████████

297.    The allegations in the first sentence of paragraph 297 are conclusions of law and thus no response is required.  To the extent a response is required, BANA admits that the allegations in paragraph 297 purport to characterize the contents of a Guardian article, cited in footnote 92.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA denies the allegations in paragraph 297.

298.    ██████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████

299.    BANA denies the allegations in paragraph 299.

300.    The allegations in paragraph 300 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that the second sentence of paragraph 300 purports to characterize the contents of an article from The Palm Beach Post, cited in footnote 93.  BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.  Except as specifically admitted, BANA denies the allegations in paragraph 300.

301.    BANA admits that the allegations in paragraph 301 purport to characterize and summarize a SAR filed on August 13, 2020.  BANA respectfully refers the Court to that document

for a complete and accurate recitation of its contents. To the extent a response is further required, BANA admits that it filed a SAR on August 13, 2020, and that the document speaks for itself. Except as specifically admitted, BANA denies the allegations in paragraph 301.

302. BANA denies the allegations in paragraph 302.

303. BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 303 and, therefore, denies the same. BANA admits that paragraph 303 purports to characterize the contents of article from The Wall Street Journal, cited in footnote 94. BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA denies the allegations in paragraph 305.

304. BANA denies the allegations in paragraph 304.

305. █████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████

306. BANA admits that the allegations in paragraph 306 purport to characterize and summarize the contents of "[t]he NYDFS settlement with Deutsche Bank." BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 306 and, therefore, denies the same.

307. BANA denies the allegations in paragraph 307.

308.    ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

309.    ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

310.    BANA denies the allegations in paragraph 310.

311.    ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████

312.    ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████

313. ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

314.    BANA denies the allegations in paragraph 314.

315.    BANA denies the allegations in paragraph 315.

316.    BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements.  The allegations in paragraph 316 are conclusions of law and thus no response is required.  To the extent a response is required and except as specifically admitted, BANA denies the allegations in paragraph 316.

317.    BANA denies the allegations in paragraph 317.

318. ███████████████████████████████████

████████████████████████████████████████

█████████

319.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 319 and, therefore, denies the same.

320.    BANA admits that the U.S. Attorney's Office for the Southern District of New York issued a press release on June 28, 2022 reporting that Ghislaine Maxwell was sentenced to 240 months in prison after she was found guilty on December 29, 2021 of conspiracy to entice minors to travel to engage in illegal sex acts, conspiracy to transport minors to participate in illegal sex acts, transporting a minor to participate in illegal sex acts, sex trafficking conspiracy, and sex trafficking of a minor. Except as specifically admitted, BANA states that it lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 320 and, therefore, denies the same.

321.    BANA admits that the U.S. Attorney's Office for the Southern District of New York issued a press release on June 28, 2022 reporting that Ghislaine Maxwell was sentenced to 240 months in prison after she was found guilty on December 29, 2021 of conspiracy to entice minors to travel to engage in illegal sex acts, conspiracy to transport minors to participate in illegal sex acts, transporting a minor to participate in illegal sex acts, sex trafficking conspiracy, and sex trafficking of a minor. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 321 and, therefore, denies the same.

322.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 322 and, therefore, denies the same.

323.    BANA admits that the allegations in paragraph 323 purport to characterize the contents of a March 1, 2003 article in Vanity Fair, cited in footnote 96. BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents. Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 323 and, therefore, denies the same.

324.    █████████████████████████████████████████████
████████████████████  ██████████████████████████████████
███████████████

325.    BANA admits that the allegations in paragraph 325 purport to characterize and summarize the contents of a "November 2025 Wyden Memo," cited in footnote 99. BANA respectfully refers the Court to that document for a complete and accurate recitation of its contents.

Except as specifically admitted, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 325 and, therefore, denies the same.

326.    BANA denies the allegations of the first and second sentences of paragraph 326. BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 326 and, therefore, denies the same.

327.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 327 and, therefore, denies the same.

328.    BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 328 and, therefore, denies the same.

329.    BANA denies the allegations in the first and third sentences of paragraph 329. BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 329 and, therefore, denies the same.

330.    BANA denies the allegations in the first sentence of paragraph 330.  BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in paragraph 330 and, therefore, denies the same.

331.    BANA denies the allegations in paragraph 331.

332.    The allegations in paragraph 332 are conclusions of law and thus no response is required. To the extent a response is required, BANA states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 332 and, therefore, denies the same.

333.    ████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

334.    BANA denies the allegations in paragraph 334.

335.    The allegations in paragraph 335 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements.  Except as specifically admitted, BANA denies the allegations in paragraph 335.

336.    BANA denies the allegations in paragraph 336.

337.    BANA denies the allegations in paragraph 337.

338.    The allegations in paragraph 338 are conclusions of law and thus no response is required. To the extent a response is required, BANA admits that it has Know Your Customer ("KYC") and Customer Due Diligence ("CDD") procedures consistent with regulatory requirements.  Except as specifically admitted, BANA denies the allegations in paragraph 338.

339.    BANA denies the allegations in paragraph 339.

340.    BANA denies the allegations in paragraph 340.

341.    BANA denies the allegations in paragraph 341.

342.    BANA denies the allegations in paragraph 342.

343.    BANA denies the allegations in paragraph 343.

344.    ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

345.    The allegations in paragraph 345 are conclusions of law and thus no response is required. To the extent a response is required, BANA denies the allegations in paragraph 345.

346.    BANA denies the allegations in paragraph 346.

347.    BANA denies the allegations in paragraph 347.

348.    BANA denies the allegations in paragraph 348.

349.    BANA denies the allegations in paragraph 349.

350.    BANA denies the allegations in paragraph 350.

351.    BANA denies the allegations in paragraph 351.

352.    BANA denies the allegations in paragraph 352.

353.    BANA denies the allegations in paragraph 353.

354.    BANA denies the allegations in paragraph 354.

355.    BANA denies the allegations in paragraph 355.

356.    BANA denies the allegations in paragraph 356.

357.    BANA denies the allegations in paragraph 357.

358.    BANA denies the allegations in paragraph 358.

359.    BANA denies the allegations in paragraph 359.

360.    The allegations in the third sentence of paragraph 360 are conclusions of law and thus no response is required. To the extent a response is required, BANA denies the allegations in paragraph 360.

361.    BANA denies the allegations in paragraph 361.

362.   BANA denies the allegations in paragraph 362.

363.   BANA denies the allegations in paragraph 363.

364.   BANA denies the allegations in paragraph 364.

### CLASS ACTION ALLEGATIONS

365.   BANA admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 365.  BANA denies that the class can or should be certified.

366.   The allegations in paragraph 366 purport to reserve legal rights, and thus no response is required.  BANA denies that a modified class or a subclass of the putative class set forth in paragraph 366 can or should be certified.

367.   The allegations in paragraph 367 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 367.

368.   The allegations in paragraph 368 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 368.

369.   The allegations in paragraph 369 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 369.

370.   The allegations in paragraph 370 and its subparts are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 370.

371.   The allegations in paragraph 371 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 371.

372.   The allegations in paragraph 372 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 372.

373.     The allegations in paragraph 373 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 373.

374.     The allegations in paragraph 374 and its subparts are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 374.

## CAUSES OF ACTION

### COUNT I

**KNOWING BENEFICIARY IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1591(a)(2), 1595**

375.     BANA repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

376.     BANA admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 365.  BANA denies that the class can or should be certified.

377.     The allegations in paragraph 377 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 377.

378.     The allegations in paragraph 378 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 378.

379.     The allegations in paragraph 379 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 379.

380.     The allegations in paragraph 380 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 380.

381.     The allegations in paragraph 381 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 381.

382.    The allegations in paragraph 382 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 382.

383.    The allegations in paragraph 383 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 383.

384.    The allegations in paragraph 384 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 384.

385.    The allegations in paragraph 385 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 385.

386.    The allegations in paragraph 386 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 386.

387.    The allegations in paragraph 387 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 387.  BANA denies that a class can or should be certified

388.    The allegations in paragraph 388 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 388.

389.    The allegations in paragraph 389 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 389.

390.    The allegations in paragraph 390 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 390.

391.    The allegations in paragraph 391 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 391.  BANA denies that a class can or should be certified.

392.    The allegations in paragraph 392 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 392. BANA denies that a class can or should be certified.

393.    The allegations in paragraph 393 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 393. BANA denies that a class can or should be certified.

394.    The allegations in paragraph 394 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 394.

395.    The allegations in paragraph 395 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 395. BANA denies that a class can or should be certified.

396.    The allegations in paragraph 396 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 396. BANA denies that a class can or should be certified.

## <u>COUNT II</u>

### PARTICIPATING IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 1591(a)(1), 1595

397.    BANA repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

398.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

399.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

400.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

401.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

402.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

403.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

404.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

405.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

406.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

407.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

408.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

409.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

## COUNT III

### AIDING, ABETTING, AND INDUCING A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT, 18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595

410.    BANA repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

411.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

412.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

413.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

414.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

415.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

416.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

417.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

418.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

419.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

420.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

421.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

422.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

423.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

424.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

425.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

## **COUNT IV**

### **OBSTRUCTION OF THE ENFORCEMENT OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. § 1591(d)**

426.    BANA repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

427.    BANA admits that Plaintiff purports to bring this action on behalf of the putative class set forth in paragraph 427.  BANA denies that the class can or should be certified.

428.    The allegations in paragraph 428 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 428.

429.    The allegations in paragraph 429 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 429.  BANA denies that the class can or should be certified.

430.    The allegations in paragraph 430 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 430.

431.    The allegations in paragraph 431 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 431. BANA denies that the class can or should be certified.

432.    The allegations in paragraph 432 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 432.

433.    The allegations in paragraph 433 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 433.

434.    The allegations in paragraph 434 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 434.

435.    The allegations in paragraph 435 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 435. BANA denies that the class can or should be certified.

436.    The allegations in paragraph 436 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 436.

437.    The allegations in paragraph 437 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 437.

438.    The allegations in paragraph 438 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 438.

439.    The allegations in paragraph 439 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 439. BANA denies that the class can or should be certified.

440.     The allegations in paragraph 440 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 440. BANA denies that the class can or should be certified.

441.     The allegations in paragraph 441 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 441.

442.     The allegations in paragraph 442 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 442. BANA denies that the class can or should be certified.

443.     The allegations in paragraph 443 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 443. BANA denies that the class can or should be certified.

444.     The allegations in paragraph 444 are conclusions of law and thus no response is required.  To the extent a response is required, BANA denies the allegations in paragraph 444. BANA denies that the class can or should be certified.

## <u>COUNT V</u>

**NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE TO PREVENT PHYSICAL HARM**

445.     BANA repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

446.     By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

447.     By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

448.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

449.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

450.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

451.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

452.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

453.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

454.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

455.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

456.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

457.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

## COUNT VI

## NEGLIGENT FAILURE TO EXERCISE REASONABLE CARE TO PREVENT PHYSICAL HARM

458.    BANA repeats and reasserts each and every response to the allegations asserted in the foregoing paragraphs with the same force and effect as if fully set forth herein.

459.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

460.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

461.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

462.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

463.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

464.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

465.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

466.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

467.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

468.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

469.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

470.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

471.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

472.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

473.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

474.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

475.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

476.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

477.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

478.    By order dated January 29, 2026, the Court dismissed this Count and thus no response is required.

## REQUEST FOR RELIEF

BANA denies that the relief requested is appropriate or warranted.

## JURY DEMAND

To the extent the jury demand requires a response, BANA denies the allegations contained therein.

All allegations in the FAC not specifically admitted or otherwise answered are denied.

## DEFENDANT'S STATEMENT OF AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, BANA asserts the following defenses. BANA reserves the right to assert further defenses that may be identified in the course of further investigation, discovery, or litigation of this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members.

Even if not applicable to Plaintiff, some or all of the defenses asserted below may be applicable to one or more of the putative class members whom Plaintiff may seek to represent. In the event that any attempt is made to certify a class in this action, BANA reserves the right to identify and advance any further defenses that may apply to persons other than the named Plaintiff.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## FIFTH DEFENSE

Plaintiff's damages, to the extent Plaintiff suffered any, should be barred or reduced in accordance with the doctrines of comparative and contributory negligence or fault.

## SIXTH DEFENSE

Plaintiff's damages, to the extent Plaintiff suffered any, are the result of the conduct of third parties over whom BANA exercises no control.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, to the extent any were in fact sustained, were caused in whole or in part by the criminal acts of third parties not a party to this litigation.

## EIGHTH DEFENSE

The cause of actions asserted and any damages claimed are barred in whole or in part because, to the extent that any agents or employees of BANA, its subsidiaries, or affiliates committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred and are not attributable to BANA.

## NINTH DEFENSE

The TVPA does not permit recovery for punitive damages as a matter of law. *See* 18 U.S.C. § 1595(a). In any event, BANA did not act with intentional and outrageous conduct, or with malice, as required to justify the imposition of punitive damages.

With respect to Plaintiff's claims for punitive damages, BANA asserts that any determination and enforceability of an award is limited by law, including but not limited to *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001); *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

## TENTH DEFENSE

In the event that Plaintiff prevails against BANA in this action, BANA is entitled to a set-off and reduction of any damages awarded to or recovery by Plaintiff from other sources, including but not limited to from the Estate of Jeffrey Epstein, the Epstein Victim's Compensation Program, other Epstein-related entities, or other financial institutions.

## ELEVENTH DEFENSE

BANA did not have knowledge, constructive or otherwise, of any venture which directly or indirectly violated 18 U.S.C. §§ 1591 or 1595.

## TWELFTH DEFENSE

BANA did not have knowledge, constructive or otherwise, that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause Plaintiff or any other person to engage in a commercial sex act.

## THIRTEENTH DEFENSE

BANA did not have knowledge, constructive or otherwise, that a person under the age of 18 would be caused to engage in a commercial sex act.

## FOURTEENTH DEFENSE

BANA did not participate in any venture which directly or indirectly violated 18 U.S.C. §§ 1591 or 1595 or knowingly assist, support, or facilitate a sex trafficking violation.

## FIFTEENTH DEFENSE

BANA did not knowingly benefit from any participation in any venture which directly or indirectly violated 18 U.S.C. §§ 1591 or 1595.

**SIXTEENTH DEFENSE**

BANA did not obstruct, attempt to obstruct, interfere with, or prevent enforcement of the TVPA.

**SEVENTEENTH DEFENSE**

BANA lacked the requisite intent to obstruct, attempt to obstruct, interfere with, or prevent enforcement of the TVPA.

**EIGHTEENTH DEFENSE**

BANA did not have knowledge of any enforcement of the TVPA in connection with Epstein.

**NINETEENTH DEFENSE**

Any obstruction did not cause harm to Plaintiff.

**TWENTIETH DEFENSE**

To the extent it is found liable, BANA is liable at most for Plaintiff's injuries and damages that were proximately caused by BANA's conduct.

**TWENTY-FIRST DEFENSE**

BANA's actions were not the proximate cause of any of Plaintiff's alleged incidents, injuries or damages.

**TWENTY-SECOND DEFENSE**

The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of one or more independent acts or omissions, destroying any causal connection between any act or omission of BANA (which are denied) and the alleged injury to Plaintiff.

**TWENTY-THIRD DEFENSE**

To the extent it is found liable, BANA reserves the right to seek indemnification from any party and/or non-party so liable as a matter of law or by contractual right. Nothing contained herein shall be construed as a waiver of that right.

**TWENTY-FOURTH DEFENSE**

To the extent BANA is found liable, damages are reduced because Plaintiff failed to take reasonable steps to minimize her alleged damages.

**TWENTY-FIFTH DEFENSE**

The causes of action asserted and any damages claimed are barred in whole or in part because the statute sued upon is unconstitutionally vague and ambiguous.

Dated: February 19, 2026

Respectfully submitted,

*/s/ Paula S. Quist*

Bethany K. Biesenthal (*pro hac vice*)
Paula S. Quist (*pro hac vice*)
Kristina K. Cercone (*pro hac vice*)
Shea F. Spreyer (*pro hac vice*)
Carol T. Li (*pro hac vice*)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
bbiesenthal@jonesday.com
pquist@jonesday.com
kcercone@jonesday.com
sfspreyer@jonesday.com
cli@jonesday.com

Charlotte H. Taylor
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
ctaylor@jonesday.com

Amanda L. Dollinger
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: +1.212.326.3939
Facsimile: +1.212.755.7306
adollinger@jonesday.com

*Attorneys for Defendant Bank of America, N.A.*