

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 10, 2026

**By Email**
Honorable Jed S. Rakoff
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007
RakoffNYSDChambers@nysd.uscourts.gov

    Re:    *Doe v. Bank of America, N.A.*, No. 25 Civ. 8520 (JSR)

Dear Judge Rakoff:

    We write to address defendant Bank of America's (the "Bank") argument that the stay provision of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(b), obligates the United States to disclose whether there is an ongoing Epstein-related investigation arising out of the same occurrence in which plaintiff was a victim.[1]

    The Bank's argument would turn the stay provision on its head.  The stay is designed to shield the government's efforts to criminally enforce the TVPA, not to force the government to disclose non-public investigations—breaching multiple privileges—in order to shield alleged TVPA violators.

    As the Eleventh Circuit held in rejecting an interlocutory appeal from the denial of a defendant's motion for a TVPA stay:

> [T]he TVPA's mandatory stay provision in § 1595(b) was not designed to help a defendant delay a U.S. civil action for sex trafficking violations.  Instead, as the TVPA's legislative history indicates, the mandatory stay provision was added to § 1595 to alleviate the U.S. Department of Justice's concern that civil suits could hinder a domestic prosecutor's ability to try criminal cases "unfettered by the complications of civil discovery."  *See* H.R. Rep. No. 108–264(II), at 17 (2003).  There is no reason to believe

---

[1] As noted at yesterday's conference, the Bank has not exhausted its administrative remedies under the Department of Justice's *Touhy* regulations with respect to any such request, as the Bank did not even mention the TVPA's stay provision in its request of February 20, 2026.  *See In re SEC ex rel. Glotzer*, 374 F.3d 184, 192 (2d Cir. 2004) ("[W]e hold that a party seeking judicial review of an agency's non-compliance with a subpoena must first exhaust his or her administrative remedies pursuant to APA § 704.").

>   that § 1595(b)'s stay provision was intended to protect an alleged
>   sex-trafficking defendant's rights or interests in any way . . . .

*Plaintiff A v. Schair*, 744 F.3d 1247, 1254-55 (11th Cir. 2014). The district courts that have addressed this issue have agreed. *See, e.g., Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012) (quoting the House Report and explaining that Congress added the stay provision to address the Department of Justice's concern that the TVPA's private right of action could "hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery"); *Tianming Wang v. Gold Mantis Constr. Decoration (CNMI), LLC*, No. 1:18-CV-0030, 2020 WL 5983939, at *2 (D. N. Mar. I. Oct. 9, 2020) (same); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, No. 4:10-CV-04124, 2011 WL 5188424, at *2 (W.D. Ark. Oct. 31, 2011) (same).

If, in enacting the stay provision to protect the Department of Justice's ability to conduct criminal investigations and proceedings, Congress actually intended to obligate the Department of Justice to disclose non-public criminal investigations, it would have said so. Congress "does not . . . hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001).

The government is not aware of any case in which a court has ordered the United States to disclose the existence or nonexistence of an ongoing criminal investigation in order to apply the TVPA's stay provision. The government repeatedly asked the Bank if it knew of such a case; to date, the Bank has not cited any.

To the contrary, courts have rejected defendants' motions for TVPA stays premised on the defendants' speculation that there was an ongoing criminal investigation. *See Tianming Wang*, 2020 WL 5983939; *Kolbek*, 2011 WL 5188424. In *Tianming Wang*, the court held that the defendant "cannot mandate the Court to issue a stay based on mere speculation of a potential criminal charge." 2020 WL 5983939, at *3. And in *Kolbeck*, the court explained: "It seems to the Court illogical, and contrary to the purpose of the statute, that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing." 2011 WL 5188424, at *2. The court noted that "the government may exercise its rights under the statute to impose a mandatory stay if and when appropriate." *Id.* Far from ordering the government to disclose whether there was an ongoing investigation, these courts recognized the TVPA's stay provision was created precisely to avoid any such interference with the government's criminal law enforcement function.

The design of the TVPA's stay provision is fully consistent with these holdings. To enter a stay under § 1595(b), a court must find that there is a "criminal action arising out of the same occurrence in which the claimant is the victim." Where the government is conducting such a non-public investigation, and where the government believes the civil action could negatively impact that investigation, the government may apprise the court and invoke the mandatory stay. Unless a civil TVPA defendant is embroiled in such an ongoing investigation as a witness, subject, or target, the defendant will not be able to make such a showing.

Indeed, whether a non-public criminal investigation exists is information protected by multiple privileges, including the law enforcement privilege, work product doctrine, and deliberative process privilege. Whether prosecutors believe they may be able to gather sufficient

evidence to indict one or more additional targets is opinion work product. *See In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007) ("opinion work product reveals the mental impressions, conclusions, opinions or legal theories of an attorney"; opinion work product protection requires "a real, rather than speculative, concern that the work product will reveal counsel's thought processes in relation to pending or anticipated litigation"). Opinion work product is "afford[ed] absolute protection" under the Federal Rules of Civil Procedure. *Am. Oversight v. DOJ*, 45 F.4th 579, 590-91 (2d Cir. 2022); *see* Fed. R. Civ. P. 26(b)(3)(B) (mandating that "[i]f the court orders discovery of [non-opinion work product], it must protect against disclosure of the mental impression, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"). In addition, such disclosure would be prohibited by the Department of Justice's *Touhy* regulations. *See* 28 C.F.R. § 16.26(a)(1), (a)(2), (b)(5).

      Finally, the government notes that, at yesterday's conference, the Bank's counsel argued that the existence of an ongoing criminal investigation can be inferred from the Department of Justice's withholding of certain documents in response to the Epstein Files Transparency Act ("EFTA"). However, the Department of Justice advised Congress, by letters of December 19, 2025, and January 30, 2026, that in addition to withholding or redacting documents pursuant to the bases expressly set out in EFTA § 2(b), "the Department withheld or redacted files covered by various privileges, including deliberative-process privilege, the work-product doctrine, and attorney-client privilege." Epstein Files Transparency Act – Production of Department Materials at 4 (Jan. 30, 2026), *available at* www.justice.gov/opa/media/1426091/dl. Accordingly, there is no basis for such an inference.

                                                      Respectfully submitted,

                                                      JAY CLAYTON
                                                      United States Attorney for the
                                                      Southern District of New York

By:     */s/ Jacob Lillywhite*
        JACOB LILLYWHITE
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        (212) 637-2639
        jacob.lillywhite@usdoj.gov

cc: *Counsel for Plaintiff and Defendant*
    (by email)