# EXHIBIT A

JANE DOE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.

Case No. 1:25-CV-8520 (JSR)

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated March 27, 2026 (the "Stipulation"), is made and entered into by and between: (i) Settlement Class Representative Jane Doe ("Jane Doe" or "Settlement Class Representative"), on behalf of herself and each Class Member, by and through her counsel of record in the Litigation;[1] and (ii) Defendant Bank of America, N.A. ("Bank of America" or the "Bank"), by and through its counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth herein.

## I. THE LITIGATION

The Litigation is currently pending before Judge Jed S. Rakoff in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in this action was filed on October 15, 2025, and Bank of America moved to dismiss the initial complaint on

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV.1 herein.

November 13, 2025. Settlement Class Representative opposed Bank of America's motion to dismiss on December 1, 2025, and Bank of America filed its reply on December 8, 2025. Following oral argument regarding Defendant's motion to dismiss on December 15, 2025, Settlement Class Representative filed an Amended Complaint (the "Complaint") on December 29, 2025, which alleged that Defendant violated the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591, 1595, among other common law claims.

The Complaint alleged that, throughout the Class Period (the time during which Bank of America maintained bank accounts for Epstein, Epstein's co-conspirators, Epstein-related entities, and/or Epstein-related accounts), Bank of America knowingly and intentionally participated in, assisted, supported, and facilitated Jeffrey Epstein's sex trafficking venture by providing Jeffrey Epstein and his associates with banking and investment services while Bank of America ignored red flags and failed, or was otherwise negligent, in its compliance and regulatory responsibilities. Settlement Class Representative alleged that Class Members—the victims of Jeffrey Epstein's alleged sex trafficking venture—were harmed by the Bank's conduct. Bank of America maintains that it did not violate the TVPA or commit any common law negligence torts, as the Bank merely provided routine banking services to Epstein, his co-conspirators, Epstein-related entities, and/or other Epstein-related individuals during the Class Period and was not part of, and did not participate in, assist, support, facilitate, or know of, Epstein's criminal sex trafficking venture. Bank of America further maintains that it did not engage in obstruction. The Bank denies, *inter alia*, that Class Members, including Settlement Class Representative, suffered any harm or damages due to the Bank's conduct.

On January 12, 2026, Bank of America filed its supplemental memorandum in support of its motion to dismiss, and on January 20, 2026, Settlement Class Representative filed her

supplemental memorandum in opposition to the motion to dismiss. The Court granted and denied the motion to dismiss in part on January 29, 2026, and Bank of America answered the Complaint on February 19, 2026. Settlement Class Representative also moved to certify a class on February 17, 2026, and Bank of America filed its opposition to that motion on March 2, 2026.

Prior to settlement, the Settling Parties conducted extensive fact, class certification, and expert discovery, taking depositions, producing and reviewing hundreds of thousands of pages of documents, and exchanging reports and rebuttal reports of ten expert witnesses. The Class had over 30 lawyers working on the case, and Bank of America was represented by a well-known law firm. Class Counsel spent countless hours working with the Settlement Class Representative to gather, review, and produce thousands of documents reflecting over a decade of relevant communications and interactions. Class Counsel also conducted extensive fact research and interviewed over fifty witnesses, including several dozen potential victims who were collectively instrumental in identifying the nature of the claims and the extent of the purported liability in this matter. Class Counsel then spent hundreds of hours communicating with potential class members throughout the duration of the case due to the nature and sensitivity of this matter and the importance of the same to all who have been affected.

The Settling Parties also spent a significant amount of time meeting and conferring on disputed discovery matters and subsequently requesting relief from the Court during many telephonic and in-court discovery conferences. Class Counsel spent weeks preparing the Settlement Class Representative for her deposition, including via Zoom, telephonically, and in person, and represented her at her deposition, as well as her court-ordered medical examination under Federal Rule of Civil Procedure 35. Class Counsel filed a motion for class certification in this case, which required extensive briefing as well as extensive engagement with experts in

support of the motion.

In February 2026, the Settling Parties agreed to participate in mediation. On February 20 and March 9, 2026, the Settling Parties participated in a confidential mediation with Judge Layn Phillips of Phillips ADR, a retired judge and an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations during the mediation sessions and outside the sessions and reached a settlement in principle on March 11, 2026. The Settling Parties drafted a Confidential Settlement Term Sheet ("Term Sheet"), memorializing their agreement to settle the Class's claims against Bank of America and end the Litigation, and executed the Term Sheet on March 15, 2026. The Term Sheet included, among other things, the Settling Parties' agreement to settle and dismiss with prejudice the Litigation and grant full mutual releases in return for a cash payment of $72.5 million by and/or on behalf of the Bank for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.

## II. BANK OF AMERICA'S DENIALS OF LIABILITY

Throughout this Litigation, Bank of America has denied, and continues to deny, each and all of the claims and contentions alleged by Settlement Class Representative, individually and/or on behalf of the Class Members, as well as any and all allegations of fault, liability, wrongdoing, or damages. Among other things, Bank of America has expressly denied, and continues to deny, that it participated in or otherwise assisted, supported, or facilitated the Jeffrey Epstein sex-trafficking venture in any way; that it engaged in obstruction; that any Class Member, including Settlement Class Representative, has suffered any damages due to Bank of America's conduct; or that any Class Member, including Settlement Class Representative, was harmed by any conduct by the Bank alleged in the Litigation or that could have been alleged therein. Bank of

4

America maintains that it has meritorious defenses to the claims alleged in the Litigation. Bank of America is entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation, and has determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. For the avoidance of doubt, Bank of America makes no admission of liability, fault, damages, or any form of wrongdoing whatsoever, and this Settlement in no way represents, and may not be construed as, an admission of the merits of any claim.

## III. SETTLEMENT CLASS REPRESENTATIVE'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Settlement Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Settlement Class Representative and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Settlement Class Representative and Class Counsel also have accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Settlement Class Representative and Class Counsel are also mindful of the possible defenses to the TVPA violations alleged in the Litigation. Settlement Class Representative and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Settlement Class Representative and Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Settlement Class Representative and the Class.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between

Settlement Class Representative (on behalf of herself and the Class Members) and Bank of America, by and through their respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## 1. Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1 "Allocated Amount" means the settlement amount from the Global Settlement Amount assigned to each Participating Claimant by the Fund Administrator in her sole discretion, subject to the terms of this Stipulation. For the avoidance of doubt, the total of all Allocated Amounts cannot exceed the Global Settlement Amount.

1.2 "Class Counsel" means Boies Schiller Flexner LLP and Edwards Henderson PLLC.

1.3 "Class" means all women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive. This includes, but is not limited to: (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using

physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact). Bank of America stipulates, agrees, and consents to the definition of the Class for the sole purpose of the Settlement, and without prejudice to its right to challenge class certification and/or the class definition in the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason.

1.4 "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶ 1.3 above.

1.5 "Class Period" means the period from June 30, 2008 to July 6, 2019, inclusive, which was a time when Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Inc., and/or BofA Securities, Inc., and/or any of their predecessors, successors, and/or current or former affiliates maintained accounts for Epstein, Epstein's co-conspirators, Epstein-related entities, and/or Epstein-related individuals.

1.6 "Confidential Questionnaire and Release" or "Claim Form" means the forms that each Participating Claimant must submit to be eligible for an Allocated Amount. The Confidential Questionnaire and Release must be submitted to the Fund Administrator no later than 60 days after Notice is provided. It is understood and agreed that the Confidential Questionnaire and Release submitted by each Participating Claimant is a confidential document that will not be provided under any circumstance to any requesting third party, including during the discovery process in

any other litigation, without the express written consent of the individual Participating Claimant unless specifically directed by the Court.

1.7 "Court" means the United States District Court for the Southern District of New York.

1.8 "Defendant" means Bank of America, N.A.

1.9 "Defendant's Counsel" means Jones Day.

1.10 "Effective Date," or the date upon which this Settlement becomes "Effective," means one business day following the later of (a) the date of the Court's final approval of the Settlement or (b) the date of Final Judgment as defined in ¶ 1.12.

1.11 "Escrow Agent" means the Fund Administrator.

1.12 "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of expiration of time for seeking appellate review, without action. Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this

Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses; or (ii) the procedures for determining and paying Allocated Amounts, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.13 "Fund Administrator" means the individual who will be appointed by the Court to administer the Settlement. The Fund Administrator may designate other individuals to assist in allocating the Net Settlement Fund; all such designated appointees shall have appropriate qualifications, skills, and relevant experience as determined by the Fund Administrator in her sole discretion.

1.14 "Global Settlement Amount" means $72,500,000 U.S. Dollars in cash to be paid by wire transfer to the Qualified Settlement Fund pursuant to ¶ 2.2 of this Stipulation.

1.15 "Judgment" means the Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B.

1.16 "Litigation" means the action captioned *Jane Doe v. Bank of America, N.A.*, Case No. 1:25-cv-8520 (JSR) now pending in the United States District Court for the Southern District of New York.

1.17 "Net Settlement Fund" means the Global Settlement Amount less: (i) any Court-awarded attorneys' fees, unreimbursed expenses of Class Counsel, and interest thereon; (ii) Taxes and Tax Expenses (addressed in ¶ 2.10(b) below); and (iii) any other Court-approved deductions.

1.18 "Notice" means the notice of settlement to be provided to Class Members, available at Exhibit A-1. Notice will be provided within 10 calendar days following the Court's preliminary approval of the Settlement.

1.19    "Notice Period" is the period of time from the day Notice is provided through the deadline to submit a Confidential Questionnaire and Release.

1.20    "Opt-Out Form" means the signed letter completed by any member of the Court-certified settlement class who wishes to opt out of the Class. All such forms must be submitted to the Fund Administrator via First-Class Mail no later than 30 days after Notice is provided.  To be valid, the request for exclusion must be a signed letter and state (a) the name, address, and telephone number of the Person requesting exclusion; and (b) that the Person wishes to be excluded from the Class in this Litigation.

1.21    "Participating Claimant" means any Member of the Class who submits the required Confidential Questionnaire and Release to the Fund Administrator for determination of an Allocated Amount. A Member of the Class is a Participating Claimant regardless of whether she is determined to be entitled to an Allocated Amount by the Fund Administrator.

1.22    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.23    "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Participating Claimants in Allocated Amounts.

1.24 "Qualified Settlement Fund" means an account maintained at a financial institution where the Global Settlement Amount will be held in escrow. Such account will be funded by Bank of America within fifteen business days after the later of (i) the Court's preliminary approval of the Settlement or (ii) receipt of both a properly completed W-9 Form for the Qualified Settlement Fund and wiring instructions from the Fund Administrator.

1.25 "Released Plaintiffs' Claims" means any and all claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Defendant Parties that the Released Plaintiff Parties (a) asserted in the Litigation against the Released Defendant Parties, (b) could have asserted in the Litigation against the Released Defendant Parties, or (c) could assert against the Released Defendant Parties in any other action or forum with respect to Epstein, including but not limited to claims relating to "Epstein-related individuals," "Epstein-related entities," or "Epstein-related accounts" as Plaintiffs have defined those terms in this Litigation arising from any act or conduct of a Released Defendant Party or any act or conduct of any other person or entity that can be imputed to a Released Defendant Party. Released Plaintiffs' Claims include all claims referring or relating in any way to conduct of Released Defendant Parties that pre-dates the Class Period. "Released Plaintiffs' Claims" does not include: (i) any claims of any Person who submits an Opt-Out Form that is accepted by the

Court; (ii) claims relating to the enforcement of the Settlement; or (iii) any individual claims against any natural person who is a Released Defendant Party for any alleged sexual assault committed by that natural person against any Member of the Class. For the avoidance of doubt, this Settlement does not release and shall not be construed to release any claims against Jeffrey Epstein, his Estate, or any trustee, successor, or representative of his estate; any Epstein-related individuals specifically identified by name in paragraph 13 of Plaintiff's first set of interrogatories in this Litigation; or any natural person who sexually abused any Class Member. This release is intended to release, to the maximum extent allowable under law, any claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, that could be brought to recover damages from the Released Defendant Parties on behalf of a Member of the Class by any other party, including any sovereign or government, relating to or arising from any Member of the Class's harm, injury, abuse, exploitation, or trafficking by Jeffrey Epstein or by any person who is in any way connected to or otherwise associated with Jeffrey Epstein, as well as any right to recovery on account thereof.

1.26 "Released Defendant's Claims" means any and all claims of Bank of America against Released Plaintiff Parties relating in any way to any Party or counsel's conduct in this Litigation, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this

Litigation, except for claims relating to the enforcement of the Settlement. For the avoidance of doubt, this release does not apply to claims Bank of America may have against Released Plaintiff Parties that arise from or relate to any past, current, or future products, services, or accounts provided by Bank of America or any of its affiliated entities to any Released Plaintiff Parties.

1.27 "Released Defendant Party" or "Released Defendant Parties" or "BANA Released Party" mean Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Inc., BofA Securities, Inc., and Bank of America Corporation, together with their respective past and present direct or indirect parents, subsidiaries, corporate affiliates, predecessors, and successors; each of those entities' respective past or present officers, directors, and agents acting within the scope of their duties on behalf of the foregoing entities; and each of those entities' respective past or present employees for any act connected in any way to their employment. Nothing contained in this Stipulation of Settlement shall constitute a release of any Class Members' claims against any natural person who sexually abused them.

1.28 "Released Plaintiff Party" or "Released Plaintiff Parties" mean (i) any and all Class Members, Participating Claimants, Settlement Class Representative, Class Counsel, and each of their successors, predecessors, and past, present, and future: parent corporations, sister corporations, subsidiaries, and affiliated Persons and (ii) any and all of the foregoing's respective past, present, or future: principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest. Released Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but who properly exclude(s) themselves by filing a valid and timely Opt-Out Form. For the

13

avoidance of doubt, nothing contained in this Stipulation of Settlement shall constitute a release of any of the Released Defendant Parties' claims, rights, or causes of action against their insurers and reinsurers.

1.29 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.30 "Settlement Class Representative" means Jane Doe.

1.31 "Settlement Forms" means the Confidential Questionnaire and Release and the Opt-Out Form, collectively.

1.32 "Settlement Hearing" means the hearing to be set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.33 "Settling Parties" means the Released Defendant Parties and Released Plaintiff Parties, each individually a "Settling Party."

1.34 "Unknown Claims" means (a) any and all Released Plaintiffs' Claims against Released Defendant Parties that any of the Released Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendant's Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Released Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Plaintiff Parties. With respect to (a) any and all Released Plaintiffs' Claims, and (b) any and all Released Defendant's Claims, the Settling Parties stipulate and agree that, upon

14

the Effective Date, the Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settling Parties shall expressly waive, and each Released Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The Released Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or they now know or believe to be true with respect to the subject matter of the Released Claims, but (a) the Released Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall be deemed to have waived, compromised, settled, discharged, extinguished, and released fully, finally, and forever, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to,

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendant's Claims against Released Plaintiff Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Released Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2. The Settlement

2.1     The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment (reflecting such approval) becoming Final; and (b) in full and final disposition of the Litigation and the Released Claims, subject to the terms and conditions set forth herein.

### a. The Global Settlement Amount

2.2     In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶ 4.1–4.3 herein, Bank of America shall pay or cause

to be paid the Global Settlement Amount by wire transfer to the Qualified Settlement Fund within fifteen (15) business days after the later of (i) the Court's preliminary approval of the Settlement or (ii) receipt of both a properly completed W-9 Form for the Qualified Settlement Fund and wiring instructions from the Fund Administrator. The Settling Parties agree that the compensation is for a personal physical injury and personal physical sickness resulting from alleged misconduct and emotional distress attributable to such personal physical injuries and personal physical sickness. If the entire Global Settlement Amount is not timely paid to the Qualified Settlement Fund, Class Counsel may terminate this Stipulation and the Settlement, but only upon condition that: (i) Class Counsel has first notified Defendant's Counsel in writing of Class Counsel's intention to terminate this Stipulation and the Settlement, and (ii) the entire Global Settlement Amount is not transferred to the Qualified Settlement Fund within five (5) business days after Class Counsel has provided such written notice. Bank of America has also agreed to pay certain litigation costs and claims administration costs.

2.3 Bank of America shall pay or cause to be paid the Global Settlement Amount into the Qualified Settlement Fund set forth in ¶ 2.2 herein and all costs and expenses for satisfying the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA"). The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or the Fund Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or

costs incurred in connection with the taxation of the Qualified Settlement Fund, distributions or other payments from the Qualified Settlement Fund, or the filing of any federal, state, or local returns.

2.4     The Escrow Agent shall hold the Global Settlement Amount deposited pursuant to ¶ 2.2 in a Qualified Settlement Fund insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits.

2.5     The Escrow Agent shall not disburse any part of the Qualified Settlement Fund except as provided in this Stipulation or by an order of the Court.

2.6     Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7     All funds held in the Qualified Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.8     Bank of America shall pay for the Fund Administrator's reasonable costs and expenses incurred in connection with providing notice of the Settlement, through a dedicated website, and by publication in *USA Today* and *Gazeta Wyborcza*, assisting with the submission of Claims, processing Settlement Forms, administering the Settlement, and paying any applicable taxes, fees and costs, if any ("Notice and Administration Expenses").

2.9     It shall be the responsibility of Class Counsel and the Fund Administrator to

disseminate the Notice, Settlement Forms, and Summary Notice (as defined in ¶ 3.1 below) to Class Members in accordance with this Stipulation and as ordered by the Court. The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.

**b.     Taxes**

2.10    The Settling Parties agree as follows:

(a)     The Settling Parties agree that any compensation to Class Members pursuant to this Settlement is for a personal physical injury and personal physical sickness resulting from alleged misconduct and emotional distress attributable to such personal physical injuries and personal physical sickness. The Settling Parties and the Escrow Agent agree to treat the Qualified Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder. The Settling Parties and the Escrow Agent further agree that the Qualified Settlement Fund shall be established by the Fund Administrator pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). In addition, the Fund Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of section 1.468B of the Internal Revenue Code of 1986,

as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be the Fund Administrator or its designee. The Fund Administrator or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Qualified Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the elections described in ¶ 2.10(a) hereof) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be paid out of the Qualified Settlement Fund.

### 3. Preliminary Approval Order and Settlement Hearing

3.1 Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing or emailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-2 attached hereto. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶ 6.1 below), and the date of the Settlement Hearing.

3.2 Class Counsel shall cause the Fund Administrator to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     Class Counsel shall request that, after notice is given and not earlier than 90 calendar days after the later of the dates on which the appropriate federal official and the appropriate state officials are provided with notice pursuant to CAFA, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve the Fee and Expense Application, if any (as defined in ¶ 6.1 below).

**4.     Releases**

4.1     Upon the Effective Date, the Released Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Party executes and delivers the Claim Form or shares in the Global Settlement Amount.  Claims to enforce the terms of this Stipulation are not released.  Any individual claims by any Class Member against any natural person who is a Released Defendant Party for any alleged sexual assault committed by that natural person against any Member of the Class are not released.

4.2     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendant's Claims against Released Plaintiff Parties. For the avoidance of doubt, Released Defendant's Claims are those claims of Bank of America

against Released Plaintiff Parties relating in any way to any Settling Party or counsel's conduct in this Litigation, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Litigation, except for claims relating to the enforcement of the Settlement, and do not include the claims exempted in ¶ 1.26. Nothing contained in this Stipulation of Settlement shall constitute a release of any of the Released Defendant Parties' claims, rights, or causes of action against their insurers and reinsurers.

4.3     All Class Members who apply for an Allocated Amount will submit an additional release form included within the Confidential Questionnaire and Release.

**5.      Evaluation of Claims, Plan of Allocation, Final Awards, Supervision and Distribution of the Settlement Fund, and Reversion**

5.1     The Fund Administrator shall evaluate the claims submitted by Participating Claimants to determine the Allocated Amount. In order to claim an Allocated Amount, Participating Claimants must submit a Confidential Questionnaire and Release, signed under penalty of perjury.

5.2     Following receipt of a Participating Claimant's Confidential Questionnaire and Release, in order to determine their Allocated Amount, the Fund Administrator shall consider the following information: the circumstances, severity, type, and extent of the alleged abuse or trafficking; the nature and duration of the relationship with Epstein, any cooperation with government investigations, refusal to cooperate with government investigations, or refusal to cooperate with this civil litigation, including any convictions relating to Epstein's sex trafficking venture; and the impact of the alleged conduct on the Participating Claimant, and any other factors the Fund Administrator deems relevant.

5.3     Participating Claimants shall submit under penalty of perjury such other supporting

documents or material, if any, to the Fund Administrator as the Fund Administrator may request within an agreed upon timeframe.

5.4 For the avoidance of doubt, should the Fund Administrator have concerns as to the accuracy of a Participating Claimant's Confidential Questionnaire and Release answers, allegations, or any other information submitted, the Fund Administrator shall promptly notify Class Counsel in writing of those concerns, and Class Counsel will make such response as they believe appropriate. Should the Fund Administrator then find that the Participating Claimant's allegations lack credibility, the Fund Administrator shall take that finding into consideration in making an award and, if appropriate, shall deny such individual any allocation of the Global Settlement Amount. The Fund Administrator's determination with respect to eligibility shall be final. All communications between the Fund Administrator and a Class Member, including the submission of a Confidential Questionnaire and Release, are protected under the mediation privilege, Rule 408 of the Federal Rules of Evidence, and all applicable state analogues.

5.5 The Fund Administrator will hold a meeting (by telephone, video, or in person, at the Fund Administrator's sole discretion) with each Participating Claimant, who (i) submits a Confidential Questionnaire and Release and supporting documentation, if any, and (ii) requests such a meeting.

5.6 The Released Defendant Parties and Class Counsel shall have no responsibility for, or role whatsoever in, the administration of the Settlement or the actions or decisions of the Fund Administrator. The Released Defendant Parties shall have no liability whatsoever to the Released Plaintiff Parties, including Settlement Class Representative, or any other Class Members, in connection with such administration, which includes, but is not limited to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Fund Administrator, or any of

their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management of the Qualified Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the administration of the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Net Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Qualified Settlement Fund or the filing of any federal, state, or local returns.

    5.7    The Qualified Settlement Fund shall be applied as follows:

        (a)    to pay the Taxes and Tax Expenses described in ¶ 2.10;

        (b)    to pay, in accordance with ¶¶ 6.1-6.3 herein, attorneys' fees and unreimbursed expenses of Class Counsel, and to pay any award to the Settlement Class Representative for her reasonable costs and expenses (including lost wages), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

        (c)    after the Effective Date, to distribute the Net Settlement Fund to Participating Claimants as provided by this Stipulation, subject to any modifications to the Stipulation ordered by the Court.

    5.8    Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Confidential Questionnaire and Release, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims. Notwithstanding the

foregoing, the Fund Administrator shall have the discretion (but not an obligation) to accept a late-submitted Confidential Questionnaire and Release for processing by the Fund Administrator so long as the distribution of the Net Settlement Fund to Participating Claimants is not materially delayed thereby. No Person shall have any claim against Settlement Class Representative, Class Counsel, the Fund Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.9 Each Participating Claimant who has not excluded herself from the Class, within 30 days after Notice is provided and using the Opt-Out Form defined in ¶ 1.20, shall be deemed to have submitted to the jurisdiction of the Court with respect to such Participating Claimant's claim to the Net Settlement Fund

5.10 Following the Effective Date, the Net Settlement Fund shall be distributed to Participating Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.

5.11 The Released Defendant Parties shall have no responsibility for, role in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶ 5.1–5.13 hereof; and the Released Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Net Settlement Fund.

5.12 No Person shall have any claim against the Released Defendant Parties, Released Plaintiff Parties, or any other Person designated by Class Counsel based on determinations or

distributions made in good faith and substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13 If, upon the resolution of all claims asserted by the Participating Claimants and after the payment of all other amounts to be paid under this agreement, there is a positive remainder of the Global Settlement Amount, all such funds shall be distributed to a charitable organization to be determined in a mutually agreeable fashion by the Settling Parties.

**6.     Class Counsel's Attorneys' Fees and Expenses**

6.1 Class Counsel may submit an application (the "Fee and Expense Application") for distribution from the Qualified Settlement Fund for: (a) an award of attorneys' fees of up to 30% of the Global Settlement Amount (pursuant to ¶ 6.3); plus (b) unreimbursed expenses in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Qualified Settlement Fund (until paid) as may be awarded by the Court.  Bank of America shall take no position with respect to such applications.

6.2 Any fees and unreimbursed costs and expenses, as awarded by the Court, shall be paid to Class Counsel from the Qualified Settlement Fund, as ordered, immediately after the Court enters the Final Judgment or an order awarding such fees, and unreimbursed costs and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral proceedings related to this Litigation. Class Counsel may thereafter allocate the attorneys' fees, and unreimbursed costs and expenses in a manner in which it in good faith believes reflects the contributions of each firm to the initiation, prosecution, and resolution of the Litigation.  In the event that the award of attorneys' fees is overturned or reduced on appeal, Class Counsel must return such funds to the Qualified Settlement Fund or as

ordered by the Court.

6.3     Any fees and unreimbursed expenses shall be paid solely from and out of the Qualified Settlement Fund pursuant to the Court's order. With the sole exception of Bank of America's obligation to pay or cause the Global Settlement Amount to be paid into the Qualified Settlement Fund as provided for in ¶ 2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of any attorneys' fees (including Taxes).  For the avoidance of doubt, any payment of attorneys' fees shall be made solely from and out of the Qualified Settlement Fund, and any payment of fees does not reflect an indemnification by Defendant or any insurer.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)      the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶ 7.2 below, directing notice to the Class, as required by ¶ 3.1 hereof;

(b)      the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶ 7.2 below; and

(c)      the Global Settlement Amount has been deposited into the Qualified Settlement Fund.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendant in the Global Settlement Amount, if any, shall be absolutely and forever extinguished, except as

otherwise provided in this Stipulation, including in ¶ 5.13.  If the conditions specified in ¶ 7.1 hereof are not met, then this Stipulation and the Settlement shall be terminated subject to ¶¶ 2.2 and 7.3 hereof, unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Class Counsel or expenses or awards to Settlement Class Representative shall operate to terminate this Stipulation or constitute grounds for termination of the Stipulation.

7.3     In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, any amounts remaining in the Qualified Settlement Fund shall be returned to Bank of America.

7.4     In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation within five (5) business days of such failure and shall meet and confer regarding a new case schedule for the Litigation.  In the event of termination, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate this Stipulation or constitute grounds for termination of this Stipulation.

**8.     No Admission of Liability**

8.1     The Released Defendant Parties do not admit any liability in connection with this

Stipulation and neither the Term Sheet, this Stipulation (whether or not consummated), the Motion for Preliminary Approval, including the exhibits thereto, the negotiations leading to the execution of the Term Sheet or this Stipulation and the Settlement, nor any proceedings, discussions, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Released Defendant Party in any action as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Settlement Class Representative or any member of the Class, or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any Released Defendant Party or in any way referred to for any other reason as against any Released Defendant Party, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered or received against or to the prejudice of any Released Defendant Party in any action as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Settlement Class Representative or any member of the Class as evidence of any infirmity in the claims of Settlement Class Representative and the Class;

(c)     shall be offered or received against any Released Defendant Party in any

action as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases and rights granted them hereunder; or

(d)     shall be construed against any Released Defendant Party, Settlement Class Representative, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial or in any proceeding other than this Settlement.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and Bank of America with respect to the Litigation. The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the Global Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of experienced mediators.

9.3     All the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

9.4     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.5     Class Counsel represents and warrants that it is expressly authorized by Settlement Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.6     This Stipulation and the Exhibits attached hereto, constitute the entire agreement among the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous oral agreements or understandings between the Settling Parties, except for the cost agreement referenced in ¶ 2.2 and ¶ 10 of the Confidential Settlement Term Sheet dated March 15, 2026.

9.7     Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any Settling Party hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.8     The Settling Parties agree there are no third-party beneficiaries to this Stipulation.

9.9     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent electronically shall be deemed originals.

9.10     All notices, requests, demands, claims, and other communications hereunder  shall be in writing and shall be deemed duly given:  (i) on the day when they are delivered by hand to the recipient law firm or organization; (ii) one (1) business day after being sent to the recipient by

reputable overnight courier service (charges prepaid) or by e-mail; or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

**If to Settlement Class Representative or to Class Counsel:**

BOIES SCHILLER FLEXNER LLP
David Boies
Sigrid McCawley
Andrew Villacastin
55 Hudson Yards, 20th Floor
New York, NY 10001
dboies@bsfllp.com
smccawley@bsfllp.com
avillacastin@bsfllp.com

**If to Defendant or to Defendant's Counsel:**

JONES DAY
Bethany K. Biesenthal
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
bbiesenthal@jonesday.com

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.13    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

9.14    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.15    No opinion or advice concerning the tax consequences of the proposed settlement to individual Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.  Class Counsel further understands that they shall be responsible for their own taxes, if any, resulting from the Settlement and any payments made pursuant to this Settlement.

9.16    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.17    This Stipulation shall not be construed more strictly against one Settling Party than another merely because it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.18    The headings in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

9.19    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of the Stipulation shall prevail.

9.20 Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.21 Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

9.22 This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.23 The Settling Parties shall cooperate to determine the form of notice to be provided for the purpose of satisfying the requirements of CAFA ("CAFA Notice") and the identity of those who will receive the CAFA Notice. Defendant shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto.

9.24 The Fund Administrator is authorized to destroy all Confidential Questionnaires and Releases and supporting documents submitted by Class Members without further order of the Court one year after the last Allocated Amount is distributed from the Qualified Settlement Fund.

9.25 This Court retains continuing jurisdiction to address or resolve all matters relating to the administration of the Settlement, including any further requests for information from the Fund Administrator.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be

executed, by their duly authorized attorneys.

Dated: March 27, 2026

**BOIES SCHILLER FLEXNER LLP**

/s/ David Boies
DAVID BOIES

David Boies
Andrew Villacastin
Rachael Schafer
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: avillacastin@bsfllp.com
Email: rschafer@bsfllp.com

Sigrid McCawley
Daniel Crispino
Megan Nyman
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Fax: (954) 356-0022
Email: smccawley@bsfllp.com
Email: dcrispino@bsfllp.com
Email: mnyman@bsfllp.com

Bradley J. Edwards
Brittany N. Henderson
Dean Kaire
Edwards Henderson
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Fax: (954) 524-2822
Email: brad@cvlf.com
Email: brittany@cvlf.com

Email: dean@cvlf.com

*Counsel for Plaintiff Jane Doe*


**JONES DAY**


*/s/ Bethany K. Biesenthal*
BETHANY K. BIESENTHAL

Bethany K. Biesenthal
Paula Quist
Shea F. Spreyer
Carol T. Li
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
(312) 782-3939

Charlotte H. Taylor
51 Louisiana Ave, N.W.
Washington, D.C. 20001
(202) 879-3939
ctaylor@jonesday.com

*Counsel for Defendant Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jane Doe, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>          v.<br><br>Bank of America, N.A.,<br><br>     Defendant. | Case No. 1:25-CV-8520 (JSR) |

## <u>NOTICE OF PROPOSED</u>
## <u>SETTLEMENT OF CLASS ACTION</u>

**TO:     ALL WOMEN WHO WERE SEXUALLY ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN BETWEEN JUNE 30, 2008 AND JULY 6, 2019, INCLUSIVE (THE "CLASS PERIOD").**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A CONFIDENTIAL QUESTIONNAIRE AND RELEASE BY _____, 2026.**

**THIS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION ("NOTICE") WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

## WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit (the "Litigation") for $72.5 million in cash (the "Settlement"), and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March 27, 2026, by and between Settlement Class Representative Jane Doe ("Class Representative"), on behalf of herself and the Class (as defined below), on the one hand, and Defendant Bank of America, N.A. ("Defendant"), on the other hand.[1]  You may be a Class Member eligible to receive compensation related to the Settlement.

## HOW DO I KNOW IF I AM A CLASS MEMBER?

You are a "Class Member" if you were abused or trafficked by Jeffrey Epstein ("Epstein"), or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture during the period between June 30, 2008 and July 6, 2019, as defined below:

All women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive.  This includes, but is not limited to: (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation of Settlement, the definition in the Stipulation of Settlement controls. A copy of the Stipulation is available by contacting the Fund Administrator or visiting her website, as more fully set forth herein.

**EXHIBIT A-1**

anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact).

The "Class" includes any "Class Member" as defined immediately above.

As set forth in the Stipulation of Settlement, anyone who timely and validly requests exclusion (i.e., opts out) pursuant to the requirements described on page 7 below is ineligible to participate in the Settlement.

**PLEASE NOTE:** You may apply for payment pursuant to this Settlement by timely completing a Confidential Questionnaire and Release and the required supporting documentation as set forth therein, submitted online or mailed to the Fund Administrator on or before _____, 2026. The Confidential Questionnaire and Release will be reviewed by the Fund Administrator to determine whether you are a Participating Claimant.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A QUESTIONNAIRE AND RELEASE** | In order to be eligible to receive payment from the Settlement as a Participating Claimant, you must submit a Confidential Questionnaire and Release to the Fund Administrator. **Confidential Questionnaires and Releases must be received through a secure, dedicated online portal on or before _____, 2026. or mailed so as to be postmarked on or before _____, 2026 to the Fund Administrator.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION** | If you choose to exclude yourself from the Settlement, then you will get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against Defendant or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendant and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Opt-Out Forms must be in the form of a signed letter, mailed to the Fund Administrator via First Class Mail, and postmarked on or before _____, 2026.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement. **Objections must be received on or before _____, 2026.** |
| **GO TO THE HEARING ON _____, 2026, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be received on or before _____, 2026. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
| **DO NOTHING** | As a Class Member, you are not required to apply for any funds from the Settlement. You may instead choose to do nothing, and you will not receive any payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendant or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

**EXHIBIT A-1**

## SUMMARY OF THIS NOTICE

**Description of the Litigation and the Class**

This Notice relates to a proposed settlement of claims in a pending class action brought by victims of Jeffrey Epstein's sex trafficking venture alleging, among other things, that Defendant violated the Trafficking Victims Protection Act ("TVPA") by providing him and his associates with access to wire services and failing in their compliance and regulatory obligations to report suspicious conduct by Epstein and his associates. A more detailed description of the Litigation is set forth on pages 3–4 below. The proposed Settlement, if approved by the Court, will settle claims of all Class Members.

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $72.5 million settlement fund will be established (the "Global Settlement Amount"). The Global Settlement Amount, together with any interest earned thereon, will be deposited into a "Qualified Settlement Fund." The amount in the Qualified Settlement Fund, less (a) any taxes, (b) any Court-awarded attorneys' fees, unreimbursed expenses of Class Counsel, and interest thereon; and (c) any other Court-approved deductions, is the "Net Settlement Fund." The Net Settlement Fund will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on page 5 below. Distribution under the plan will vary based on each Participating Claimant's responses on the Confidential Questionnaire and Release. A Class Member's actual recovery will be determined by the information provided to the Fund Administrator. *See* Plan of Allocation set forth and discussed at page 5 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendant denies that it is liable to the Class and deny that the Class has suffered any injury or damages as a result of Defendant's conduct. The issues on which the parties disagree are many, but include: (1) whether Defendant engaged in conduct that would give rise to any liability to the Class under the TVPA; (2) whether Defendant has valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount of damages (if at all) suffered during the Class Period; and (4) the extent to which (if at all) Defendant's conduct obstructed government investigation into Epstein's sex trafficking venture.

**Statement of Attorneys' Fees and Expenses Sought**

Boies Schiller Flexner LLP ("BSF") and Edwards Henderson ("EH") as Class Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Global Settlement Amount, plus unreimbursed costs and expenses, plus interest earned on both amounts at the same rate as earned in the Qualified Settlement Fund. Since being named Class Counsel, BSF and EH have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery.

**Further Information**

For further information regarding the Litigation or this Notice or to review the Stipulation of Settlement, please visit the website [X] or contact the Fund Administrator at Simone@simonelelchuk.com.

You may also contact a representative of counsel for the Class: Sigrid McCawley or Andrew Villacastin at Boies Schiller Flexner LLP: 55 Hudson Yards, New York, New York 10001; (212) 446-2300; or Brittany Henderson or Brad Edwards at Edwards Henderson PLLC; 425 N Andrews Ave, STE 2, Fort Lauderdale, FL 33301; (833) 780-0834; or email at: EpsteinBOASettlement@bsfllp.com.

**Please Do Not Call the Court or Defendant with Questions About the Settlement.**

**EXHIBIT A-1**

### THE ALLEGATIONS

The Litigation is currently pending before the Honorable Jed S. Rakoff in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in this action was filed on October 15, 2025, and an Amended Complaint was filed on December 29, 2025.

Class Representative's Amended Complaint alleges that Defendant violated §§ 1591(a)(1), (2); 1591(d); and 1595 of the TVPA. More specifically, the Class Representative alleges that during the Class Period, Defendant provided Epstein and his associates with access to wire services despite knowing about Epstein's sex trafficking venture. Additionally, the Class Representative alleges Defendant helped Epstein and his associates avoid regulatory scrutiny and criminal prosecution through failing in Defendant's compliance and regulatory obligations so that Defendant could profit from Epstein and his associates. The Class Representative alleges that Defendant's conduct, through its non-typical banking relationship with Epstein, damages victims of Epstein's sex trafficking venture.

Defendant denies all of the Class Representative's claims, allegations, and contentions of fault, liability, wrongdoing, and damages. Defendant contends that they had a normal banking relationship with Epstein, his associates, and Epstein-related entities and had no knowledge that Epstein was engaged in a sex trafficking venture during the time that Bank of America, N.A. was providing banking services to Epstein, his associates, and Epstein-related entities and that Bank of America, N.A. did not engage in any conduct that resulted in harm to alleged victims of Epstein's sex trafficking venture.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANT IS LIABLE TO CLASS REPRESENTATIVE OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

### PROCEDURAL HISTORY

On November 13, 2025, Defendant moved to dismiss the Complaint. Plaintiff filed the Amended Complaint on December 29, 2025. The Court granted in part and denied in part the motion on January 29, 2026. Defendant answered the Amended Complaint on February 19, 2026.

On February 20 and March 9, 2026, the Settling Parties participated in confidential mediation with Judge Layn Phillips of Phillips ADR, a retired judge and an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations during the mediation sessions and outside the sessions and reached a settlement in principle on March 11, 2026. The Settling Parties drafted a confidential Settlement Term Sheet ("Term Sheet"), memorializing their agreement to settle the Class's claims against Bank of America and end the Litigation, and executed the Term Sheet on March 15, 2026. The Term Sheet included, among other things, the Settling Parties' agreement to settle and dismiss with prejudice the Litigation and grant full mutual releases in return for a cash payment of $72.5 million by and/or on behalf of the Bank for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

The Settlement, if approved, will result in the creation of a cash settlement fund of $72.5 million. This fund, plus accrued interest and minus attorneys' fees and unreimbursed expenses, as approved by the Court, will be distributed to Participating Claimants pursuant to the Plan of Allocation that is described in the next section of this Notice.

**EXHIBIT A-1**

| WHAT IS THE PROPOSED PLAN OF ALLOCATION? |
|---|

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Participating Claimants based on their respective alleged economic losses resulting from the TVPA violations alleged in the Litigation pursuant to the terms of the Stipulation.

The Fund Administrator shall determine a Class Member's assigned settlement amount (the "Allocated Amount") from the Global Settlement Amount. In determining an Allocated Amount, the Fund Administrator and/or her designees shall consider the following:

a. <u>Confidential Questionnaire and Release</u>:  As discussed above, a Class Member who wishes to qualify as a Participating Claimant shall submit the Confidential Questionnaire and Release, along with supporting documentation within an agreed upon timeframe.  All Confidential Questionnaires and Releases and all other submissions by the Class Member to the Fund Administrator shall be signed by the Class Member under penalty of perjury.

b. <u>Factors</u>: Following receipt of a Class Member's Confidential Questionnaire and Release, in order to determine their Allocated Amount, the Fund Administrator shall consider the following information: the circumstances, severity, type, and extent of the alleged abuse or trafficking, the nature and duration of the relationship with Epstein, any cooperation with government investigations, refusal to cooperate with government investigations, or refusal to cooperate with this civil litigation, including any convictions relating to Epstein's sex trafficking venture, and the impact of the alleged conduct on the Participating Claimant, and any other factors the Fund Administrator deems relevant.

c. <u>Documentation</u>:  Class Members shall submit such other supporting documents or material, if any, to the Fund Administrator as the Fund Administrator may request within an agreed upon timeframe.

d. <u>Fund Administrator's Determination</u>:  For the avoidance of doubt, should the Fund Administrator have concerns as to the accuracy of a Participating Claimant's Confidential Questionnaire and Release answers, allegations, or any other information submitted, the Fund Administrator shall promptly notify Class Counsel in writing of those concerns, and Class Counsel will make such response as they believe appropriate.  Should the Fund Administrator then find that the Participating Claimant's allegations lack credibility, the Fund Administrator shall take that finding into consideration in making an award and, if appropriate, shall deny such individual any allocation of the Global Settlement Amount.  The Fund Administrator's determination with respect to eligibility shall be final.  All communications between the Fund Administrator and a Class Member, including the submission of a Confidential Questionnaire and Release, are protected under the mediation privilege, Rule 408 of the Federal Rules of Evidence, and all applicable state analogues.

e. <u>Meeting</u>:  The Fund Administrator may hold a meeting (by video or in person) with any Class Member, who submits a Confidential Questionnaire and Release and/or supporting documentation, at the Fund Administrator's discretion.

| DO I NEED TO CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND? |
|---|

No. If you have received this Notice and timely submit your Confidential Questionnaire and Release through a secure, dedicated online portal, you do not need to contact Class Counsel.  If your address changes, please contact the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
[Administrator's Mailing Address]
Email: Simone@simonelelchuk.com

Questions? Visit [X]

**EXHIBIT A-1**

**THERE WILL BE NO PAYMENTS IF THE STIPULATION OF SETTLEMENT IS TERMINATED**

The Stipulation of Settlement may be terminated under several circumstances outlined in it.  If the Stipulation of Settlement is terminated, the Litigation will proceed as if the Stipulation of Settlement had not been entered into.

| WHAT ARE THE REASONS FOR SETTLEMENT? |
| --- |

The Settlement was reached after contested motion practice directed to the sufficiency of the allegations supporting Class Representative's claims.  The parties also completed a substantial portion of document, deposition, and expert discovery.  Nevertheless, the Court has not reached any final decisions in connection with Class Representative's claims against Defendant.  Instead, Class Representative and Defendant have agreed to the Settlement, which was reached with the substantial assistance of a highly respected mediator.  In reaching the Settlement, the parties have avoided the cost, delay, and uncertainty of further litigation, including trial.

Class Representative's principal reason for entering into the Settlement is the benefit provided to the Class now, without further risk or the delays inherent in continued litigation.  As in any litigation, Class Representative and the Class would face an uncertain outcome if they did not agree to the Settlement.  If Class Representative succeeded at summary judgment or at trial, Defendant would likely file appeals that would postpone final resolution of the case.  Continuation of the Litigation against Defendant could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Class Representative and Class Counsel believe that this Settlement is fair and reasonable to the Members of the Class.  They have reached this conclusion for several reasons.  Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery.  Additionally, Class Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Class.

Defendant is entering into this Settlement to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in such Litigation.  Defendant has denied and continues to deny each and all of the claims and contentions alleged by Class Representative in the Litigation.  Defendant expressly has denied and continue to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendant also has denied and continues to deny, among other things, the allegations that Class Representative or the Class has suffered any damage, or that Class Representative or the Class was harmed by the conduct alleged in the Litigation.  Defendant has determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.

| WHO REPRESENTS THE CLASS? |
| --- |

The following attorneys are counsel for the Class:

Sigrid McCawley
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Email: EpsteinBOASettlement@bsfllp.com

Brittany Henderson
Brad Edwards
EDWARDS HENDERSON PLLC
425 N Andrews Ave, STE 2
Fort Lauderdale, FL 33301

Questions? Visit [X]

**EXHIBIT A-1**

Telephone: (833) 780-0834

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Class Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Stipulation of Settlement or Confidential Questionnaire and Release online at [X].

## HOW WILL THE CLASS REPRESENTATIVE'S LAWYERS BE PAID?

BSF and EH, as Class Counsel, will file a motion for an award of attorneys' fees, costs, and expenses that will be considered at the Settlement Hearing. Class Counsel will apply for an attorneys' fee award in an amount not to exceed thirty percent (30%) of the Global Settlement Amount, plus payment of any unreimbursed costs and expenses incurred in connection with this Litigation, plus interest earned on both amounts at the same rate as earned in the Qualified Settlement Fund. Such sums as may be approved by the Court will be paid from the Global Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and costs, and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Class Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested. Class Counsel shall not share any amount of attorneys' fees, costs, or expenses awarded to them with any other firm or individual.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendant on your own about the legal issues in this case, then you must take steps to exclude yourself from, or "opt out" of, the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Class, you must send a signed letter by First-Class Mail saying that you want to be excluded from the Class in the following Litigation: *Jane Doe v. Bank of America, N.A.*, No. 1:25-CV-8520 (JSR). Be sure to include your name, address, telephone number. Your exclusion request must be postmarked **no later than _____, 2026** and sent to the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
[Mailing Address]

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, charges, and expenses, and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Class Counsel and Defendant's Counsel, at the addresses listed below **by _____, 2026**. The Court's address is: Hon. Jed S. Rakoff, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007; Class Counsel's address is: Boies Schiller Flexner LLP, 55 Hudson Yards, 20th Floor, New York, NY 10001, c/o Andrew Villacastin; the address for Defendant's Counsel is: Jones Day, 110 N Wacker Dr., Suite 4800, Chicago, IL 60606 c/o Bethany Biesenthal.

**EXHIBIT A-1**

You may attend the Settlement Hearing, and you may ask to speak to present any objections you have, but attendance at the Settlement Hearing is not necessary. Persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

You must timely complete and return the Confidential Questionnaire and Release that accompanies this Notice. A Confidential Questionnaire and Release is enclosed with this Notice and may be downloaded at [X]. Read the instructions carefully; fill out the Confidential Questionnaire and Release; electronically sign it; and submit it online so that it is **received online no later than _____, 2026 or, if submitting by mail, postmarked by no later than _____, 2026**. If you do not submit a timely Confidential Questionnaire and Release with the required information, you will not receive a payment from the Global Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation of Settlement, all Class Members who have not submitted valid and timely requests to be excluded from the Settlement shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendant Parties from all Released Claims, as set forth fully in ¶¶ 4.1–4.3 of the Stipulation of Settlement.

- "Released Plaintiffs' Claims" means any and all claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Defendant Parties that the Released Plaintiff Parties (a) asserted in the Litigation against the Released Defendant Parties, (b) could have asserted in the Litigation against the Released Defendant Parties, or (c) could assert against the Released Defendant Parties in any other action or forum with respect to Epstein, including but not limited to claims relating to "Epstein-related individuals," "Epstein-related entities," or "Epstein-related accounts" as Plaintiffs have defined those terms in this Litigation arising from any act or conduct of a Released Defendant Party or any act or conduct of any other person or entity that can be imputed to a Released Defendant Party. Released Plaintiffs' Claims include all claims referring or relating in any way to conduct of Released Defendant Parties that pre-dates the Class Period. "Released Plaintiffs' Claims" does not include: (i) any claims of any Person who submits an Opt-Out Form that is accepted by the Court; (ii) claims relating to the enforcement of the Settlement; or (iii) any individual claims against any natural person who is a Released Defendant Party for any alleged sexual assault committed by that natural person against any Member of the Class. For the avoidance of doubt, this Settlement does not release and shall not be construed to release any claims against Jeffrey Epstein, his Estate, or any trustee, successor, or representative of his estate; any Epstein-related individuals specifically identified by name in paragraph 13 of Plaintiff's first set of interrogatories in this Litigation; or any natural person who sexually abused any Class Member. This release is intended to release, to the maximum extent allowable under law, any claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits,

**EXHIBIT A-1**

contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, that could be brought to recover damages from the Released Defendant Parties on behalf of a Member of the Class by any other party, including any sovereign or government, relating to or arising from any Member of the Class's harm, injury, abuse, exploitation, or trafficking by Jeffrey Epstein or by any person who is in any way connected to or otherwise associated with Jeffrey Epstein, as well as any right to recovery on account thereof.

- "Released Defendant Parties" mean Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Inc., BofA Securities, Inc., and Bank of America Corporation, together with their respective past and present direct or indirect parents, subsidiaries, corporate affiliates, predecessors, and successors; each of those entities' respective past or present officers, directors, and agents acting within the scope of their duties on behalf of the foregoing entities; and each of those entities' respective past or present employees for any act connected in any way to their employment. Nothing contained in this Stipulation of Settlement shall constitute a release of any Class Members' claims against any natural person who sexually abused them.

- "Released Plaintiff Parties" mean (i) any and all Class Members, Participating Claimants, Class Representatives, Class Counsel, and each of their successors, predecessors, and past, present, and future: parent corporations, sister corporations, subsidiaries, and affiliated Persons and (ii) any and all of the foregoing's respective past, present, or future: principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest. Released Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but who properly exclude(s) themselves by filing a valid and timely Opt-Out Form. For avoidance of doubt, nothing contained in the Stipulation of Settlement shall constitute a release of any of the Released Defendant Parties' claims, rights, or causes of action against their insurers and reinsurers.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____**, 2026**, before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation of Settlement should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Stipulation of Settlement should be entered; (3) to award Class Counsel's fees, costs, and expenses out of the Settlement Fund and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Members of the Class.

To determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the settlement website, [X], before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person, telephonic or video conference appearances at the hearing, including access information, will be posted to the website.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or their objection is made in writing and is filed together with proof of membership in the Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Hearing with the Court no later than _____**, 2026**, and with proof of service on the following counsel:

**EXHIBIT A-1**

| Counsel for<br>Class Representative and the Class | Counsel for<br>Defendant Bank of America, N.A. |
|---|---|
| Andrew Villacastin<br>Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY 10001 | Bethany Biesenthal<br>Jones Day<br>110 N Wacker Dr., Suite 4800<br>Chicago, IL 60606 |

Unless otherwise directed by the Court, any Class Member who does not make his, her, or their objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2026.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Defendant Parties, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Litigation may be examined and copied during regular office hours, and subject to customary fees, at the Clerk of the United States District Court for the Southern District of New York. For a fee, all papers filed in this Litigation are available at www.pacer.gov. In addition, all Settlement documents, including the Stipulation of Settlement, this Notice, the Confidential Questionnaire and Release and proposed Judgment may be obtained by visiting [X] or by contacting the Fund Administrator at:

Simone Lelchuk<br>
Resolution Services LLC<br>
[Administrator's Mailing Address]<br>
Email: Simone@simonelelchuk.com

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION**

DATED: [X], 2026          BY ORDER OF THE
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>

Jane Doe, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.

Bank of America, N.A.,

    Defendant.

</td>
<td>

Case No. 1:25-cv-8520-JSR

</td>
</tr>
</table>

<u>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**TO: ALL WOMEN WHO WERE SEXUALLY ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN BETWEEN JUNE 30, 2008 AND JULY 6, 2019, INCLUSIVE (THE "CLASS PERIOD").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____**, 2026**, before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, 10007 to determine whether: (1) the proposed settlement (the "Settlement") of the above captioned case ("Litigation") as set forth in the Stipulation of Settlement dated March 27, 2026[1] for $72,500,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation of Settlement should be entered dismissing the Litigation with prejudice; (3) to award Boies Schiller Flexner LLP and Edwards Henderson PLLC attorneys' fees, and unreimbursed costs and expenses out of the Settlement Fund and Named Plaintiff an incentive award out of the Global Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation (as described in the Settlement Agreement and Notice) should be approved by the Court as fair, reasonable, and adequate. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Class Members.

You are a Class Member if you are included within the following group:

All women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture, between June 30, 2008 and July 6, 2019, inclusive. This includes, but is not limited to, (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated

---

[1] The Settlement Agreement can be viewed and/or obtained at [X].

QUESTIONS? CALL 212-641-0800 OR VISIT [X]

with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact).

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Confidential Questionnaire and Release through a secure, dedicated online portal (**no later than _____, 2026**) or by mail such that it is postmarked no later than _____**, 2026**. Your failure to submit a Confidential Questionnaire and Release by _____**, 2026** will result in a rejection of your claim and preclude you from receiving any recovery in connection with the Settlement of this Litigation.

To opt-out of the Settlement and preserve your claims related to the Litigation, you must submit a request for exclusion (Opt-Out Form) through first-class mail such that it is postmarked no later than _____**, 2026** in the manner and form explained in the Notice.

If you would like a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), or the Settlement Forms described herein, you may obtain these documents, as well as a copy of the Stipulation of Settlement (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at [X].

Inquiries should NOT be directed to Defendant, Defendant's Counsel, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for the Settlement Forms, may be made to Class Counsel:

Sigrid McCawley
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Email: EpsteinBOASettlement@bsfllp.com

Brad Edwards
Brittany Henderson
EDWARDS HENDERSON PLLC
425 N Andrews Ave, STE 2
Fort Lauderdale, FL 33301
Telephone: (833) 780-0834

QUESTIONS? CALL [X] OR VISIT [X]

**EXHIBIT A-2**

       IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A SIGNED LETTER VIA FIRST-CLASS MAIL TO OPT OUT OF THIS SETTLEMENT SUCH THAT IT IS **POSTMARKED BY** _____**, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT SETTLEMENT FORMS.

       IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL NOT TO EXCEED THIRTY PERCENT (30%) OF THE SETTLEMENT AMOUNT AND UNREIMBURSED COSTS AND EXPENSES, PLUS INTEREST EARNED ON BOTH AMOUNTS AT THE SAME RATE AS EARNED IN THE GLOBAL SETTLEMENT FUND. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND RECEIVED BY CLASS COUNSEL AND DEFENDANT'S COUNSEL **BY** _____**, 2026** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

                     BY ORDER OF THE
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK