# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jane Doe, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>Bank of America, N.A.,<br><br>    Defendant. | Case No. 1:25-CV-8520 (JSR) |

**DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

1.      I was selected by the parties to mediate the above-captioned action. While the mediation process is confidential, the parties have authorized me to inform the Court of the matters presented in this declaration regarding Plaintiff's motion for preliminary approval of the settlement.  My statements and those of the parties during the mediation proceedings are subject to a confidentiality agreement, and I do not intend to waive that agreement.  I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2.      I am a former United States District Judge, and former United States Attorney.  I am also a retired partner from the law firm of Irell & Manella LLP, and a Fellow in the American College of Trial Lawyers.  I have mediated many cases before this Court over the years, including the Petrobras Securities case, and another matter, the Bank Rate Securities case, in which the Court asked the parties to make me available to the Court for a discussion prior to settlement approval, which occurred.

1

3.      Although the above referenced matters were securities cases before this Court, I have extensive experience in sexual harassment and abuse cases, including having mediated the related case, *Doe 1 v. JPMorgan Chase Bank, N.A.*, (22-cv-10019) (S.D.N.Y.).  I also mediated the claims arising out of the Michigan State University and USA Gymnastics abuse cases involving Dr. Lawrence Nassar, the University of Southern California abuse cases involving allegations against Dr. George Tyndall, the Fox News sexual harassment cases as outlined in the *City of Monroe Employees' Retirement System v Murdoch et al*, Delaware Chancery Court, No. 2017-0833, all of which were subject to public disclosure, and many other such matters that were privately resolved.  I am also serving as the Court-appointed mediator in The Ohio State University men's sexual abuse litigation.

4.      Over the past 25 years as a mediator, I have assisted parties in forging settlements of complex disputes involving tens of billions of dollars in the aggregate.

5.      I served as the mediator in connection with the proposed settlement of the above referenced action, entitled *Jane Doe v. Bank of America, N.A.*, pending in the United States District Court for the Southern District of New York.

6.      I have set forth my background as a mediator to provide context for the comments that follow, and to demonstrate that my perspective on the settlement of this Action is rooted in significant experience in the resolution of complex litigation. As described below, this Action presented complicated legal, factual, and practical issues. The parties were represented during the mediation process through zealous and able counsel, who negotiated aggressively and at arm's-length.  I am strongly of the view that the settlement of this Action reached at the end of the mediation process represents a reasonable and practical resolution of highly uncertain litigation. The Court, of course, will make determinations as to the "fairness" of the settlement under applicable legal standards. From my involvement as the mediator for the case, I observed firsthand

2

all sides of the case were represented by sophisticated and capable counsel who displayed the highest level of professionalism. The negotiation process was *bona fide* and, at times, extremely contentious, as counsel for each side vigorously advocated their clients' positions, including their clients' potential risks.

### The Mediation Process

7.     The formal mediation sessions in this case were conducted on February 20, 2026 and on March 9, 2026 in New York City.  The parties entered into the binding Term Sheet on March 15, 2026.

8.     Prior to mediation, the parties submitted extensive mediation briefs, documentary evidence, deposition excerpts, and copies of various court filings and orders.

9.     In addition to these sessions, there were pre-mediation and post-mediation telephonic conferences with counsel for the parties to develop a fuller understanding of the range of disputes to be settled.

10.     In these numerous sessions, counsel made vigorous and substantive presentations regarding their clients' positions on key contested issues and damages, and their adversaries responded in kind.  The parties negotiated aggressively, effectively, and at arm's length.  I believe the parties' advocacy and ultimate compromise of the disputed issues were the result of reasonable, arm's-length bargaining and represent reasonable settlement terms considering the strengths and weaknesses of the parties' factual and legal positions.  After these in-person sessions, the Parties reached an agreement in principle on March 11, 2026.

11.     The settlement of this Action provides monetary consideration to the Class of approximately Seventy-Two Million and Five-Hundred Thousand Dollars ($72,500,000).

12.     In light of the sophisticated factual, legal, and damages issues involved and the significant time to litigate and negotiate this resolution, I view the total settlement in large part as

3

a testament to the abilities and efforts of a highly talented and committed group of counsel and dedicated principals. I can state that each settlement term represents a heavily negotiated and arm's-length compromise of disputed claims among experienced and able counsel.

13.     The Court, of course, will make determinations as to the "fairness" of the settlement under applicable legal standards, but based on my experience as a mediator, it is my professional opinion that the proposed settlement is fair, reasonable, and adequate. There is substantial monetary consideration flowing to the Class, with due recognition to the complexity of the facts and legal contentions at issue, and a real threat of years of litigation and appeals absent a resolution. I believe the settlement agreement was the highest number that the plaintiffs could have achieved at the time of resolution.

14.     Therefore, based on my knowledge of this Action, all the materials provided to me, the efforts of counsel, the intensity of the negotiations, the litigation risks, and the benefits reached in the proposed settlement, I believe that this is a fair, reasonable and adequate settlement of all claims, and I respectfully recommend that it be approved by the Court.

Dated:  March 25, 2026                              Respectfully Submitted,

By: _____
Layn R. Phillips, Esq.

4