**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 25-cv-8520 (JSR) |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE CLASS

1

WHEREAS, an action pending before this Court is styled *Jane Doe v. Bank of America, N.A.*, Case No. 1:25-CV-8520 (JSR) (the "Litigation");

WHEREAS, Settlement Class Representative, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated March 27, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Settlement will resolve the claims of all women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive.  This includes, but is not limited to, (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein,

engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact). Bank of America, N.A. stipulates, agrees, and consents to the definition of "Class" for the sole purpose of the Settlement, and without prejudice to its right to challenge class certification and/or the class definition in the event that the Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason.

WHEREAS, the Settling Parties have consented to the entry of this Order; and WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶ 5 below).

2.      The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of good faith, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; and (iv) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive.

3

4.      For the purposes of this Settlement only, Lead Plaintiff Jane Doe is preliminarily certified as the Settlement Class Representative, and Boies Schiller Flexner LLP and Edwards Henderson PLLC are preliminarily certified as Class Counsel.

5.      A hearing shall be held before this Court on August 27, 2026, at 11:00 a.m. (the "Settlement Hearing"), at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment should be entered; (c) determine whether the proposed Plan of Allocation as described in the Notice (as defined below) should be approved; (d) determine the amount of attorneys' fees, and unreimbursed costs and expenses that should be awarded to Class Counsel; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, the award of attorneys' fees and expenses to Class Counsel; and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class.

6.      The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice"), substantially in the form annexed hereto as Exhibit A-1.

7.      The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-2.

8.      Simone Lelchuk (the "Fund Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below, subject to the Court's supervision and if in the Court's opinion appropriate, de novo review.

9.      No later than ten (10) calendar days after the entry of this Order, or April 13, 2026

(the "Notice Date"), the Fund Administrator shall cause a copy of the Notice and the Confidential Questionnaire and Release to be mailed by First-Class Mail or electronic mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website. For all Notices returned as undeliverable, the Fund Administrator shall use her best efforts to locate updated addresses.

10.     No later than twenty-five (25) calendar days after the entry of this Order, or April 28, 2026, the Fund Administrator shall cause the Summary Notice to be published once in *USA Today*, *People*, and *Gazeta Wyborcza*. The Fund Administrator shall also supervise a social media campaign (in various languages) on Facebook and Instagram that targets geographies likely to contain potential Class Members. The Fund Administrator may also cause the Summary Notice to be published in additional European publications that she recommends and the Court approves.

11.     At least forty-five (45) calendar days prior to the Settlement Hearing, or July 13, 2026, Class Counsel shall serve Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and Due Process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or

obtain by any means (including, without limitation, by submitting a Confidential Questionnaire and Release, or any similar document) any distribution from the Global Settlement Amount.

14.     In order to receive funds from the Settlement, Class Members (or Class Counsel, on their behalf) must submit a Confidential Questionnaire and Release. Unless the Court orders otherwise, all Confidential Questionnaires and Releases must be postmarked or submitted electronically no later than sixty (60) calendar days from the Notice Date, or June 12, 2026. If deemed eligible by the Fund Administrator, such Claimants ("Participating Claimants") will receive an amount as determined by the Fund Administrator based on the circumstances, severity, type, and extent of the alleged abuse or trafficking; the nature and duration of the relationship with Epstein; any cooperation with government investigations, refusal to cooperate with government investigations, or refusal to cooperate with this civil litigation, including any convictions relating to Epstein's sex-trafficking venture; the impact of the alleged conduct on the Participating Claimant; and any other factors the Fund Administrator deems relevant. Any Class Member who does not submit a Confidential Questionnaire and Release within the time provided shall in all other respects be bound by the terms of the Stipulation and by any Final Judgment entered by the Court.

15.     Any Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Class Member does not enter an appearance, they will be represented by Class Counsel.

16.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt-out" from the Class. Any such Person must submit to the Fund Administrator a request for exclusion ("Opt-Out Form"), by First-Class Mail. To be valid, the Opt-Out Form must be postmarked or submitted electronically no later than thirty (30) calendar days from the Notice

6

Date, or May 13, 2026. An Opt-Out Form must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; and (b) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Opt-Out Forms in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Global Settlement Amount, and shall not be bound by the Stipulation or the Final Judgment.

17. Within seven (7) calendar days of receiving any Opt-Out Form, the Fund Administrator shall deliver a copy of each such Opt-Out Form to Class Counsel and Defendant's Counsel. The Fund Administrator shall also provide any written revocation of Opt-Out Forms within seven (7) calendar days of receipt.

18. Any Class Member may appear at the Settlement Hearing and object if she has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with unreimbursed costs and expenses should not be awarded; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Boies Schiller Flexner LLP, Andrew Villacastin, 55 Hudson Yards, 20th Floor, New York, NY 10001; Jones Day, Bethany K. Biesenthal, 110 North Wacker Drive, Suite 4800, Chicago, IL 60606, no later than twenty-one (21) days prior to the Settlement Hearing, or August 6, 2026. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation as described in the Stipulation and Notice, or to the award of fees, costs,

and expenses to Class Counsel, or Settlement Class Representative, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

19.    Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class.

20.    Any Class Member who does not object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorneys' fees, costs, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Class Counsel for an award of attorneys' fees together with costs, and expenses.

21.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     All papers in support of the Settlement, Plan of Allocation, and any application by Class Counsel for attorneys' fees, and unreimbursed costs and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or July 23, 2026, any opposition papers thereto shall be filed and served no later than twenty-one (21) calendar days before the Settlement Hearing, or August 6, 2026, and any reply papers shall be filed and served no later than seven (7) days before the Settlement Hearing, or August 20, 2026.

23.     The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees submitted by Class Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

24.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, and unreimbursed costs and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or unreimbursed costs and expenses.

25.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Settlement Class Representative nor Class Counsel nor the Fund Administrator shall have

any obligation to repay any amount actually and properly incurred or disbursed pursuant to Section 5 of the Stipulation.

26.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, prior agreements, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Settlement Class Representative, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Settlement Class Representative nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

28.    The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without notice to the Class.

29.    In the event the Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of March 11, 2026 and shall meet and confer regarding a new case schedule for the Litigation.    In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

30.    The Parties shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendant is responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) calendar days before the Settlement Hearing, or August 13, 2026, Defendant shall file with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

IT IS SO ORDERED.

DATED:    4/3/26

_____

11

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jane Doe, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>Bank of America, N.A.,<br><br>     Defendant. | Case No. 1:25-CV-8520 (JSR) |

**NOTICE OF PROPOSED**
**SETTLEMENT OF CLASS ACTION**

TO:    ALL WOMEN WHO WERE SEXUALLY ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN BETWEEN JUNE 30, 2008 AND JULY 6, 2019, INCLUSIVE (THE "CLASS PERIOD").

IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A CONFIDENTIAL QUESTIONNAIRE AND RELEASE BY _____, 2026.

THIS NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION ("NOTICE") WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement of the above-captioned class action lawsuit (the "Litigation") for $72.5 million in cash (the "Settlement"), and the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March 27, 2026, by and between Settlement Class Representative Jane Doe ("Class Representative"), on behalf of herself and the Class (as defined below), on the one hand, and Defendant Bank of America, N.A. ("Defendant"), on the other hand.[1] You may be a Class Member eligible to receive compensation related to the Settlement.

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

You are a "Class Member" if you were abused or trafficked by Jeffrey Epstein ("Epstein"), or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture during the period between June 30, 2008 and July 6, 2019, as defined below:

> All women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive. This includes, but is not limited to: (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement. To the extent there is any conflict between the definitions of capitalized terms in this Notice and the Stipulation of Settlement, the definition in the Stipulation of Settlement controls. A copy of the Stipulation is available by contacting the Fund Administrator or visiting her website, as more fully set forth herein.

Questions? Visit [X]

1

**EXHIBIT A-1**

anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact).

The "Class" includes any "Class Member" as defined immediately above.

As set forth in the Stipulation of Settlement, anyone who timely and validly requests exclusion (i.e., opts out) pursuant to the requirements described on page 7 below is ineligible to participate in the Settlement.

**PLEASE NOTE:** You may apply for payment pursuant to this Settlement by timely completing a Confidential Questionnaire and Release and the required supporting documentation as set forth therein, submitted online or mailed to the Fund Administrator on or before _____, **2026**. The Confidential Questionnaire and Release will be reviewed by the Fund Administrator to determine whether you are a Participating Claimant.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A QUESTIONNAIRE AND RELEASE** | In order to be eligible to receive payment from the Settlement as a Participating Claimant, you must submit a Confidential Questionnaire and Release to the Fund Administrator. **Confidential Questionnaires and Releases must be received through a secure, dedicated online portal on or before _____, 2026. or mailed so as to be postmarked on or before _____, 2026 to the Fund Administrator.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION** | If you choose to exclude yourself from the Settlement, then you will get no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against Defendant or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendant and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Opt-Out Forms must be in the form of a signed letter, mailed to the Fund Administrator via First Class Mail, and postmarked on or before _____, 2026.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement. **Objections must be received on or before _____, 2026.** |
| **GO TO THE HEARING ON _____, 2026, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be received on or before _____, 2026. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
| **DO NOTHING** | As a Class Member, you are not required to apply for any funds from the Settlement. You may instead choose to do nothing, and you will not receive any payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendant or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

**EXHIBIT A-1**

**SUMMARY OF THIS NOTICE**

**Description of the Litigation and the Class**

This Notice relates to a proposed settlement of claims in a pending class action brought by victims of Jeffrey Epstein's sex trafficking venture alleging, among other things, that Defendant violated the Trafficking Victims Protection Act ("TVPA") by providing him and his associates with access to wire services and failing in their compliance and regulatory obligations to report suspicious conduct by Epstein and his associates. A more detailed description of the Litigation is set forth on pages 3–4 below. The proposed Settlement, if approved by the Court, will settle claims of all Class Members.

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $72.5 million settlement fund will be established (the "Global Settlement Amount"). The Global Settlement Amount, together with any interest earned thereon, will be deposited into a "Qualified Settlement Fund." The amount in the Qualified Settlement Fund, less (a) any taxes, (b) any Court-awarded attorneys' fees, unreimbursed expenses of Class Counsel, and interest thereon; and (c) any other Court-approved deductions, is the "Net Settlement Fund." The Net Settlement Fund will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on page 5 below. Distribution under the plan will vary based on each Participating Claimant's responses on the Confidential Questionnaire and Release. A Class Member's actual recovery will be determined by the information provided to the Fund Administrator. *See* Plan of Allocation set forth and discussed at page 5 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendant denies that it is liable to the Class and deny that the Class has suffered any injury or damages as a result of Defendant's conduct. The issues on which the parties disagree are many, but include: (1) whether Defendant engaged in conduct that would give rise to any liability to the Class under the TVPA; (2) whether Defendant has valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount of damages (if at all) suffered during the Class Period; and (4) the extent to which (if at all) Defendant's conduct obstructed government investigation into Epstein's sex trafficking venture.

**Statement of Attorneys' Fees and Expenses Sought**

Boies Schiller Flexner LLP ("BSF") and Edwards Henderson ("EH") as Class Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Global Settlement Amount, plus unreimbursed costs and expenses, plus interest earned on both amounts at the same rate as earned in the Qualified Settlement Fund. Since being named Class Counsel, BSF and EH have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery.

**Further Information**

For further information regarding the Litigation or this Notice or to review the Stipulation of Settlement, please visit the website [X] or contact the Fund Administrator at Simone@simonelelchuk.com.

You may also contact a representative of counsel for the Class: Sigrid McCawley or Andrew Villacastin at Boies Schiller Flexner LLP: 55 Hudson Yards, New York, New York 10001; (212) 446-2300; or Brittany Henderson or Brad Edwards at Edwards Henderson PLLC; 425 N Andrews Ave, STE 2, Fort Lauderdale, FL 33301; (833) 780-0834; or email at: EpsteinBOASettlement@bsfllp.com.

**Please Do Not Call the Court or Defendant with Questions About the Settlement.**

**EXHIBIT A-1**

| WHAT IS THIS LAWSUIT ABOUT? |
|---|

### THE ALLEGATIONS

The Litigation is currently pending before the Honorable Jed S. Rakoff in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in this action was filed on October 15, 2025, and an Amended Complaint was filed on December 29, 2025.

Class Representative's Amended Complaint alleges that Defendant violated §§ 1591(a)(1), (2); 1591(d); and 1595 of the TVPA. More specifically, the Class Representative alleges that during the Class Period, Defendant provided Epstein and his associates with access to wire services despite knowing about Epstein's sex trafficking venture. Additionally, the Class Representative alleges Defendant helped Epstein and his associates avoid regulatory scrutiny and criminal prosecution through failing in Defendant's compliance and regulatory obligations so that Defendant could profit from Epstein and his associates. The Class Representative alleges that Defendant's conduct, through its non-typical banking relationship with Epstein, damages victims of Epstein's sex trafficking venture.

Defendant denies all of the Class Representative's claims, allegations, and contentions of fault, liability, wrongdoing, and damages. Defendant contends that they had a normal banking relationship with Epstein, his associates, and Epstein-related entities and had no knowledge that Epstein was engaged in a sex trafficking venture during the time that Bank of America, N.A. was providing banking services to Epstein, his associates, and Epstein-related entities and that Bank of America, N.A. did not engage in any conduct that resulted in harm to alleged victims of Epstein's sex trafficking venture.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANT IS LIABLE TO CLASS REPRESENTATIVE OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

### PROCEDURAL HISTORY

On November 13, 2025, Defendant moved to dismiss the Complaint. Plaintiff filed the Amended Complaint on December 29, 2025. The Court granted in part and denied in part the motion on January 29, 2026. Defendant answered the Amended Complaint on February 19, 2026.

On February 20 and March 9, 2026, the Settling Parties participated in confidential mediation with Judge Layn Phillips of Phillips ADR, a retired judge and an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations during the mediation sessions and outside the sessions and reached a settlement in principle on March 11, 2026. The Settling Parties drafted a confidential Settlement Term Sheet ("Term Sheet"), memorializing their agreement to settle the Class's claims against Bank of America and end the Litigation, and executed the Term Sheet on March 15, 2026. The Term Sheet included, among other things, the Settling Parties' agreement to settle and dismiss with prejudice the Litigation and grant full mutual releases in return for a cash payment of $72.5 million by and/or on behalf of the Bank for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

| WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT? |
|---|

The Settlement, if approved, will result in the creation of a cash settlement fund of $72.5 million. This fund, plus accrued interest and minus attorneys' fees and unreimbursed expenses, as approved by the Court, will be distributed to Participating Claimants pursuant to the Plan of Allocation that is described in the next section of this Notice.

**EXHIBIT A-1**

| WHAT IS THE PROPOSED PLAN OF ALLOCATION? |
|:---:|

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Participating Claimants based on their respective alleged economic losses resulting from the TVPA violations alleged in the Litigation pursuant to the terms of the Stipulation.

The Fund Administrator shall determine a Class Member's assigned settlement amount (the "Allocated Amount") from the Global Settlement Amount. In determining an Allocated Amount, the Fund Administrator and/or her designees shall consider the following:

a. <u>Confidential Questionnaire and Release</u>: As discussed above, a Class Member who wishes to qualify as a Participating Claimant shall submit the Confidential Questionnaire and Release, along with supporting documentation within an agreed upon timeframe. All Confidential Questionnaires and Releases and all other submissions by the Class Member to the Fund Administrator shall be signed by the Class Member under penalty of perjury.

b. <u>Factors</u>: Following receipt of a Class Member's Confidential Questionnaire and Release, in order to determine their Allocated Amount, the Fund Administrator shall consider the following information: the circumstances, severity, type, and extent of the alleged abuse or trafficking, the nature and duration of the relationship with Epstein, any cooperation with government investigations, refusal to cooperate with government investigations, or refusal to cooperate with this civil litigation, including any convictions relating to Epstein's sex trafficking venture, and the impact of the alleged conduct on the Participating Claimant, and any other factors the Fund Administrator deems relevant.

c. <u>Documentation</u>: Class Members shall submit such other supporting documents or material, if any, to the Fund Administrator as the Fund Administrator may request within an agreed upon timeframe.

d. <u>Fund Administrator's Determination</u>: For the avoidance of doubt, should the Fund Administrator have concerns as to the accuracy of a Participating Claimant's Confidential Questionnaire and Release answers, allegations, or any other information submitted, the Fund Administrator shall promptly notify Class Counsel in writing of those concerns, and Class Counsel will make such response as they believe appropriate. Should the Fund Administrator then find that the Participating Claimant's allegations lack credibility, the Fund Administrator shall take that finding into consideration in making an award and, if appropriate, shall deny such individual any allocation of the Global Settlement Amount. The Fund Administrator's determination with respect to eligibility shall be final. All communications between the Fund Administrator and a Class Member, including the submission of a Confidential Questionnaire and Release, are protected under the mediation privilege, Rule 408 of the Federal Rules of Evidence, and all applicable state analogues.

e. <u>Meeting</u>: The Fund Administrator may hold a meeting (by video or in person) with any Class Member, who submits a Confidential Questionnaire and Release and/or supporting documentation, at the Fund Administrator's discretion.

| DO I NEED TO CONTACT CLASS COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND? |
|:---:|

No. If you have received this Notice and timely submit your Confidential Questionnaire and Release through a secure, dedicated online portal, you do not need to contact Class Counsel. If your address changes, please contact the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
[Administrator's Mailing Address]
Email: Simone@simonelelchuk.com

Questions? Visit [X]
5

EXHIBIT A-1

**THERE WILL BE NO PAYMENTS IF THE STIPULATION OF SETTLEMENT IS TERMINATED**

The Stipulation of Settlement may be terminated under several circumstances outlined in it. If the Stipulation of Settlement is terminated, the Litigation will proceed as if the Stipulation of Settlement had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after contested motion practice directed to the sufficiency of the allegations supporting Class Representative's claims. The parties also completed a substantial portion of document, deposition, and expert discovery. Nevertheless, the Court has not reached any final decisions in connection with Class Representative's claims against Defendant. Instead, Class Representative and Defendant have agreed to the Settlement, which was reached with the substantial assistance of a highly respected mediator. In reaching the Settlement, the parties have avoided the cost, delay, and uncertainty of further litigation, including trial.

Class Representative's principal reason for entering into the Settlement is the benefit provided to the Class now, without further risk or the delays inherent in continued litigation. As in any litigation, Class Representative and the Class would face an uncertain outcome if they did not agree to the Settlement. If Class Representative succeeded at summary judgment or at trial, Defendant would likely file appeals that would postpone final resolution of the case. Continuation of the Litigation against Defendant could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Class Representative and Class Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Class.

Defendant is entering into this Settlement to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in such Litigation. Defendant has denied and continues to deny each and all of the claims and contentions alleged by Class Representative in the Litigation. Defendant expressly has denied and continue to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendant also has denied and continues to deny, among other things, the allegations that Class Representative or the Class has suffered any damage, or that Class Representative or the Class was harmed by the conduct alleged in the Litigation. Defendant has determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Sigrid McCawley
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Email: EpsteinBOASettlement@bsfllp.com

Brittany Henderson
Brad Edwards
EDWARDS HENDERSON PLLC
425 N Andrews Ave, STE 2
Fort Lauderdale, FL 33301

Questions? Visit [X]
6

**EXHIBIT A-1**

Telephone: (833) 780-0834

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Class Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Stipulation of Settlement or Confidential Questionnaire and Release online at [X].

## HOW WILL THE CLASS REPRESENTATIVE'S LAWYERS BE PAID?

BSF and EH, as Class Counsel, will file a motion for an award of attorneys' fees, costs, and expenses that will be considered at the Settlement Hearing. Class Counsel will apply for an attorneys' fee award in an amount not to exceed thirty percent (30%) of the Global Settlement Amount, plus payment of any unreimbursed costs and expenses incurred in connection with this Litigation, plus interest earned on both amounts at the same rate as earned in the Qualified Settlement Fund. Such sums as may be approved by the Court will be paid from the Global Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and costs, and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Class Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested. Class Counsel shall not share any amount of attorneys' fees, costs, or expenses awarded to them with any other firm or individual.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendant on your own about the legal issues in this case, then you must take steps to exclude yourself from, or "opt out" of, the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Class, you must send a signed letter by First-Class Mail saying that you want to be excluded from the Class in the following Litigation: *Jane Doe v. Bank of America, N.A.*, No. 1:25-CV-8520 (JSR). Be sure to include your name, address, telephone number. Your exclusion request must be postmarked **no later than** _____, **2026** and sent to the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
[Mailing Address]

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, charges, and expenses, and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Class Counsel and Defendant's Counsel, at the addresses listed below **by** _____, **2026**. The Court's address is: Hon. Jed S. Rakoff, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007; Class Counsel's address is: Boies Schiller Flexner LLP, 55 Hudson Yards, 20th Floor, New York, NY 10001, c/o Andrew Villacastin; the address for Defendant's Counsel is: Jones Day, 110 N Wacker Dr., Suite 4800, Chicago, IL 60606 c/o Bethany Biesenthal.

**EXHIBIT A-1**

You may attend the Settlement Hearing, and you may ask to speak to present any objections you have, but attendance at the Settlement Hearing is not necessary. Persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

You must timely complete and return the Confidential Questionnaire and Release that accompanies this Notice. A Confidential Questionnaire and Release is enclosed with this Notice and may be downloaded at [X]. Read the instructions carefully; fill out the Confidential Questionnaire and Release; electronically sign it; and submit it online so that it is **received online no later than** _____**, 2026 or, if submitting by mail, postmarked by no later than** _____**, 2026**. If you do not submit a timely Confidential Questionnaire and Release with the required information, you will not receive a payment from the Global Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation of Settlement, all Class Members who have not submitted valid and timely requests to be excluded from the Settlement shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Defendant Parties from all Released Claims, as set forth fully in ¶¶ 4.1–4.3 of the Stipulation of Settlement.

- "Released Plaintiffs' Claims" means any and all claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Defendant Parties that the Released Plaintiff Parties (a) asserted in the Litigation against the Released Defendant Parties, (b) could have asserted in the Litigation against the Released Defendant Parties, or (c) could assert against the Released Defendant Parties in any other action or forum with respect to Epstein, including but not limited to claims relating to "Epstein-related individuals," "Epstein-related entities," or "Epstein-related accounts" as Plaintiffs have defined those terms in this Litigation arising from any act or conduct of a Released Defendant Party or any act or conduct of any other person or entity that can be imputed to a Released Defendant Party. Released Plaintiffs' Claims include all claims referring or relating in any way to conduct of Released Defendant Parties that pre-dates the Class Period. "Released Plaintiffs' Claims" does not include: (i) any claims of any Person who submits an Opt-Out Form that is accepted by the Court; (ii) claims relating to the enforcement of the Settlement; or (iii) any individual claims against any natural person who is a Released Defendant Party for any alleged sexual assault committed by that natural person against any Member of the Class. For the avoidance of doubt, this Settlement does not release and shall not be construed to release any claims against Jeffrey Epstein, his Estate, or any trustee, successor, or representative of his estate; any Epstein-related individuals specifically identified by name in paragraph 13 of Plaintiff's first set of interrogatories in this Litigation; or any natural person who sexually abused any Class Member. This release is intended to release, to the maximum extent allowable under law, any claims, rights and causes of action against Released Defendant Parties of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits,

**EXHIBIT A-1**

contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, that could be brought to recover damages from the Released Defendant Parties on behalf of a Member of the Class by any other party, including any sovereign or government, relating to or arising from any Member of the Class's harm, injury, abuse, exploitation, or trafficking by Jeffrey Epstein or by any person who is in any way connected to or otherwise associated with Jeffrey Epstein, as well as any right to recovery on account thereof.

- "Released Defendant Parties" mean Bank of America, N.A., Merrill Lynch, Pierce, Fenner & Smith, Inc., BofA Securities, Inc., and Bank of America Corporation, together with their respective past and present direct or indirect parents, subsidiaries, corporate affiliates, predecessors, and successors; each of those entities' respective past or present officers, directors, and agents acting within the scope of their duties on behalf of the foregoing entities; and each of those entities' respective past or present employees for any act connected in any way to their employment. Nothing contained in this Stipulation of Settlement shall constitute a release of any Class Members' claims against any natural person who sexually abused them.

- "Released Plaintiff Parties" mean (i) any and all Class Members, Participating Claimants, Class Representatives, Class Counsel, and each of their successors, predecessors, and past, present, and future: parent corporations, sister corporations, subsidiaries, and affiliated Persons and (ii) any and all of the foregoing's respective past, present, or future: principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, servants, agents, insurers, reinsurers, representatives, attorneys, legal representatives, and successors-in-interest. Released Plaintiff Parties does not include any Person who would otherwise be a Member of the Class but who properly exclude(s) themselves by filing a valid and timely Opt-Out Form. For avoidance of doubt, nothing contained in the Stipulation of Settlement shall constitute a release of any of the Released Defendant Parties' claims, rights, or causes of action against their insurers and reinsurers.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing on _____, 2026, before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation of Settlement should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Stipulation of Settlement should be entered; (3) to award Class Counsel's fees, costs, and expenses out of the Settlement Fund and, if so, in what amount; and (4) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Members of the Class.

To determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the settlement website, [X], before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person, telephonic or video conference appearances at the hearing, including access information, will be posted to the website.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or their objection is made in writing and is filed together with proof of membership in the Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Hearing with the Court no later than _____, 2026, and with proof of service on the following counsel:

Questions? Visit [X]

**EXHIBIT A-1**

| Counsel for<br>Class Representative and the Class | Counsel for<br>Defendant Bank of America, N.A. |
|---|---|
| Andrew Villacastin<br>Boies Schiller Flexner LLP<br>55 Hudson Yards<br>New York, NY 10001 | Bethany Biesenthal<br>Jones Day<br>110 N Wacker Dr., Suite 4800<br>Chicago, IL 60606 |

Unless otherwise directed by the Court, any Class Member who does not make his, her, or their objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2026.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Defendant Parties, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Litigation may be examined and copied during regular office hours, and subject to customary fees, at the Clerk of the United States District Court for the Southern District of New York. For a fee, all papers filed in this Litigation are available at www.pacer.gov. In addition, all Settlement documents, including the Stipulation of Settlement, this Notice, the Confidential Questionnaire and Release and proposed Judgment may be obtained by visiting [X] or by contacting the Fund Administrator at:

Simone Lelchuk
Resolution Services LLC
[Administrator's Mailing Address]
Email: Simone@simonelelchuk.com

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION**

DATED: [X], 2026          BY ORDER OF THE
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-2

EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Doe, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.

Bank of America, N.A.,

    Defendant.

Case No. 1:25-cv-8520-JSR

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **ALL WOMEN WHO WERE SEXUALLY ABUSED OR TRAFFICKED BY JEFFREY EPSTEIN BETWEEN JUNE 30, 2008 AND JULY 6, 2019, INCLUSIVE (THE "CLASS PERIOD").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2026, before the Honorable Jed S. Rakoff at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, 10007 to determine whether: (1) the proposed settlement (the "Settlement") of the above captioned case ("Litigation") as set forth in the Stipulation of Settlement dated March 27, 2026[1] for $72,500,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation of Settlement should be entered dismissing the Litigation with prejudice; (3) to award Boies Schiller Flexner LLP and Edwards Henderson PLLC attorneys' fees, and unreimbursed costs and expenses out of the Settlement Fund and Named Plaintiff an incentive award out of the Global Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; and (4) the Plan of Allocation (as described in the Settlement Agreement and Notice) should be approved by the Court as fair, reasonable, and adequate. The Court may adjourn or continue the Settlement Hearing, or hold it via telephone or video conference, without further notice to Class Members.

You are a Class Member if you are included within the following group:

All women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex trafficking venture, between June 30, 2008 and July 6, 2019, inclusive. This includes, but is not limited to, (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated

---

[1] The Settlement Agreement can be viewed and/or obtained at [X].

QUESTIONS? CALL 212-641-0800 OR VISIT [X]

**EXHIBIT A-2**

with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact).

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Confidential Questionnaire and Release through a secure, dedicated online portal (**no later than _____, 2026**) or by mail such that it is postmarked no later than _____, 2026. Your failure to submit a Confidential Questionnaire and Release by _____, 2026 will result in a rejection of your claim and preclude you from receiving any recovery in connection with the Settlement of this Litigation.

To opt-out of the Settlement and preserve your claims related to the Litigation, you must submit a request for exclusion (Opt-Out Form) through first-class mail such that it is postmarked no later than _____, 2026 in the manner and form explained in the Notice.

If you would like a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), or the Settlement Forms described herein, you may obtain these documents, as well as a copy of the Stipulation of Settlement (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at [X].

Inquiries should NOT be directed to Defendant, Defendant's Counsel, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for the Settlement Forms, may be made to Class Counsel:

Sigrid McCawley
Andrew Villacastin
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Email: EpsteinBOASettlement@bsfllp.com

Brad Edwards
Brittany Henderson
EDWARDS HENDERSON PLLC
425 N Andrews Ave, STE 2
Fort Lauderdale, FL 33301
Telephone: (833) 780-0834

QUESTIONS? CALL [X] OR VISIT [X]

**EXHIBIT A-2**

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A SIGNED LETTER VIA FIRST-CLASS MAIL TO OPT OUT OF THIS SETTLEMENT SUCH THAT IT IS **POSTMARKED BY** _____**, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT SETTLEMENT FORMS.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY CLASS COUNSEL NOT TO EXCEED THIRTY PERCENT (30%) OF THE SETTLEMENT AMOUNT AND UNREIMBURSED COSTS AND EXPENSES, PLUS INTEREST EARNED ON BOTH AMOUNTS AT THE SAME RATE AS EARNED IN THE GLOBAL SETTLEMENT FUND. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND RECEIVED BY CLASS COUNSEL AND DEFENDANT'S COUNSEL **BY** _____**, 2026** IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.


DATED: _____        BY ORDER OF THE
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF NEW YORK

QUESTIONS? CALL [X] OR VISIT [X]

3