UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
JANE DOE, individually and on behalf :          ORDER
of all others similarly situated,    :
                                     :
        Plaintiff,                   :
                                     :          25-cv-8520 (JSR)
        -v-                          :
                                     :
BANK OF AMERICA, N.A.,               :
                                     :
        Defendant.                   :
------------------------------------x

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of Doris V. Walker to (1) intervene in this action as of right or, in the alternative, at the permission of the Court, and (2) to join this action as an indispensable party. See ECF Nos. 141-43. This motion is the second of its kind that Walker has filed in this case. On April 1, 2026, she moved to join as plaintiff or, in the alternative, to intervene as of right. See ECF Nos. 129-132. Because Walker's initial motion was procedurally defective, the Court denied it, without prejudice, on April 2, 2026. ECF No. 128. The Court hereby denies Walker's second motion as well, but with prejudice.

First, Walker moves under Federal Rule of Civil Procedure 24 to intervene in this action, either as of right or at the permission of the Court. She is not entitled to intervene as of right because no statute gives her that right, nor does she "claim[] an interest relating to the property or transaction that is the subject of the action" such that "disposing of the action may as a practical matter

1

impair or impede [her] ability to protect [her] interest." Fed. R. Civ. P. 24(a)(1)-(2). Walker expressly disclaims having any "legal ties, business associations, or personal relationship with Jeffrey Epstein," whose notorious sex-trafficking venture is at the core of this litigation and whose egregious misconduct is the predicate of each of plaintiff Jane Doe's claims against defendant Bank of America under the Trafficking Victims Protection Act ("TVPA"). See ECF No. 142 at 1. Walker asserts that unnamed "[a]ssociates of Epstein" have "persistently interfered" in her "private business," id., but she alleges no facts that are related to Doe's TVPA claims. Although Walker asserts that Bank of America has "facilitat[ed] and allow[ed] the use of financial infrastructure" to engage in various forms of tortious conduct toward her, id. at 1-3, Walker's allegations concerning Bank of America are unrelated to Bank of America's alleged violations of the TVPA. Walker's allegations pertain to alleged civil rights and privacy violations, stalking, and interference with Walker's finances, not to sex trafficking.

For similar reasons, Walker is not entitled to permissive intervention. No federal statute gives her "a conditional right to intervene," and no allegations in her motion indicate that she has any "claim or defense that shares with the main action a common question of law or fact." See Fed. R. Civ. P. 24(b)(1)(A)-(B). To the extent that Walker asserts that there is any legal or factual overlap between her claims and Doe's with respect to Bank of America's alleged "failure

to monitor accounts used for illegal harassment, stalking, and financial assistance," Walker is incorrect. Doe's claims arise under the TVPA, and Walker has made no assertion related to sex trafficking.

Second, Walker moves for joinder as an indispensable party under Federal Rule of Civil Procedure 19. See ECF No. 141. That rule requires a movant to demonstrate either that, in her absence, "the court cannot accord complete relief among existing parties" or that she has "an interest relating to the subject of the action and is so situated that disposing of the action" in her absence may "impair or impede" her ability to protect her interest or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(A)-(B). Walker advances no argument in favor of this component of her motion. Walker appears to be concerned that her alleged claim against Bank of America "will be irreparably compromised by the exhaustion of the settlement fund" to which the Court has given preliminary approval in this case. See ECF No. 141. Walker has not alleged, however, that she is a member of the class that the Court has preliminarily certified, see ECF No. 134, nor has she explained how her ability to pursue any claim that she may have against Bank of America would be compromised by any action the Court may take with regard to the parties' proposed settlement. Moreover, final approval of that settlement remains pending.

For all these reasons, the Court concludes that Walker's motion must be, and hereby is, denied with finality.

The Clerk of Court is respectfully directed to terminate the motions at docket entry 141 and 142.

SO ORDERED.

New York, New York
April 17, 2026

_____
JED S. RAKOFF, U.S.D.J.

4