UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
JANE DOE, individually and on behalf :
of all others similarly situated,   :
                                    :
        Plaintiff,                  :
                                    :          25-cv-8520 (JSR)
        -v-                         :
                                    :
BANK OF AMERICA, N.A.,              :
                                    :
        Defendant.                  :
------------------------------------x

ORDER

JED S. RAKOFF, U.S.D.J.:

On April 1, 2026, Doris V. Walker moved to join this action as plaintiff or, in the alternative, to intervene as of right. See ECF Nos. 129-132. Then, on April 14, 2026, Walker moved to (1) intervene in this action as of right or, in the alternative, at the permission of the Court, and (2) to join this action as an indispensable party. See ECF Nos. 141-43. The Court denied both motions, the first without prejudice, ECF No. 128, and the second with prejudice, ECF No. 146.

On April 23, 2026, the Clerk of Court docketed a "Notice of Emergency Motion for Joinder and Intervention" signed by Walker. ECF No. 148. The new Notice is nearly identical to a document that Walker filed on April 14, 2026, except that the new Notice refers to an attached "VAWA Certification," meaning a Certification of Domestic Violence, Dating Violence, Sexual Assault, or Stalking related to protections available to tenants and applicants for housing under the Violence Against Women Act. See ECF No. 148-1. The certification,

1

signed by Walker and dated April 6, 2026, purports to represent that Walker is both a "victim" and "perpetrator" of domestic violence, dating violence, sexual assault, or stalking. Id.

Even had the Court not denied Walker's immediately previous motion with prejudice, nothing about Walker's newly filed Notice or the VAWA Certification attached to it changes the Court's analysis with respect to either of Walker's previously filed motions. Accordingly, to the extent that the newly filed Notice comprises a new motion to intervene in or to join this action, that motion is hereby and finally denied.

Moreover, because Walker has now repeatedly submitted to the Court motions and other papers that lack any basis in law or fact, the Court hereby orders her not to attempt to file any further documents on the docket of this case without first obtaining the Court's express permission. See Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528-29 (2d Cir. 2005) (affirming such restriction on filing without permission). Under this Court's Individual Rules of Practice, all communications with the Court must be by means of joint telephone calls with counsel for all affected parties.

The Clerk of Court is respectfully directed to terminate the motions at docket entry 129 and 130 and is respectfully instructed not to file on the docket of this case any further documents submitted by or on behalf of Walker without the express permission of the Court.

SO ORDERED.

New York, New York
April 28, 2026

JED S. RAKOFF, U.S.D.J.

2