**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, N.A.,<br><br>      Defendant. | Case No. 1:25-CV-8520 (JSR)<br><br><br>**CLASS ACTION LAWSUIT** |

**OBJECTIONS TO PROPOSED SETTLEMENT**
**AND REQUEST TO APPEAR**

**INTRODUCTION**

COMES NOW, Jennifer Freeman, Esq. of the Marsh Law Firm PLLC ("Objector"), counsel to three Jane Doe class members, raising class-wide objections to the proposed class action settlement involving Bank of America ("BOA" or "the Bank") and a request to appear at the upcoming hearing. Objector raises these objections in her capacity as an attorney and advocate with an interest in ensuring that the proposed settlement satisfies Rule 23(e), protects current and absent class members, and does not extinguish materially distinct claims without adequate notice, representation, valuation, and compensation.

Objector raises class-wide objections because the proposed settlement is not fair, reasonable, or adequate under Rule 23(e), fails to provide adequate relief for the claims and injuries being released, and contains release and administration provisions that create serious due process, adequacy, notice, and conflict concerns. The specific objections made herein are stated as follows:

- Objection to the proposed Release as it is overbroad and exceeds the identical-factual-predicate limitation;

- Objection to the proposed Release as it improperly extinguishes independent CSAM-related claims that involve different facts, different injuries, and different proof;

- Objection to the proposed Release as it creates adequacy and conflict concerns for class members with materially different claims;

- Objection to the Stipulation based on ineffective Notice; and

- Objection to the Stipulation pursuant to the Grinnell factors which weigh against approval.

1

# BACKGROUND

On January 2, 2026, an Amended Individual and Class Action Complaint was filed alleging claims under the Trafficking Victims Protection Act, 18 U.S.C. § 1591, *et seq.*, among other New York common-law claims. The Amended Complaint alleges that BOA knowingly and intentionally participated in, assisted, supported, and facilitated Jeffrey Epstein's sex-trafficking venture by providing banking and investment services while ignoring red flags and compliance obligations.

On April 3, 2026, this Court granted preliminary approval of a proposed settlement ("Stipulation") for the captioned case by setting the claims deadline for June 12, 2026, with the Settlement Hearing for August 27, 2026, at 11:00 a.m. Objections were due to be mailed by August 6, 2026. (See Order Granting Preliminary Approval, Dkt. 134 on April 3, 2026).

Class members Jennifer Ramsey, Alexandria Morrow, and Elle Dawson timely filed their confidential questionnaire and release forms.

# ARGUMENT

Jennifer Freeman, Esq. makes the following objections class wide regarding the Stipulation as well as the "Released Plaintiffs' Claims" as they relate to the "Released Defendant Parties" as defined in the Stipulation (hereinafter referred to as the "Release").

**1. Objection to the proposed Release as it is overbroad and exceeds the identical-factual-predicate limitation.**

The proposed settlement should not be approved unless the release is narrowed to claims sharing the same factual predicate as the claims actually litigated and compensated in this action. The main criteria for approving releases in a federal class action settlement are whether the released claims would arise from the same factual predicate. TBK Partners, Ltd. v. Western Union Corp, 675 F.2d 456, 460-62 (2d Cir. 1982) (allows settlement releases of claims not specifically pleaded where they arise from the same factual predicate as the settled claims); Wal-Mart v. Visa, 396 F.3d 96, 106-109 (2d Cir. 2005) (class settlements may release claims extending beyond the complaint, but only where released claims are based upon the identical factual predicate underlying the settled action); National Super Spuds, Inc. v. NY Mercantile Exchange, 660 F.2d 9, 18-19 (2d Cir. 1981) (Class members may not be compelled to surrender materially different claims for which the settlement provides no identifiable compensation. The court rejected a settlement that released claims for which class members were required to relinquish claims that were not the subject of the litigation and were not being compensated through the settlement. The court emphasized that absent class members cannot be compelled to surrender claims that exceed the scope of the consideration provided.); see also In re Literary Works in Electronic Databases Copyright Litigation, 654 F.3d 242 (2d Cir. 2011) (the Second Circuit stressed that absent class members cannot be forced to surrender materially different claims without adequate representation and compensation); In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig., 827 F.3d 223 (2d Cir. 2016) (Second Circuit vacated approval of a settlement because the structure unfairly affected portions of the class and created representation concerns).

2

The language in the Release is broader than the claims litigated against BOA. It sweeps in claims arising from the conduct of "any other person or entity" if imputed to a Released Defendant Party. The Release includes claims arising from "any act or conduct of any other person or entity that can be imputed to a Released Defendant Party" without an express identical-factual-predicate limitation thereby creating the risk of extinguishing materially different claims that were not pleaded, valued, or compensated. Such a release is not fair, reasonable, or adequate unless the Court can determine that all of the released claims share an identical factual predicate with the claims litigated and that the settlement consideration fairly compensates class members for the rights surrendered.

**2. Objection to the proposed Release as it improperly extinguishes independent CSAM-related claims that involve different facts, different injuries, and different proof.**

The settlement should not release claims arising from child sexual abuse material ("CSAM"), image-based exploitation, possession, distribution, redistribution, future dissemination, or other harms distinct from the trafficking-facilitation claims pleaded against Bank of America, unless those claims are expressly valued, represented, and disclosed.

CSAM claims involve a different wrong, a different injury, and different evidence, and the Amended Complaint does not seek relief for injuries under Masha's Law. Those injuries are materially different from the abuse, assault, or trafficking injuries underlying the claims asserted against BOA. Despite this, the Release provides for the release of BOA and Bank-related entities from "any and all claims…of every nature and description."

If the settlement releases claims based on the creation, possession, distribution, redistribution, or future dissemination of CSAM, it extinguishes claims that do not share the same factual predicate as the pleaded Bank-related trafficking or facilitation claims and exceeds the permissible scope of a class-action release. Accordingly, the Court should reject any release that purports to extinguish CSAM claims unless those claims were specifically disclosed, valued, represented, and compensated.

**3. Objection to the proposed Release as it creates adequacy and conflict concerns for class members with materially different claims.**

The settlement should also be rejected because the class representative and class counsel cannot adequately represent class members whose remaining claims involve distinct injuries, evidence, damages, and statutory remedies—this includes absent class members holding CSAM-related claims which are materially different claims than the representative plaintiff. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-27 (1997) (settlement classes require careful scrutiny for divergent interests).

A class representative pursuing one category of claims cannot fairly compromise a materially different category of claims without adequate representation, valuation, and notice. As such, the claims made by lead plaintiff Jane Doe cannot adequately represent class members whose remaining claims involve image-based exploitation and continuing dissemination injuries that would be barred by the release's broad language. The Court should therefore require either a

3

narrowed release, a subclass with separate representation, or a carve-out preserving claims that do not share the identical factual predicate of the litigated claims.

**4. Objection to the Stipulation based on ineffective Notice.**

Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306 (1950) (frequently cited regarding the notice requirement in Rule 23 settlement challenges); <u>see also</u> <u>Hecht v. United Collection Bureau, Inc.</u>, 691 F.3d 218 (2d Cir. 2012) (holding that a prior class settlement did not bar later litigation because notice to absent class members was constitutionally inadequate and therefore deprived the absent class members of due process); <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797 (1985) (absent class members may be bound only if they receive: notice, an opportunity to be heard, an opportunity to opt out, and adequate representation).

Here, the Notice of Settlement is not reasonable where (1) the "extensive discovery" conducted to identify potential class members is not outlined to ensure adequate identification of all potential class members, (2) there is no rationale for the places chosen to publish the Notice, and (3) there still exists extensive withheld documentary files regarding the Epstein Enterprise that have yet to be released, reviewed, and considered, to fully identify absent class members.

Absent class members who do not receive notice themselves are particularly prejudiced by such a broad Release. Further, given the overbreadth of the Release, the Notice of Settlement provided in this Stipulation does not appear to specifically disclose to class members the possibility that current and/or future federal CSAM claims are being released against the Released Defendant Parties. As such, any release of the parties and/or non-parties should apply only to individuals who received constitutionally adequate notice regarding claims that meet the identical factual predicate standard. At a minimum, the Court should require supplemental notice, narrower wording, and an express carve-out for claims not sharing the identical factual predicate of the settled claims.

**5. Objection to the Stipulation pursuant to the <u>Grinnell</u> factors which weigh against approval.**

The settlement also fails to satisfy one or more of the Second Circuit fairness factors identified in <u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448 (2d Cir. 1974). These factors include: (1) Complexity, expense, and likely duration of litigation; (2) Reaction of the class; (3) Stage of proceedings and amount of discovery completed; (4) Risks of establishing liability; (5) Risks of establishing damages; (6) Risks of maintaining the class through trial; (7) Ability of defendants to withstand a greater judgment; (8) Range of reasonableness of the settlement fund in light of the best possible recovery; and (9) Range of reasonableness of the settlement fund in light of all attendant risks of litigation.

As to Factors 8 and 9, the Court cannot adequately evaluate the reasonableness of the settlement because the Release arguably extinguishes claims broader than those actually litigated while the preliminary approval papers do not meaningfully quantify the value of those claims or explain why the settlement consideration is adequate for the rights being surrendered. Moreover, the settlement proponents have not demonstrated that the consideration remains reasonable when

measured against the substantially broader universe of claims extinguished by the Release, including potential CSAM claims.

Even if the Court concludes that the release is not facially invalid under the Second Circuit's identical-factual-predicate cases, the extraordinary breadth of the release independently weighs against approval under Grinnell. The broader the rights surrendered, the greater the burden on settlement proponents to demonstrate adequacy of consideration. Because the moving papers do not analyze the value of the non-litigated claims being released, they fail to establish the settlement's reasonableness under Grinnell factors 8 and 9.

## REQUEST TO APPEAR

The undersigned asks to appear at the upcoming hearing.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 23, the Court is vested with undertaking an independent evaluation of a proposed class action settlement to ensure the interests of class members, including absent class members, are protected. Objector Jennifer Freeman, Esq. raises these objections in good faith to identify class-wide deficiencies in the proposed settlement Stipulation and to protect current and absent class members from an overbroad release, including the release of materially different claims by class members. See D'Amato v. Deutsche Bank, 236 F.3d 78 (2d Cir. 2001) (the district court must carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion).

Where, as here, the Objector raises issues as to the Stipulation's fairness, reasonableness, and adequacy, the Court should deny approval of the Stipulation.

DATED: August 5, 2026                                    Respectfully submitted,

                                                        MARSH LAW FIRM PLLC

                                                        _____
                                                        By Jennifer Freeman, Esq.
                                                        Margaret E. Mabie
                                                        31 Hudson Yards, 11th Floor
                                                        New York, New York 10001
                                                        jenniferfreeman@marsh.law
                                                        212-373-3030; 561-730-2008