UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 25-cv-8520 (JSR) |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, on the 27th day of August, 2026, this Court held a hearing to determine: (1) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement dated March 27, 2026 (the "Stipulation") is fair, reasonable, and adequate to the Class and should be approved by the Court; (2) whether a Judgment should be entered; (3) whether the proposed Plan of Allocation should be approved; and (4) whether and in what amount to award Class Counsel in fees;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, the Court hereby incorporates by reference all the findings made during the hearing held on August 27, 2026;

WHEREAS, it appears that a Notice of Proposed Settlement of Class Action substantially in the form approved by the Court on April 3, 2026 (the "Notice") was provided to all women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive, as shown by the records compiled by the Fund Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice of the hearing substantially in the form approved by the Court on April 3, 2026 was published pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order") as set forth in the Declaration of Simone K. Lelchuk;

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees requested by Class Counsel; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set

forth and defined in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

2. The Court hereby certifies, for the purposes of the Settlement only, this Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class consisting of all women who were sexually abused or trafficked by Jeffrey Epstein, or by any person who is connected to or otherwise associated with Jeffrey Epstein or any Jeffrey Epstein sex-trafficking venture, between June 30, 2008 and July 6, 2019, inclusive. This includes, but is not limited to: (1) girls under the age of 18 who engaged in sexual contact with Epstein and/or a person connected to or otherwise associated with Epstein, and received money or something else of value in exchange for engaging in that sexual contact; (2) women aged 18 or older who were forced, coerced, or defrauded into engaging in sexual contact by Epstein, and/or anyone connected to Epstein or otherwise associated with Epstein by, for example, using physical force, threatening harm or legal action, making a false promise, or causing them to believe that not engaging in sexual contact would result in harm, and who received money or something else of value in exchange for engaging in that sexual contact; and (3) girls or women of any age with whom Epstein, and/or a person connected to or otherwise associated with Epstein, engaged in sexual contact without consent (even if the sexual contact was perceived to be consensual provided that the girl or woman was under the age of 18 at the time of engaging in that contact).

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

a) In light of the benefits to the Class and the complexity and expense of further

litigation, the Stipulation and the Settlement described therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

b) Settlement Class Representative and Class Counsel have adequately represented the Class;

c) There was no collusion with the Stipulation;

d) The Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

e) The relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

f) The proposed Plan of Allocation, as described in the Stipulation and Notice, treats Class Members equitably relative to each other; and

g) The record is sufficiently developed and complete to have enabled Settlement Class Representative and Defendant to have adequately evaluated and considered their positions.

4. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

5. The release set forth in ¶¶ 4.1–4.3 of the Stipulation (the "Releases"), together

with the definitions contained in ¶¶ 1.1–1.34 relating hereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

6. Upon the Effective Date, and as provided in ¶ 4.1 of the Stipulation, the Released Plaintiff Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Released Plaintiff Parties execute and deliver a Confidential Questionnaire and Release or share in the Net Settlement Fund. Nothing in the Stipulation or this Judgment shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

7. Upon the Effective Date, and as provided in ¶ 4.2 of the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendant's Claims against the Released Plaintiff Parties.

8. The Notice given to the Class was the best notice practicable under the circumstances, including the individual Notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the constitutional requirements of Due

Process, and any other applicable law. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

9. The Court hereby finds that the proposed Plan of Allocation, as described in the Stipulation and Notice, is fair, reasonable, and adequate. A separate order shall be entered regarding Class Counsel's application for an award of attorneys' fees. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fees application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

11. Neither this Judgment, the Stipulation, the Settlement contained therein, nor the prior agreement made and entered by and between Settlement Class Representative on behalf of itself and each Class Member, by and through its counsel of record in the Litigation, and Defendant, by and through their counsel of record in the Litigation, dated March 27, 2026, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any liability, negligence, fault, or other wrongdoing of the Released Defendant Parties; or (b) is, or may be deemed to be, or may be used as an admission of,

or evidence of, any fault or omission of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Released Defendant Parties may file the Stipulation and/or the Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court finds that Defendant has satisfied its financial obligations under the Stipulation by paying or causing to be paid $72,500,000.00 to the Qualified Settlement Fund ("QSF"), in accordance with ¶ 2.2 of the Stipulation.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendant, Settlement Class Representative, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Class Members.

14. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Class Members under the Stipulation.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. This Litigation and all Released Claims are dismissed with prejudice.

17. There is no reason for delay in the entry of this Judgment and the Court

expressly directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 8/28/26

THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE